JUDGE SULLIVAN

&AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

FRANKLYN F. LUGO

**SUMMONS IN A CIVIL ACTION**

V.

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND CONSUMER
SERVICE

## 08 CV 02960

CASE NUMBER:

TO: (Name and address of Defendant)

UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
1 ST. ANDREWS PLAZA
NEW YORK, NEW YORK 10007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

CODELIA & SOCORRO, P.C.
1967 TURNBULL AVENUE – SUITE #6
BRONX, NEW YORK 10473

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAR 2 1 2008

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date                  *Signature of Server*

                                    _____
                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| FRANKLYN F. LUGO, : | CIVIL ACTION FILE NO. |
| : | |
| : | COMPLAINT |
| Plaintiff, : | |
| - against - : | |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| AGRICULTURE, FOOD AND CONSUMER : | |
| SERVICE, : | |
| : | |
| Defendant. : | |

-------------------------------------------------------------X

## PRELIMINARY STATEMENT

This action, brought pursuant to Section 14 of the Food Stamp Act of 1977 and pursuant to

Section 279.10 of the Food Stamp Program Regulations, is for judicial review of the administrative

determination of the United States Department of Agriculture, the Food and Consumer Service

(FCS), and the Northeast Regional Office regarding charging violations and for an order of the court

temporarily staying the administrative action under review pending disposition of the de novo trial

or an appeal from the trial.

## JURISDICTION

1. This action arises under the Food Stamp Act of 1977, U.S.C. Sections 2011 et seq.

2. All statutory and regulatory conditions precedent for the filing of this action have

been fulfilled.

## THE PARTIES

3. Plaintiff, FRANKLYN F. LUGO, owner of the Ivana Grocery, owns and operates

1

a grocery store business located at 1665 Topping Avenue, Bronx, New York.

4.     FRANKLYN  F. LUGO, at all times relevant was and is the owner of grocery business located at 1665 Topping Avenue, Bronx, New York.

5.     Defendant, United States, is the sovereign and federal government which conducts and implements the Food Stamp Program through its agency, the United States Department of Agriculture, The Food & Consumer Service, hereinafter referred to as "FCS".

6.     That the plaintiff has been and is a licensee of the FCS, participating in the food stamp program as Authorization Card Number FNS 0100468 for ten (10) years.

## FACTS

7.     It is alleged by the defendant herein that during the months of June 2007 to August 2007, the Department of Agriculture conducted an investigation of regulatory compliance in plaintiff's place of business and that in June 2007 to August 2007 food stamps were accepted and in exchange certain food or FCS eligible items were sold under conditions violative of the Act. Upon administrative adjudication and  later review certain alleged violations were dismissed or waived, but plaintiff admitted to having extended credit to hungry indigent residents in technical violation of the Act.  The defendant accepted those admissions in full satisfaction of all alleged violations.

8.     On or about November 7, 2007, approximately four (4) months later after the investigation, FCS mailed notice to the plaintiff alleging these program violations which notice was received by plaintiff.

9.     That plaintiff without benefit of counsel responded to the charges at the FCS field

2

office in New York City and admitted to a number of credit transactions for the benefit of hungry

residents, to wit: that plaintiff extended credit to indigent food card holders and charged the debits

to the customers' EBT cards later when more EBT benefits became available to these customers.

10.    During the long interval between the alleged last date of alleged violation, August

2007, it is not alleged by the FCS that any other violations occurred, nor have any occurred to the

present date.

11.    That it has not generally been alleged by FCS that the owner of the grocery store

generally participated in these alleged violations; nor has it been alleged that they were engaged in

for profit or for any venal reason.

12.    That the determination after plaintiff's written submission of explanation was a full

year disqualification from participation in the food stamp program, by letter from defendant dated

January 9, 2008.

13.    That plaintiff requested and was granted an administrative review of the

determination of permanent disqualification which was issued.

14.    That the administrative review officer of defendant upheld the initial determination

by letter dated February 28, 2008 purportedly pursuant to Section 278.6(e)(4) and received March

1, 2008.

