

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street, 3rd Floor
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/13/08

May 5, 2008

**BY HAND DELIVERY**
The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

      Re:    Franklyn F. Lugo v. United States Department of Agriculture,
              08 Civ. 2960 (RJS) (FM)

Dear Judge Sullivan:

      This Office represents the defendant in the above-titled matter. Pursuant to Section 2.A of the Court's individual practices, the Government respectfully requests that the Court schedule a pre-motion conference in anticipation of a prospective motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. The Government's deadline for filing such a motion is May 28, 2008.

      Plaintiff owns the Ivana Grocery ("Ivana"), located at 1665 Topping Avenue, Bronx, New York. See Compl. ¶ 3 (Exhibit A). On February 28, 2008, the United States Department of Agriculture, Food and Nutrition Service ("USDA" or the "agency"), issued a Final Agency Decision disqualifying Ivana from participating in the federal Food Stamp Program for one year. The agency found, and plaintiff admitted, that Ivana allowed Food Stamp Program recipients to use their benefit instruments to pay for previous purchases for which store credit had been extended, in violation of 7 C.F.R. § 278.2(f). See Final Agency Decision at 3-4 (Exhibit B). Plaintiff commenced this action against the USDA[1] pursuant to the Food Stamp Act, 7 U.S.C. §§ 2011-2036, to challenge the severity of the penalty. See Compl. ¶ 7 ("Upon administrative adjudication and later review certain alleged violations were dismissed or waived, but plaintiff admitted to having extended credit to hungry indigent residents in technical violation of the Act"), ¶ 15 ("Plaintiff denies that any venal or intentional violations occurred. However, even though plaintiff [sic] technical violations, the plaintiff should be subject to a civil money penalty in lieu of one year disqualification.").

---

[1]    The Government notes that the proper defendant in this action is the United States of America, not the USDA. See 7 U.S.C. § 2023(a)(13). The Government does not oppose substitution of the United States as defendant in place of the USDA.

The Food Stamp Act entitles the plaintiff to a trial de novo to "determine the validity of the questioned administrative action." 7 U.S.C. § 2023(a)(15). However, when the plaintiff challenges only the severity of the sanction, the district court will uphold the sanction unless its imposition was arbitrary or capricious. See Lawrence v. United States, 693 F.2d 274, 276 (2d Cir. 1982). If the agency "properly applied its own regulations and guidelines to the food stamp violations," the Court may not disturb the penalty. Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir. 1981); Nagi v. United States Department of Agriculture, No. 96 Civ. 6034 (DC), 1997 WL 252034, at *3 (S.D.N.Y. May 14, 1997) ("Because the Court cannot overturn a sanction that is authorized by agency guidelines as arbitrary or capricious, the agency's action was valid."); Four Star Grocery, Inc. v. United States, 607 F. Supp. 1375, 1377 (S.D.N.Y. 1985) ("Because the penalty imposed upon [plaintiff] is in compliance with the regulations then in effect, review of the sanction is not appropriate.") The Court may make this determination on a motion for summary judgment. Yafaie v. United States, No. 94 Civ. 7825 (KMW), 1995 WL 422169, at *1 (S.D.N.Y. July 18, 1995).

Pursuant to agency regulations, a firm shall be disqualified for one year "if it is to be the first sanction for the firm and the ownership or management personnel of the firm have committed violations such as the sale of common nonfood items in amounts normally found in a shopping basket," and the firm had not previously been warned of the possibility of violations or their consequences. 7 C.F.R. § 278.6(e)(4). In the alternative, the agency may impose a civil monetary penalty rather than disqualification "when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." Id. § 278.6(f). Plaintiff alleges, in essence, that disqualification was inappropriate because "the agency failed to fully consider inter alia that the disqualification of plaintiff would result in neighborhood hardship," Compl. ¶ 15, and the agency "appears to blindly apply an inappropriate criteria to wit: whether there is one other store existing within a mile of plaintiff's store" without "properly evaluat[ing] or determin[ing] if this alleged other store is comparable in the terms of the regulation in reference to either variety of foods offered or comparability of prices . . . ." Compl. ¶ 17.

The USDA acted in accordance with the Food Stamp Act and applicable regulations in imposing a one-year disqualification on plaintiff. The Food Stamp Act does not require the agency to impose a civil monetary penalty in lieu of disqualification if hardship to food stamp households would result; it merely gives the agency the option to do so. See 7 U.S.C. § 2021(a); Grocery Town Market, Inc. v. United States, 848 F.2d 392, 394-95 (3d Cir. 1988); 7 C.F.R. § 278.6(f). In addition, the Government will submit documentary evidence from the administrative record concerning the variety of food items sold at Ivana and the existence of comparable stores within one mile of Ivana. The agency did not act arbitrarily and capriciously in relying on this evidence to conclude that plaintiff's disqualification will not result in hardship to food stamp households, as hardship is defined in the applicable regulation. See 7 C.F.R. § 278.6(f) ("[T]here is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."). Accordingly, the agency's decision to disqualify plaintiff from the Food Stamp Program for one year should be upheld.

For these reasons, the Government intends to move to dismiss the complaint or, in the alternative, for summary judgment, and respectfully requests a pre-motion conference as required by the Court's practices.

Thank you for your consideration of this application.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
JOSEPH N. CORDARO
Assistant United States Attorney
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov

cc:     Peter R. Shipman, Esq. (By Facsimile and First Class Mail)
        Codelia & Socorro, P.C.
        1967 Turnbull Avenue, Suite 6
        Bronx, New York 10473
        *Counsel for Plaintiff*

> The Court shall hold a pre-motion conference on MAY 19, 2008 at 4PM. Plaintiff's response to this letter shall be submitted on or before May 16, 2008.
>
> SO ORDERED
> 5/12/08
> RICHARD J. SULLIVAN
> U.S.D.J.

3