MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FRANKLYN F. LUGO,

        Plaintiff,

  -against-

THE UNITED STATES OF AMERICA,

        Defendant.
------------------------------------------------------------------ x

08 Civ. 2960 (RJS) (FM)
ECF Case

**ANSWER**

Defendant the United States of America ("defendant" or the "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiff Franklyn F. Lugo ("plaintiff") upon information and belief as follows:

    1.    The "Preliminary Statement" sets forth plaintiff's characterization of the action, to which no response is required.

    2.    Paragraph 1 of the complaint sets forth plaintiff's characterization of the action, to which no response is required.

    3.    Paragraph 2 of the complaint sets forth a conclusion of law, to which no response is required.

4. Admits the allegations in paragraph 3 of the complaint.

5. Admits the allegations in paragraph 4 of the complaint.

6. Admits the allegations in paragraph 5 of the complaint, except denies that the name of the agency is the United States Department of Agriculture, The Food & Consumer Service, and avers that the correct name of the agency is the United States Department of Agriculture, Food and Nutrition Service (hereinafter "FNS").[1]

7. Denies the allegations in paragraph 6 of the complaint.

8. Denies the allegations in paragraph 7 of the complaint, and avers that FNS investigated irregular food stamp transactions occurring at plaintiff's place of business in June, July, and August 2007, and that FNS determined – and plaintiff admitted – that plaintiff allowed Food Stamp Program recipients to use their benefit instruments to pay for previous purchases for which store credit had been extended, in violation of 7 C.F.R. § 278.2(f).

9. Denies the allegations in paragraph 8 of the complaint, except admits that FNS mailed a letter to plaintiff dated November 6, 2007 (the "Charge Letter"), and respectfully refers the Court to the Charge Letter for a true and accurate statement of its contents.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the complaint that plaintiff acted without benefit of counsel; denies the remaining allegations; avers that plaintiff responded to the Charge Letter by letter dated November 13, 2007; and respectfully refers the court to that letter for a true and accurate statement of its contents.

---

[1] References in the complaint to the Food & Consumer Service or "FCS," for the purposes of this Answer, are treated as references to FNS.

11. With respect to paragraph 10 of the complaint, admits that FNS has not charged plaintiff with Food Stamp Program violations other than those at issue in this litigation, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Denies the allegations in paragraph 11 of the complaint.

13. Admits the allegations in paragraph 12 of the complaint.

14. Admits the allegations in paragraph 13 of the complaint, except denies that the FNS determination was a permanent disqualification, and avers that FNS disqualified plaintiff from participating in the Food Stamp Program for one year.

15. With respect to paragraph 14 of the complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to when plaintiff received the decision dated February 28, 2008, and denies the remaining allegations; avers that the FNS issued a Final Agency Decision dated February 28, 2008, in which FNS upheld plaintiff's one-year disqualification; and respectfully refers the Court to the Final Agency Decision for a true and accurate statement of its contents.

16. Paragraph 15 of the complaint sets forth plaintiff's characterization of the case and conclusions of law, to which no response is required. To the extent a response is required, denies the allegations in paragraph 15 of the complaint.

17. Denies the allegations in paragraph 16 of the complaint.

18. Denies the allegations in paragraph 17 of the complaint and respectfully refers the Court to the Final Agency Decision dated February 28, 2008, for a true and accurate statement of its contents.

19. Denies the allegations in paragraph 18 of the complaint.

20. Denies the allegations in paragraph 19 of the complaint.

21. Denies the allegations in paragraph 20 of the complaint.

## FIRST DEFENSE

22. Plaintiff is not entitled to a trial *de novo* of this action because he has conceded his violations of section 278.2(f) of the Food Stamp Program regulations and challenges only the one-year disqualification from the Food Stamp Program imposed by FNS.

## SECOND DEFENSE

23. Plaintiff is not entitled to a preliminary injunction staying his disqualification pending disposition of this case because he cannot demonstrate a likelihood of prevailing on the merits and/or irreparable injury. *See* 7 U.S.C. § 2023(a)(17).

## THIRD DEFENSE

24. Plaintiff is not entitled to a temporary restraining order because the complaint is not verified. *See* Fed. R. Civ. P. 65(b)(1)(A).

## FOURTH DEFENSE

25. The determination of whether to impose a one-year disqualification or civil money penalty on plaintiff for his violations of section 278.2(f) of Food Stamp Program regulations rests within the discretion of FNS.

## FIFTH DEFENSE

26. Plaintiff does not qualify for a civil money penalty in lieu of disqualification from the Food Stamp Program because the disqualification of plaintiff's store will not cause hardship to food stamp households.

WHEREFORE, the Government demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
      May 28, 2008

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendant

By:    s/ Joseph N. Cordaro
        JOSEPH N. CORDARO
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, NY  10007
        Telephone: (212) 637-2745
        Facsimile:  (212) 637-2686
        Email: joseph.cordaro@usdoj.gov