MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| FRANKLYN F. LUGO, | 08 Civ. 2960 (RJS) |
| | ECF Case |
| Plaintiff, | |
| | Electronically Filed |
| -against- | |
| | **DEFENDANT'S STATEMENT** |
| THE UNITED STATES OF AMERICA, | **OF UNDISPUTED FACTS** |
| | **PURSUANT TO LOCAL** |
| Defendant. | **CIVIL RULE 56.1(a)** |

------------------------------------------------------------x

Pursuant to Local Civil Rule 56.1(a) of the Local Rules of the United States District Court for the Southern District of New York, defendant the United States of America (the "Government") submits the following statement, in numbered paragraphs, of material facts as to which there is no genuine issue to be tried:

## BACKGROUND

1.  Plaintiff owns the Ivana Grocery Store ("Ivana"), located at 1665 Topping Avenue, Bronx, New York 10457.  (A.R. 10.) [1]

2.  The size of Ivana is approximately seventeen feet by thirty-five feet with three aisles, one cash register, and counter space of approximately three feet by two feet.  (A.R. 131, 162.)

3.  The USDA, Food and Nutrition Service ("FNS"), categorizes Ivana as a "Small Grocery Store."  (A.R. 131, 160.)

4.  FNS records indicate the existence of sixty-nine stores under the category "Small Grocery Store," thirteen stores under the category "Medium Grocery Store," four stores under the category "Supermarket," and two stores under the category "Super Store"—all Food Stamp Program ("Program") participants—within zip code 10457, the same zip code as Ivana.  (A.R. 152-55.)

5.  At least three Small Grocery Stores, five Medium Grocery Stores, four Supermarkets, and one Super Store—all Program participants—are located less than one mile from Ivana.  (Cordaro Decl., Ex. E-H.)

---

[1] Citations to "A.R." refer to the pages of the Administrative Record, filed on July 11, 2008, under the certification of Courtney L. Wilkerson, Esq., Chief Administrative Review Branch, Benefit Redemption Division of the Food Stamp Program, executed April 3, 2008.  (*See* Declaration of Joseph N. Cordaro in Support of the Government's Motion for Summary Judgment, dated July 11, 2008 ("Cordaro Decl."), Ex. A.)

## PLAINTIFF'S APPLICATION TO
## PARTICIPATE IN THE FOOD STAMP PROGRAM

6. On or about February 2, 2007, plaintiff applied to the United States Department of Agriculture ("USDA") to participate in the Program, now known as the Supplemental Nutrition Assistance Program. (A.R. 166-72.)

7. The following language appears on the signature page of the USDA application for participation in the Program:

> I accept responsibility on behalf of the firm for violations of the Food Stamp Program regulations, including those committed by any of the firm's employees, both paid or unpaid, new, full-time or part-time. These include violations, such as but not limited to:
>
> . . . .
>
> -- Accepting food stamp benefits as payments on credit accounts or loans . . . .
>
> Participation can be denied or withdrawn if my firm violates any laws or regulations issued by Federal, State, or local agencies . . . .

(A.R. 172.)

8. Plaintiff's application to participate in the Program was approved, effective March 20, 2007. (A.R. 166.)

9. On or about March 22, 2007, plaintiff acknowledged that he had received and reviewed certain Program materials, including Program regulations, a double-sided sign titled "Do's and Don'ts [sic] for Cashier/Penalties for Violation of the [Program]," and a training video and/or CD-rom, and that he was responsible

3

for the overall operation of the Program at Ivana and the proper training of all Ivana personnel. (A.R. 165.)

## FNS INVESTIGATES QUESTIONABLE TRANSACTIONS AT IVANA

10. During June, July, and August 2007 (the "relevant period"), on fifty-four occasions, Ivana made multiple withdrawals via Electronic Benfit Transfer ("EBT") transactions from the accounts of one or more Program recipients within time frames ranging between approximately two and twenty-one minutes. (A.R. 103-07.)

11. During the relevant period, on thirty-one occasions, Ivana made multiple withdrawals via EBT transactions from the account of a single Program household within time frames ranging between three minutes and thirteen hours. (A.R. 108-10.)

12. During the relevant period, on thirty-two occasions, Ivana made single withdrawals via EBT transactions that depleted the majority or entirety of the recipient's monthly Program benefits, or made a series of withdrawals that depleted the majority or entirety of the recipient's monthly Program benefits within time frames ranging between eight minutes and eleven hours. (A.R. 111-13.)

13. During the relevant period, 1,525 of Ivana's 2,305 Program transactions (66.16 percent) were manual key-entered transactions, as opposed to transactions during which the Program recipient's card was swiped through the EBT terminal. (A.R. 114.)

14. During the relevant period, on 290 occasions, Ivana made withdrawals from the accounts of Program recipients ranging from $70.03 to $127.75. (A.R. 122-29.)

15. On October 1, 2007, USDA, Food and Nutrition Service ("FNS") investigators made a site visit to Ivana. (A.R. 131, 160.)

16. The FNS investigators noted that Ivana sold no fresh meats, poultry, or fish; the most expensive food items were cooking oil (gallon-size) for $9.99 each, boxes of cold/dry cereal for $5.69 each, and canned Planters Peanuts for $4.89 each; and the deli case contained one and one-half rolls of salami, one-half block of cheese, two packs of bacon, two packs of frankfurters, one pack of pre-packed cod, one pack of margarine, turkey, ham, one tomato, dry oranges, and twenty small apples. (A.R. 131, 161.)

## FNS DISQUALIFIES IVANA FROM THE PROGRAM

17. In a letter dated November 6, 2007 (the "Charge Letter"), FNS notified plaintiff that he was being charged with trafficking (i.e., exchanging cash for Program benefits), in violation of Program regulations. (A.R. 101.)

