**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
FRANKLYN F. LUGO,                                                      :
                                                                                   :
                   Plaintiff,                         :        08 Civ. 2960 (RJS)
                                                                                   :        ECF Case
   -against-                                                         :
                                                                                   :        Electronically Filed
THE UNITED STATES OF AMERICA,                        :
                                                                                   :
                 Defendant.                    :
                                                                                   :
------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov


JOSEPH N. CORDARO
Assistant United States Attorney
    —Of Counsel—

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF THE CASE ................................................................................... 2

    A.    The Statutory and Regulatory Scheme ................................................... 2

    B.    Statement of Facts .................................................................................... 3

ARGUMENT .............................................................................................................. 8

I.    THE SANCTION IMPOSED BY FNS SHOULD BE UPHELD ....................... 8

    A.    Standard of Review ................................................................................. 8

        1.    Summary Judgment .................................................................... 8

        2.    The Arbitrary and Capricious Standard...................................... 9

    B.    FNS's One-Year Disqualification of Plaintiff's Store
          from the Program Was Not Arbitrary or Capricious ........................... 10

        1.    The One-Year Disqualification Adhered to Program
             Regulations and FNS's Internal Guidelines.............................. 10

        2.    FNS's Determination Not to Impose a Civil Money Penalty
             Was Not Arbitrary or Capricious ............................................... 12

II.    PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM MUST FAIL ......... 15

III.    PLAINTIFF IS NOT ENTITLED TO A STAY OF THE
       DISQUALIFICATION OF HIS STORE FOR ONE YEAR............................. 16

CONCLUSION ....................................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Ahmed v. United States,*
  47 F. Supp. 2d 389 (W.D.N.Y. 1999) ................................................................. 11

*Ai Hoa Supermarket, Inc. v. United States,*
  657 F. Supp. 1207 (S.D.N.Y. 1987) ............................................................. 10, 12

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) ........................................................................................ 9

*Carlson v. United States,*
  879 F.2d 261 (7th Cir. 1989) .......................................................................... 12

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ........................................................................................ 8

*De La Nueces v. United States,*
  No. 91 Civ. 6664 (WCC), 1992 WL 58851 (S.D.N.Y. Mar. 16, 1992) .............. 10

*De La Nueces v. United States,*
  778 F. Supp. 191 (S.D.N.Y. 1991) ................................................................. 17

*Grocery Town Market, Inc. v. United States,*
  848 F.2d 392 (3d Cir. 1988) .......................................................................... 13

*Hartford Fire Insurance Co. v. Orient Overseas Containers Lines (UK) Ltd.,*
  230 F.3d 549 (2d Cir. 2000) .......................................................................... 14

*Heller v. Doe,*
  509 U.S. 312 (1993) ...................................................................................... 15

*Ibrahim v. United States,*
  834 F.2d 52 (2d Cir. 1987) ............................................................................ 16

*Knight v. United States Fire Insurance Co.,*
  804 F.2d 9 (2d Cir. 1986) ................................................................................ 9

*Lawrence v. United States,*
  693 F.2d 274 (2d Cir. 1982) .................................................................. 9, 12, 14

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) ........................................................................................ 9

*Nagi v. United States Department of Agriculture,*
No. 96 Civ. 6034 (DC), 1997 WL 252034 (S.D.N.Y. May 14, 1997).......... 10, 15

*Redmond v. United States,*
507 F.2d 1007 (5th Cir. 1975) ............................................................................. 9

*Rojas-Reyes v. INS,*
235 F.3d 115 (2d Cir. 2000) ............................................................................. 15

*Traficanti v. United States,*
227 F.3d 170 (4th Cir. 2000)............................................................................. 15

*TRM, Inc. v. United States,*
52 F.3d 941 (11th Cir. 1995) ............................................................................ 16

*United States Department of Agriculture v. Moreno,*
413 U.S. 528 (1973) .......................................................................................... 15

*Willy's Grocery v. United States,*
656 F.2d 24 (2d Cir. 1981) ............................................................................ 9, 10

*Yafaie v. United States,*
No. 94 Civ. 7825 (KMW), 1995 WL 422169 (S.D.N.Y. July 18, 1995)....... 10, 12