15.    Plaintiff denies that any venal or intentional violations occurred.  However, even

though plaintiff technical violations, the plaintiff should be subject to a civil money penalty in lieu

of one year disqualification.  First, this is because the agency failed to fully consider inter alia that

the disqualification of plaintiff would result in neighborhood hardship.  That as a result of the

foregoing, the level of offense and hence sanctions against plaintiff which is properly imposable,

3

would be pursuant to Section 278.6(f), a civil money penalty.

16.    By necessary implication of the defendant's own decision dated February 28, 2008 any violations were not venal or financially motivated.

17.    The FCS violated the agency's regulations at Section 278.6(f) in that FCS failed to find applicable and levy a civil monetary penalty in lieu of the disqualification period.    The administrative review ruling dated February 28, 2008, shows that the agency only apparently sought to ascertain, in reaching its decision, whether "other area stores" existed, i.e., said decision fails to reflect what criteria, if any, the appeals branch employed for determining "comparability". Rather the review decision appears to blindly apply an  inappropriate criteria to wit: whether there is one other store existing within a mile of plaintiff's store. The agency fails to properly evaluate or determine if this alleged other store is comparable in the  terms of the regulation in reference to either variety of foods offered or comparability of prices to wit:

"(f) whether there is no authorized retail food store in the area selling a large variety of staple food items at comparable prices."

18.    The imposition of a draconian discipline of a one year disqualification which is tantamount to closure of the plaintiff's store for having provided food staples to hungry indigents on credit constitutes an abuse of administrative discretion and/or denial of substantive due process.

19.    The imposition of a one year disqualification for the feeding of hungry indigent persons through the extension of credit is so unreasonable, arbitrary, and capricious as to constitute both an abuse of discretion and also a deprivation of substantive constitutional due process, as applied.

4

20.   The decision of defendant also constitutes a misconstruction of the Secretary's regulations including 278.6(e)(4) and 278.6(e)(7).

WHEREFORE, it is respectfully prayed that the Department of Agriculture, Food and Consumer Service's disqualification of the grocery store herein effective March 30, 2008 be stayed and that a preliminary injunction shall issue herein after due notice of this application therefore and that in furtherance thereof defendant be ordered on a day fixed to show cause why said preliminary and permanent injunction should not be granted; and

That pending the hearing hereof, a restraining order issue restraining the defendant and each of them, their agents, representatives and employees, from enforcing the one year disqualification of the firm herein until a trial de novo shall be had to determine the validity of the administrative action for such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
       March 24, 2008

_____
PETER R. SHIPMAN, ESQ. (9780)
CODELIA & SOCORRO, P.C.
Attorneys for Plaintiff
1967 Turnbull Avenue, Suite #6
Bronx, New York 10473
(718) 931-2575

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| FRANKLYN F. LUGO, | : | CIVIL ACTION FILE NO. |
| | : | |
| | : | **RULE 11 CERTIFICATION** |
| Plaintiff, | : | |
| - against - | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| AGRICULTURE, FOOD AND CONSUMER | : | |
| SERVICE, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------X

PETER R. SHIPMAN, ESQ., an attorney at law duly authorized to practice in the Southern

District of New York, certifies that he knows of no falsity of the within documents and same is not

frivolous.

Dated: Bronx, New York
      March 24, 2008

                                                PETER R. SHIPMAN, ESQ. (9780)

Case No. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLYN F. LUGO,

                              Plaintiff,

    - against -

UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND CONSUMER
SERVICE,

                              Defendant.

---

**SUMMONS AND COMPLAINT**

---

CODELIA & SOCORRO, P.C.
Attorney(s) for Plaintiff(s)
1967 Turnbull Avenue, Suite #6
Bronx, New York 10473
(718) 931-2575

---

To

Signature (Rule 11 Certification)

_____
Print name beneath
PETER R. SHIPMAN #9780

Service of a copy of the within is hereby admitted.

Dated: _____