18. In the Charge Letter, FNS notified plaintiff that the sanction for trafficking was permanent disqualification from the Program and possible civil or criminal action by the United States Attorney's Office. (A.R. 101.)

19. FNS further notified plaintiff that, under certain conditions, Program regulations permitted FNS to impose a civil money penalty ("CMP") of up to $54,000 in lieu of permanent disqualification for trafficking if, within ten days of receiving

the Charge Letter, plaintiff requested a CMP and provided documentation demonstrating that Ivana met the criteria for a CMP in section 278.6(i) of Program regulations (7 C.F.R. § 278.6(i)).  (A.R. 101.)

20.     The Charge letter encouraged plaintiff to provide any information, explanation, or evidence concerning the charges, and provided him with a copy of the applicable regulations.  (A.R. 101-02.)

21.     By letter dated November 13, 2007 (the "Response Letter"), plaintiff responded to the Charge Letter.  (A.R. 31-32.)

22.     Plaintiff admitted in his Response Letter that he afforded Program recipients "the opportunity to take food items on credit and pay when they received their food stamps."  Plaintiff further stated: "I know now that giving the clients credit is not allowed and I will discontinue this practice immediately."  (A.R. 31-32.)

23.     With his Response Letter, plaintiff enclosed seventeen letters from customers attesting that Ivana extended them store credit and permitted them to pay at a later time when they received Program benefits.  (A.R. 35-97.)

24.     Plaintiff's Response Letter did not request a CMP and did not provide documentation that Ivana met the criteria for a CMP in 7 C.F.R. § 278.6(i).  (A.R. 31-32.)

25.     By letter dated January 9, 2008 (the "Determination Letter"), FNS informed plaintiff of its finding that Ivana had accepted Program benefits as payment for items purchased on store credit in violation of section 278.6(f)(1) of Program regulations (7 C.F.R. § 278.2(f)).  (A.R. 27.)

26.     According to Chapter 10 of the Food and Consumer Service Handbook 318 ("FNS Handbook 318"), "[t]he acceptance of food stamp benefits in payment of credit accounts is a violation of the regulations, regardless of whether or not the items sold on credit and subsequently paid for with food stamp benefits were eligible" and each such violation "should be <u>considered as serious as the outright sale of common ineligible items</u>."  (Cordaro Decl., Ex. D, § 1021(A)(5).)

27.     In accordance with FNS Handbook 318, FNS disqualified Ivana from participating in the Program for one year under 7 C.F.R. § 278.6(e)(4), effective on the tenth calendar day following plaintiff's receipt of the Determination Letter or, if the tenth calendar day was a Saturday, Sunday, or federal holiday, on the first day thereafter.  (A.R. 27.)

28.     FNS informed plaintiff in the Determination Letter that Ivana was not eligible for a CMP pursuant to section 278.6(f)(1) of the Program regulations because there are other authorized retail stores in the area selling as a large a variety of staple foods as Ivana at comparable prices.  (A.R. 27.)

29.     By letter dated January 16, 2008 (the "Review Request"), plaintiff sought administrative review of the disqualification determination.  (A.R. 10-11.)

30.     In his Review Request, Plaintiff again conceded that he had "afforded [Program recipients] the opportunity to take food items on credit and pay when they received their food stamps" and referred to the letters from his clients verifying this practice.  (A.R. 10.)

31. By letter dated January 29, 2008, FNS Administrative Review Officer Richard J. Havnen acknowledged receipt of plaintiff's Review Request. (A.R. 8.)

32. On February 28, 2008, FNS issued its Final Agency Decision, which sustained the one-year disqualification of Ivana pursuant to 7 C.F.R. § 278.6(e)(4) and declined to impose a civil money penalty in lieu of the disqualification. (A.R. 4-7.)

33. The Final Agency Decision noted that "Current program policy interprets 7 C.F.R. § 278.6(f) that if there is any comparable competing store within one mile, it must be considered as near enough that hardship will not be suffered by program households." (A.R. 6.)

## PLAINTIFF SEEKS JUDICIAL REVIEW

34. On or about March 21, 2008, plaintiff commenced this action in the United States District Court for the Southern District of New York to challenge FNS's disqualification of Ivana for one year. (Cordaro Decl., Ex. B.)

35. In his complaint, plaintiff concedes that he "extended credit to hungry indigent residents in technical violation of the [Food and Nutrition] Act." (Cordaro Decl., Ex. B ¶ 7.)

36. Plaintiff challenges not the existence of his violations, but only the severity of FNS's one-year disqualification, alleging that "even though plaintiff [sic] technical violations, the plaintiff should be subject to a civil money penalty in lieu of one year disqualification." (Cordaro Decl., Ex. B ¶ 15.)

37. Plaintiff alleges that the imposition of a disqualification was an "abuse of administrative discretion and/or denial of substantive due process." (Cordaro Decl., Ex. B ¶¶ 18-19.)

38. Plaintiff alleges that FNS's determination was a "misconstruction" of Program regulations, including 7 C.F.R. § 278.6(e)(4) and (7). (Cordaro Decl., Ex. B ¶¶ 18-19.)

39. Plaintiff seeks a temporary stay of the one-year disqualification pending a trial *de novo* concerning the validity of the sanction. (Cordaro Decl., Ex. B, at p. 5.)

40. The parties have consented to a stay of Ivana's disqualification until ten days after the Court decides the Government's motion for summary judgment. (Cordaro Decl., Ex. C.)

Dated:   New York, New York
         July 11, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        *Attorney for Defendant*

By:   s/ Joseph N. Cordaro
      JOSEPH N. CORDARO
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Telephone: (212) 637-2745
      Facsimile:  (212) 637-2686
      Email: joseph.cordaro@usdoj.gov