## STATUTES

Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011-2036 ............................................ 1

7 U.S.C. § 2011 ...................................................................................................... 2

7 U.S.C. § 2013(a) ................................................................................................. 2

7 U.S.C. § 2014 ...................................................................................................... 2

7 U.S.C. § 2016 ...................................................................................................... 2

7 U.S.C. § 2019 ...................................................................................................... 2

7 U.S.C. § 2021 ...................................................................................................... 2

7 U.S.C. § 2021(a)............................................................................................ 10, 13

7 U.S.C. § 2021(b)(1) ........................................................................................... 10

7 U.S.C. § 2021(c) .................................................................................................. 9

7 U.S.C. § 2023(a)(13) ........................................................................................ 3, 9

7 U.S.C. § 2023(a)(15) ........................................................................... 9

7 U.S.C. § 2023(a)(17) ......................................................................... 17

Food, Conservation, and Energy Act of 2008,
    Pub. L. No. 110-246, 122 Stat. 1651 ............................................... 1, 2

## RULES

Fed R. Civ. P. 56 ............................................................................. 1, 17

Fed R. Civ. P. 56(c) .............................................................................. 8

Fed R. Civ. P. 56(e)(2) .......................................................................... 8

## REGULATIONS

7 C.F.R. § 271.1, *et seq.* ...................................................................... 2

7 C.F.R. § 271.2 ................................................................................. 11

7 C.F.R. § 271.3 ................................................................................... 2

7 C.F.R. § 278.2(f) ...................................................................... *passim*

7 C.F.R. § 278.6 ................................................................................... 2

7 C.F.R. § 278.6(a) ............................................................................. 10

7 C.F.R. § 278.6(b)(1) ........................................................................... 2

7 C.F.R. § 278.6(e)(1) ......................................................................... 11

7 C.F.R. § 278.6(e)(4) ............................................................. 6, 7, 11, 12

7 C.F.R. § 278.6(e)(5) ......................................................................... 11

7 C.F.R. § 278.6(e)(7) ........................................................................... 7

7 C.F.R. § 278.6(f)(1) ......................................................................... 13

7 C.F.R. § 278.6(i) ........................................................................... 5, 6

7 C.F.R. § 279.1(b) ............................................................................... 3

7 C.F.R. § 279.2(c) ............................................................................... 3

iv

7 C.F.R. § 279.5 ............................................................................................... 3

7 C.F.R. § 279.7(a) ........................................................................................ 3, 9

## OTHER AUTHORITIES

Food & Consumer Service Handbook 318 ................................................ 12

Defendant, the United States of America (the "Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Franklyn F. Lugo ("plaintiff"), owner of the Ivana Grocery Store in Bronx, New York, commenced this action pursuant to the Food and Nutrition Act of 2008 (the "FNA"), 7 U.S.C. §§ 2011-2036, to challenge a determination by the United States Department of Agriculture, Food and Nutrition Service ("FNS"), to disqualify his store from the Supplemental Nutrition Assistance Program (the "Program"), for a period of one year.[1] While plaintiff concedes that he accepted Program benefits in payment for purchases previously made on store credit, in violation of Program regulations, he contests the severity of the sanction. The only issue before the Court, therefore, is whether the one-year disqualification was arbitrary and capricious. Because FNS properly applied its own regulations and guidelines in determining plaintiff's sanction, the Court should sustain the agency's action. Accordingly, the Government is entitled to summary judgment dismissing plaintiff's complaint.

---

[1]    On June 18, 2008, Congress amended the Food Stamp Act by renaming it the FNA and replacing the phrase "food stamp program" each time it appears with "supplemental nutrition assistance program." *See* Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, § 4001, 122 Stat. 1651.

## STATEMENT OF THE CASE

**A.    The Statutory and Regulatory Scheme**

The FNA provides for the issuance of Program benefits to qualified households. *See* 7 U.S.C. §§ 2011, 2013(a). Pursuant to its authority under the FNA, the United States Department of Agriculture ("USDA") has promulgated regulations governing the Program. *See* 7 C.F.R. §§ 271.1, *et.seq.* FNS administers the Program pursuant to these regulations. *See* 7 C.F.R. § 271.3.

Program recipients use their benefits to purchase eligible food items at participating retail food stores ("firms"). *See* 7 U.S.C. §§ 2014, 2016, 2019.[2] The Government then redeems the benefits by paying the firm the full face value of the benefits. *Id.* §§ 2013(a), 2019. Program regulations prohibit firms, *inter alia*, from accepting benefits in satisfaction of a store credit, even for Program-eligible food items. *See* 7 C.F.R. § 278.2(f) ("Coupons may not be accepted by an authorized retail food store in payment for any eligible food sold to a household on credit.").

Firms may be sanctioned for violations of the FNA or Program regulations. *See* 7 U.S.C. § 2021; 7 C.F.R. § 278.6. When FNS plans to impose a sanction for a violation, the appropriate FNS regional office sends the firm a letter stating the violations charged. *See* 7 C.F.R. § 278.6(b)(1). The firm has ten days to submit an oral or written response. *See id.* Once the FNS regional office makes its

---

[2]    The Government no longer issues "food stamps." Participating households receive an Electronic Benefits Transfer ("EBT") card, and Program benefits are periodically credited to the household's account. The customer debits benefits from the account by swiping the EBT card through the firm's reader upon completion of the sale. The recent amendments to the FNA strike references to "food stamps" in favor of "supplemental nutrition assistance program benefits." *See* Food, Conservation, and Energy Act § 4002.

determination, the firm may request review of the decision within ten days. *Id.* § 279.2(c). A FNS administrative review officer conducts the review and renders the final agency decision on the matter. *Id.* §§ 279.1(b), 279.5. A firm may challenge this decision by commencing an action in the United States District Court within thirty days. *See* 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7(a).

## B.    **Statement of Facts**

The relevant facts are set forth in the certified copy of the Administrative Appeal Record ("A.R."),[3] and are summarized below.

Plaintiff is the owner of the Ivana Grocery Store (the "store"), located at 1665 Topping Avenue, Bronx, New York 10457. (A.R. 10.) The store measures approximately seventeen feet by thirty-five feet in size with three aisles, one cash register, and counter space of approximately three feet by two feet. (A.R. 131, 162.) FNS categorizes the store as a "Small Grocery Store." (A.R. 131, 160.)

On or about February 2, 2007, plaintiff applied to the USDA to participate in the Program. (A.R. 166-72.) The following language appears on the signature page of plaintiff's application:

> ▪ I accept responsibility on behalf of the firm for violations of the Food Stamp Program regulations, including those committed by any of the firm's employees, both paid or unpaid, new, full-time or part-time. These include violations, such as but not limited to:
>
>        . . . .

---

[3]    The administrative record in this matter is submitted under the Certification of Courtney L. Wilkerson, Esq., Chief, Administrative Review Branch of the Benefit Redemption Division, executed April 3, 2008. (*See* Declaration of Joseph N. Cordaro in Support of the Government's Motion for Summary Judgment ("Cordaro Decl."), Ex. A.)

> -- Accepting food stamp benefits as payments on
>   credit accounts or loans . . . .
>
> ▪ Participation can be denied or withdrawn if my firm
>   violates any laws or regulations issued by Federal, State,
>   or local agencies . . . .

(A.R. 172.)  Plaintiff's application to participate in the Food Stamp program was

approved, effective March 20, 2007.  (A.R. 166.)  On or about March 22, 2007,

plaintiff acknowledged that he had received and reviewed certain Program

materials, including Program regulations, a double-sided sign titled "Do's and

Don'ts [sic] for Cashier/Penalties for Violation of the [Program]," and a training

video and/or CD-rom, and that he was responsible for the implementation of the

Program at the store and the proper training of all store personnel.  (A.R. 165.)

During the months of June, July, and August 2007, FNS became aware of an

unusual pattern of food stamp transactions at the store.  These transactions

included:

(1)    Multiple EBT transactions involving the accounts of one or more
       Program recipients within time frames ranging between approximately
       two and twenty-one minutes.  (A.R. 103-07.)

(2)    Multiple EBT transactions involving the account of a single Program
       household within time frames ranging between three minutes and
       thirteen hours.  (A.R. 108-10.)

(3)    Single withdrawals via EBT transactions that depleted the majority or
       entirety of a Program household's monthly benefits, or a series of
       withdrawals similarly depleting the benefits within time frames
       ranging between eight minutes and eleven hours.  (A.R. 111-13.)

(4)    Manual key-entered food stamp transactions, as opposed to
       transactions involving the swiping of the EBT card, on 1,525 of 2,305
       occasions (66.16 percent).  (A.R. 114.)

4

(5)    Withdrawals from the accounts of Program recipients ranging from $70.03 to $127.75 on 290 occasions.  (A.R. 122-29.)

On October 1, 2007, FNS investigators visited the store.  (A.R. 131, 160.)  The investigators noted that the store sold no fresh meats, poultry, or fish; the most expensive food items were gallon-size containers of cooking oil for $9.99 each, boxes of cold/dry cereal for $5.69 each, and canned Planters Peanuts for $4.89 each; and the deli case contained one and one-half rolls of salami, one-half block of cheese, two packs of bacon, two packs of frankfurters, one pack of pre-packed cod, one pack of margarine, turkey, ham, one tomato, dry oranges, and twenty small apples.  (A.R. 131, 161.)  This relatively small inventory did not explain the atypical transactions at the store.  (A.R. 132.)

By letter dated November 6, 2007 (the "Charge Letter"), FNS notified plaintiff that he was being charged with food stamp trafficking (i.e., exchanging cash for Program benefits), in violation of Program regulations.  (A.R. 101.)  FNS informed plaintiff that the sanction for trafficking was permanent disqualification from the Program and possible civil or criminal action.  (A.R. 101.)  FNS further informed plaintiff that, under certain conditions, Program regulations permitted FNS to impose a civil money penalty of up to $54,000 in lieu of permanent disqualification for trafficking if, within ten days of receiving the Charge Letter, plaintiff requested a civil money penalty and provided documentation demonstrating that his store met the criteria for a civil money penalty in 7 C.F.R. § 278.6(i).  (A.R. 101.)  The Charge Letter encouraged plaintiff to provide

5

information, explanations, or evidence concerning the charges and included a copy

of the applicable regulations.  (A.R. 101-02.)

Plaintiff responded to the Charge Letter by letter dated November 13, 2007

(the "Response Letter").  (A.R. 31-32.)  Plaintiff admitted that he afforded customers

"the opportunity to take food items on credit and pay when they received their food

stamps." (A.R. 31.)  He also stated "I now know that giving the clients credit is not

allowed and I will discontinue this practice immediately." (A.R. 32.)  Accompanying

plaintiff's Response Letter were seventeen letters from customers attesting that the

store had extended them store credit and permitted them to pay at a later time

when they received their Program benefits.  (A.R. 35-97.)  Plaintiff's Response

Letter did not request a civil money penalty and did not provide documentation that

the store met the criteria in 7 C.F.R. § 278.6(i).

By letter dated January 9, 2008 (the "Determination Letter"), FNS informed

plaintiff of its finding that the store had accepted Program benefits for items

purchased on credit in violation of 7 C.F.R. § 278.2(f).  (A.R. 27.)  FNS disqualified

the store from participating in the Program for one year, in accordance with

7 C.F.R. § 278.6(e)(4).  (A.R. 27.)  FNS determined that the store was not eligible for

a civil money penalty because other authorized retail stores in the area sell as large

a variety of staple foods as plaintiff's store at comparable prices.  (A.R. 27.)

Plaintiff requested administrative review by letter dated January 16, 2008.

(A.R. 10-11.)  He again conceded that he had "afforded [Program recipients] the

opportunity to take food items on credit and pay when they received their food

6

stamps" and referred to the letters from his clients verifying this practice. (A.R. 10.)

On February 28, 2008, FNS issued its Final Agency Decision, sustaining the one-year disqualification pursuant to 7 C.F.R. § 278.6(e)(4) and finding no hardship to Program households that would justify a civil money penalty. (A.R. 4-7.)

On or about March 21, 2008, plaintiff commenced the instant action to set aside the disqualification. In his complaint, plaintiff concedes his violations of Program regulations:

> Upon administrative adjudication and later review certain alleged violations were dismissed or waived, but plaintiff admitted to having extended credit to hungry indigent residents in technical violation of the [Food and Nutrition] Act.
>
> . . . .
>
> Plaintiff denies that any venal or intentional violations occurred. However, even though plaintiff [sic] technical violations, the plaintiff should be subject to a civil money penalty in lieu of one year disqualification.

(Cordaro Decl., Ex. B ¶¶ 7, 15.) Plaintiff challenges FNS's imposition of a one-year disqualification rather than a civil money penalty. (*Id.* ¶ 15.) He alleges that FNS either failed to consider the hardship to Program recipients that would result from the disqualification of his store, or applied inappropriate criteria (*i.e.,* the existence of one other "comparable" store within a one-mile radius) in determining that hardship would not result. (*Id.* ¶¶ 15, 17.) Plaintiff also contends that the imposition of disqualification was an "abuse of administrative discretion and/or denial of substantive due process." (*Id.* ¶¶ 18-19.) Finally, plaintiff alleges that the decision was a "misconstruction" of Program regulations, including 7 C.F.R.

§§ 278.6(e)(4) and (7).  (*Id.* ¶ 20.)  Plaintiff seeks a stay of the disqualification

pending a trial *de novo* concerning the validity of the sanction.  (*Id.* at p. 5.)  The

parties have stipulated to a stay of the disqualification until ten days after the

Court's ruling on this summary judgment motion.  The Court so-ordered this

stipulation on June 30, 2008.  (Cordaro Decl., Ex. C.)

**ARGUMENT**

## I.    THE SANCTION IMPOSED BY FNS SHOULD BE UPHELD

Plaintiff does not dispute that he violated 7 C.F.R. § 278.2(f) by allowing

customers to use benefits to pay for items previously purchased on store credit.

Because FNS adhered to Program regulations and agency guidelines in

disqualifying plaintiff's store for one year, the sanction was not arbitrary or

capricious.  Accordingly, the agency's decision should be sustained, and the

Government is entitled to summary judgment dismissing plaintiff's complaint.

### A.    <u>Standard of Review</u>

#### 1.    **Summary Judgment**

Summary judgment should be granted when "there is no genuine issue as to

any material fact and . . . the movant is entitled to judgment as a matter of law."

Fed R. Civ. P. 56(c).  When a properly supported motion for summary judgment is

made, "an opposing party may not rely merely on allegations or denials in its own

pleading; rather, its response must . . . set out specific facts showing a genuine issue

for trial."  Fed. R. Civ. P. 56(e)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24

(1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party.  If evidence is merely

colorable, or is not sufficiently probative, summary judgment may be granted."

*Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986) (citations omitted); *see also*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

(nonmoving party "must do more than simply show that there is some metaphysical

doubt as to the material facts"); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.

1986) (mere speculation or conjecture cannot overcome summary judgment motion).

## 2.    The Arbitrary and Capricious Standard

A firm disqualified from participation in the Program may seek judicial

review after exhaustion of administrative remedies.  7 U.S.C. §§ 2021(c),

2023(a)(13); 7 C.F.R. § 279.7(a).  The FNA provides that such review is by a "trial *de*

*novo* . . . in which the court shall determine the validity of the questioned

administrative action in issue . . . ."  7 U.S.C. § 2023(a)(15).  The plaintiff bears the

burden of establishing by a preponderance of the evidence that the administrative

action was invalid.  *See Redmond v. United States,* 507 F.2d 1007, 1012 (5th Cir.

1975).  If, however, the plaintiff concedes the existence of Program violations, no

trial *de novo* is necessary, and the only issue before the Court is whether FNS's

sanction was arbitrary or capricious.  *See Lawrence v. United States,* 693 F.2d 274,

276 (2d Cir. 1982).  The Second Circuit has explained that an agency decision is

arbitrary and capricious if it "was unwarranted in law or without justification in

fact."  *Willy's Grocery v. United States,* 656 F.2d 24, 26 (2d Cir. 1981) (internal

quotation marks omitted).  If the agency "properly applied its own regulations and

guidelines to the food stamp violations," the Court may not disturb FNS's sanction.

*Id.*; *see Nagi v. U.S. Dep't of Agric.,* No. 96 Civ. 6034 (DC), 1997 WL 252034, at *3

(S.D.N.Y. May 14, 1997) ("Because the Court cannot overturn a sanction that is

authorized by agency guidelines as arbitrary or capricious, the agency's action was

valid."). Whether a sanction is arbitrary or capricious may be resolved on a

summary judgment motion. *See Nagi*, 1997 WL 252034, at *3; *Yafaie v. United*

*States,* No. 94 Civ. 7825 (KMW), 1995 WL 422169, at *1 (S.D.N.Y. July 18, 1995);

*De La Nueces v. United States,* No. 91 Civ. 6664 (WCC), 1992 WL 58851, at *2

(S.D.N.Y. Mar. 16, 1992); *Ai Hoa Supermarket, Inc. v. United States,* 657 F. Supp.

1207, 1208 (S.D.N.Y. 1987).

### B.    FNS's One-Year Disqualification of Plaintiff's Store from the Program Was Not Arbitrary or Capricious

Program regulations explicitly prohibit firms from accepting Program

benefits "in payment for any eligible food sold to a household on credit." 7 C.F.R.

§ 278.2(f). Plaintiff does not dispute that he violated section 278.2(f) by repeatedly

allowing his customers to use Program benefits to pay for items previously sold on

store credit. (*See* A.R. 31, 35-97; Cordaro Decl. Ex. B ¶¶ 7, 15.) Thus, the sole

question for the Court is whether FNS properly applied its own regulations and

guidelines in imposing a one-year disqualification for these violations.

### 1.    The One-Year Disqualification Adhered to Program Regulations and FNS's Internal Guidelines

A firm that violates the FNA or Program regulations may be penalized with

disqualification from the Program or a civil money penalty. 7 U.S.C. § 2021(a). A

firm's first disqualification may be for a period of no less than six months or more

than five years. *Id.* § 2021(b)(1); 7 C.F.R. § 278.6(a). Section 278.6(e) of the FNS

regulations contains a range of disqualifications for Program violations, the most

severe of which is permanent disqualification for, *inter alia*, trafficking in Program

benefits.  *See* 7 C.F.R. § 278.6(e)(1).[4]  The regulation applicable to this case provides

for a one-year disqualification if

> it is to be the first sanction for the firm and the ownership
> or management personnel of the firm have committed
> violations such as the sale of common nonfood items in
> amounts normally found in a shopping basket, and FNS
> had not previously advised the firm of the possibility that
> violations were occurring and of the possible consequences
> of violating the regulations.

*Id.* § 278.6(e)(4).  If the same violations occur "due to carelessness or poor

supervision by the firm's ownership or management," the appropriate sanction is a

disqualification for six months.  *Id.* § 278.6(e)(5).

While the regulations do not explicitly provide the penalty for accepting

Program benefits for items purchased on store credit in violation of 7 C.F.R.

§ 278.2(f), the Food & Consumer Service Handbook 318 ("FNS Handbook 318"),[5]

which contains FNS's internal guidelines, addresses store-credit violations:

> The acceptance of food stamp benefits in payment of
> credit accounts is a violation of the regulations, regardless
> of whether or not the items sold on credit and
> subsequently paid for with food stamp benefits were
> eligible. . . .  To assess an appropriate penalty for the

---

[4]    "Trafficking" takes place, for example, if the store owner buys or sells
Program benefits in exchange for cash or consideration other than eligible
food.  *See* 7 C.F.R. § 271.2.

[5]    FNS was abolished in 1994, and a new agency called the Food and Consumer
Service ("FCS") took its place.  Three years later, the USDA changed the
name of FCS back to FNS.  *See Ahmed v. United States,* 47 F. Supp. 2d 389,
390 n.1 (W.D.N.Y. 1999).  The relevant chapter of FNS Handbook 318 is
annexed as Exhibit D to the Cordaro Declaration.

11

> acceptance of food stamp benefits for food bought on
> credit, each violation should be <u>considered as serious as</u>
> <u>the outright sale of common ineligible items</u>.

FNS Handbook 318, Section 1021(A)(5).  While participating stores ordinarily do not receive a copy of FNS Handbook 318, several courts have looked to this Handbook in sustaining FNS's imposition of a particular sanction for a Program violation.  *See, e.g., Carlson v. United States,* 879 F.2d 261, 264 (7th Cir. 1989); *Yafaie,* 1995 WL 422169, at *2; *Ai Hoa Supermarket,* 657 F. Supp. at 1209.

Given the applicable regulations and guidelines, FNS did not act arbitrarily or capriciously in disqualifying plaintiff for one year under 7 C.F.R. § 278.6(e)(4). The letters from plaintiff's customers in the Administrative Record, and plaintiff's own admissions, establish that plaintiff committed knowing violations of Program regulations equivalent to the acceptance of Program benefits for ineligible items. Accordingly, the one-year disqualification was consistent with Program regulations and FNS guidelines.  *See Lawrence*, 693 F.2d at 277 (FNS policy held not arbitrary or capricious where the agency "(1) wrote it down and (2) uses it all the time and against everyone.").

### 2. FNS's Determination Not to Impose a Civil Money Penalty Was Not Arbitrary and Capricious

FNS acted within its discretion in declining to impose a civil money penalty on plaintiff's store in lieu of disqualification.  Plaintiff's assertion that FNS either failed to consider potential hardship to Program recipients resulting from the disqualification, or applied inappropriate criteria (*i.e.,* the existence of one other "comparable" store within a one-mile radius) to arrive at its determination that

hardship would not result to Program recipients, (Cordaro Decl., Ex. B ¶¶ 15, 17), is devoid of merit.

The FNA provides, in relevant part, that "[a]ny approved retail food store . . . *may* be disqualified . . . *or* subjected to a civil money penalty . . . if the Secretary determines that its disqualification would cause hardship."  7 U.S.C. § 2021(a) (emphasis added).  The applicable FNS regulation contains similar language:

> FNS *may* impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices. FNS may disqualify a store which meets the criteria for a civil money penalty if the store had previously been assigned a sanction.

7 C.F.R. § 278.6(f)(1) (emphasis added).  Both the statute and regulation provide unambiguously that the decision to impose a civil money penalty rather than disqualification, even in a hardship situation, lies within FNS's discretion.  *See Grocery Town Market, Inc. v. United States,* 848 F.2d 392, 394-95 (3d Cir. 1988) ("[S]ection 2021(a) gives the Secretary the option of, but does not require, imposing a monetary penalty in lieu of a period of disqualification if hardship would result.").

In this case, FNS explained in both its Determination Letter and Final Agency Decision that it had considered whether plaintiff was eligible for a civil money penalty as opposed to disqualification.  (A.R. 4-7, 27-28.)  The Determination Letter stated that plaintiff was not eligible for a civil money penalty "because there are other authorized retail stores in the area selling as large a variety of staple

foods at comparable prices." (A.R. 27.) The Final Agency Decision noted that "Current program policy interprets 7 C.F.R. § 278.6(f) that if there is any comparable competing store within one mile, it must be considered as near enough that hardship will not be suffered by program households." (A.R. 6.)

To the extent that plaintiff challenges FNS's method of determining the existence of hardship to Program recipients (i.e., the one-mile radius test), that challenge must fail, as the Second Circuit in *Lawrence* affirmed a finding of no hardship on this ground. *See Lawrence* 693 F.2d at 277 ("Judge Pratt held that the evidence did show other stores in an approximately one-mile radius and the record amply supports this finding. We therefore affirm his refusal to substitute a monetary penalty . . . ."). Moreover, the Administrative Record indicates the existence of not one, but *several* firms within one mile of plaintiff's store. Plaintiff's store, by FNS's standards, is a "Small Grocery Store" located in the 10457 zip code of the Bronx. (A.R. 131, 160.) According to FNS records, sixty-nine Small Grocery Stores, thirteen Medium Grocery Stores, four Supermarkets, and two Super Stores—all Program participants—are located within the same zip code. (A.R. 152-55.) Of these firms, at least three Small Grocery Stores, five Medium Grocery Stores, four Supermarkets, and one Super Store are located less than one mile from plaintiff's store. (Cordaro Decl., Ex. E-H.)[6]

---

[6]    These exhibits contain the results of searches on www.mapquest.com, confirming that plaintiff's store is less than one mile from several other participating firms. The Court may take judicial notice of these geographic distances. *See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir. 2000).

The Administrative Record thus amply demonstrates that FNS considered whether disqualification of plaintiff's store would cause hardship to Program households. Given the existence of thirteen firms within one mile of plaintiff's store, FNS's determination that a one-year disqualification would not result in hardship to Program recipients was not arbitrary or capricious. And even if hardship *were* an issue in this case, FNS's imposition of a disqualification rather than a civil money penalty was not inconsistent with the agency's statutory and regulatory discretion.

For these reasons, FNS's disqualification of plaintiff's store for one year was not arbitrary or capricious and should be upheld by the Court.

## II.    PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM MUST FAIL

Plaintiff's complaint alleges that the imposition of a one-year disqualification rather than a civil money penalty constituted a denial of substantive due process. (*See* Compl. ¶¶ 18-19.) As plaintiff's disqualification from the Program does not infringe a fundamental right, the sanction is subject only to the rational basis test. *Traficanti v. United States,* 227 F.3d 170, 175 (4th Cir. 2000); *Nagi,* 1997 WL 252034, at *3. "[A] law will be upheld under rational basis review 'if any reasonably conceivable state of facts' could demonstrate that the statute is rationally related to a legitimate government purpose." *Rojas-Reyes v. INS,* 235 F.3d 115, 123 (2d Cir. 2000) (quoting *Heller v. Doe,* 509 U.S. 312, 320 (1993)).

The purpose of the FNA is to "permit low-income households to purchase a nutritionally adequate diet through normal channels of trade." *U.S. Dep't of Agric. v. Moreno,* 413 U.S. 528, 533-34 (1973). In rejecting a substantive due process

15

challenge to disqualifications under Program regulations, the Eleventh Circuit held: "It is beyond dispute that the prevention of illegal trade in food stamps is a legitimate government purpose, which itself serves the overarching purposes of the food stamp program." *TRM, Inc. v. United States,* 52 F.3d 941, 946 (11th Cir. 1995). FNS's decision to disqualify plaintiff's store for violating 7 C.F.R. § 278.2(f) supports the Government's interest in thwarting such illegal trades. Plaintiff's substantive due process claim therefore lacks merit.[7]

## III. PLAINTIFF IS NOT ENTITLED TO A STAY OF THE DISQUALIFICATION OF HIS STORE FOR ONE YEAR

Plaintiff seeks a temporary stay of FNS's decision to disqualify his store from the Program pending a trial *de novo.* (*See* Cordaro Decl., Ex. B, at p. 5.) The parties have entered into a stipulation, so-ordered by the Court on June 30, 2008, whereby the disqualification of plaintiff's store is stayed until ten days after the Court rules on the Government's summary judgment motion. (Cordaro Decl., Ex. C.) Nevertheless, the Court should not grant a stay because plaintiff cannot show a likelihood of success on the merits.

The FNA provides in relevant part:

> During the pendency of . . . judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily

---

[7]     To the extent plaintiff asserts a procedural due process claim, such claim also fails because the FNA's trial *de novo* provision affords "full procedural due process." *Ibrahim v. United States,* 834 F.2d 52, 54 (2d Cir. 1987).

> stays such administrative action pending disposition of
> such trial or appeal.

7 U.S.C. § 2023(a)(17); *see De La Nueces v. United States,* 778 F. Supp. 191, 194

(S.D.N.Y. 1991) (noting that Congress added the "prevailing on the merits"

language to the FNA "so as to make the test considerably more difficult to meet

than mere irreparable harm, thus reducing the number of stays granted and

ensuring more rapid implementation of disqualifications"). As discussed above,

Plaintiff does not dispute his violations of 7 C.F.R. § 278.2(f), nor can he show that

the disqualification of his store was unjustified by the facts or unwarranted under

the law. Plaintiff therefore cannot demonstrate a likelihood of success on the

merits, and his application for a stay should be denied.

## CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted.

Dated:   New York, New York
         July 11, 2008

                                    Respectfully submitted,

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    *Attorney for Defendant*

                          By:      s/ Joseph N. Cordaro
                                    JOSEPH N. CORDARO
                                    Assistant United States Attorney
                                    86 Chambers Street, Third Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2745
                                    Facsimile:  (212) 637-2686
                                    Email: joseph.cordaro@usdoj.gov

17