UNITED STATES DEPARTMENT OF AGRICULTURE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------)C
FRANKLYN F. LUGO,

                                        Plaintiff,                : 08 Civ. 2960 (RJS)

            - against -                                           :AFFIRMATION IN OPPOSITION
                                                                    TO MOTION FOR SUMMARY
UNITED STATES OF AMERICA,                                           JUDGMENT

                                        Defendant.

------------------------------------------------------------------------)C

PETER R. SHIPMAN, an attorney at law duly authorized to practice in the Southern District

of New York, affirms under penalty of perjury the following:

1.      This office represents the plaintiff in the above referenced action for a _denovo_ review

of administrative discipline pursuant to 7 USC §2023 (14 of the Food Stamp Act of 1977), and this

affirmation is made in opposition to the defendant's motion for summary judgment.

2.      The motion for summary judgment by defendant is without merit, particularly, pre-

completion of discovery.

3.      The gist of defendants' proposed motion is that if the agency's administrative

discipline or sanction falls within the spectrum of the discipline permissible under the terms of the

applicable regulation, then this Federal Court is without any power to decide the appropriateness of

the discipline absent any arbitrary and capricious conduct by the agency in imposing such sanction.

4.      This argument, while accepted in several courts, has been rejected by others. The

Second Circuit in _Ibrahim v. U.S._ 834, F.2d,52 (2d Cir.1987), held specifically that:

> The Food Stamp Act's _denovo_ review prOVISIOn embodies a
> different and broader scope of review than that available under the
> APA, 5. U.S.C. §706 (2)(A). _See JC.B. SuperMarkets, Inc. v. United_

1

*States,* 57 F.R.D. 500, 502-03 (W.D.N.Y. *1972),Aff'd,* 530 F.2d 1119 (2d Cir. 1976); *Modica* v. *United States,* 518 F.2d 374,376 (5th Cir. *1975); Cross* v. *United States,* 512 F.2d 1212,1216 (4th Cir. 1975)(in banc). THIS REVIEW "REQUIRES A REEXAMINATION OF THE ENTIRE MATTER RATHER THAN A MERE DETERMINATION OF WHETHER THE ADMINISTRATIVE FINDINGS ARE SUPPORTED BY SUBSTANTIAL EVIDENCE." *Saunders* v. *United States,* 507 F.2d 33, 36 (6th Cir. 1974). As a result, the district court "MUST REACH ITS OWN FACTUAL AND LEGAL CONCLUSIONS BASED ON THE PREPONDERANCE OF THE EVIDENCE, AND SHOULD NOT LIMIT ITS CONSIDERATION TO MATTERS PREVIOUSLY *54 APPRAISED IN THE ADMINISTRATIVE PROCEEDINGS." *Modica,* 581 F2.d at 376.

*Camp* v. *Pitts,* 411 U.S. 138,93 S.Ct. 1241,36 L.Ed.2d 106 (1973) (per curiam), relied upon by Ibrahim, is not on point. That case involved review of a decision by the Comptroller of the Currency denying a national bank: charter, and no statute or regulation provided for de novo review. The APA therefore governed. Here, IN CONTRAST, THE **FOOD** STAMP ACT SPECIFICALLY PROVIDES "SHALL BE A TRIALDENOVO"7U.S.C. §2023(a).

In A TRIAL DE NOVO, "rT1HE RECORD IN THE DISTRICT COURT, NOT THE RECORD BEFORE THE AGENCY, IS WHAT COUNTS". *McGlory* v. *United States,* 763 F.2d 309, 311 7th Cir. 1985).

5.    Other circuits have agreed with the second, E.g. Commonwealth of Mass. v. Secretary of Agriculture, 984 F.2d 514 cert. denied, 114 S.Ct. 81,510 US 822 (1993) (mixed issues ofliability and sanction must be assessed denovo). Complete denovo review is mandated under the Act even if this "penetrating standard of judicial review" intrudes into agency decision making in sanctions area. Commonwealth of Massachusetts v. Secretary of Agriculture, 984 F.2d 514 cert. denied 510 US 822 (1993). The 5th Circuit agreed in Goodman v. US, 518 F.2d 505 (5th cir. 1975) that administrative action which is subject to denovo review is a unitary concept which encompasses both a determination on the merits and, where guilt is established, meting out of an appropriate penalty. Accord, Modica v. US (5th Cir. 1975). The 6th Circuit agreed in Saunders v. US, 507 F.2d

33507 F.2d33 (6th 1974) (court must make its own [mdings of fact in reviewing disqualification by USDA). Even the legislative history compels the conclusion that this District Court has the jurisdiction and authority to review de novo agency discipline, even where the existence of the violation is undisputed, or conceded, or where it has been established by judicial trial. The Senate Report accompanying the Food Stamp Act explained that:

> "§2022 provides for administrative and judicial review of the decision of the Secretary with respect to ... the disqualification of a retail or wholesale food concern participating in the program". 1964 U.S. Code Congo & Administrative News, p. 3291.

6. The Lawrence decision is distinguishable on several grounds. There the court reversed the Southern District of New York's reduction of discipline because the district court had misinterpreted (by reading in an additional legal requirement into) the one year disqualification regulations. Because Lawrence turned on a Trial Court misconstruction of statute, it turned on an issue of law. Hence, it's comments regarding the arbitrary and capricious standard for review of discipline is dicta.

Second, in Lawrence the agency conducted both pre-disciplinary counseling sessions with licensee, and issued not one, but a series of letter warnings to licensee, then finally agreed to a three month monitoring period, all pre-discipline. The agency at bar failed to provide any of that procedural due process to plaintiff at bar (moving affirmation of AUSA Joseph Cordero) as and for it's due process.!

IAdditionally, defendant agency concedes that it has ~ afforded plaintiff/licensee any trial, or other evidentiary viva voce hearing, in any forum, by any name. (Moving affirmation, ubique.) Now, to make this denial even more egregious, the defendant proposes to deny plaintiff a trial even in this Court, and after Congress has provided for it in the strongest terms ("De Novo").

3

7.      Defendant claims that it supplied brochures on the law to plaintiff, as proof of due process. The Second Circuit in <u>Lawrence</u> termed the agency's regulations "labyrinthine" and <u>"almost unintelligible."</u> If the Second Circuit so views comprehensibility of the agency's license regulations, what level of comprehension is to be expected of an uneducated, immigrant, grocery store owner?

8.      To the extent there exists any appellate authority for the proposition that this honorable court is without power to review discipline in the absence of agency abuse of discretion or arbitrary and capricious conduct, then those authorities are in direct irreconcilable controversion of the jurisdictional statute, 7 US §2023, and may not be followed. It is well settled that Congressional intent, particularly when it is expressed in clear and unambiguous language, (i.e. "denovo" review) governs the court's power and jurisdiction. A desire to follow <u>stare decisis</u> of the circuit is admirable, but it is still unlawful to follow it if in so doing so the District Court must necessarily overrule an express mandate of the legislature. Any regulation or other non constitutional authority (i.e. including case precedent) which is contrary to statute is <u>trumped</u> by a duly enacted Federal legislative mandate. <u>US v. Maxwell,</u> 278 F.2D 206, (8th Cir. 1960). If an irreconcible tension or anomaly arises between this Court following appellate precedent and following an express mandate of Congress, it is respectfully submitted that the higher duty of the two conflicting duties lay in submission by the District Court to the Congressional mandate.

9.      Second, the defendant's contention that as long as the discipline imposed lies within the expressed spectrum of discipline imposable under the regulations then, as a matter of law, there can be no finding of abuse of discretion appears to create a <u>renvoi</u> of circuitous reasoning, if not a <u>non-sequitur.</u> This is because at bottom it posits that if an agency's rules empowered it to impose the discipline, then such, discipline decided upon necessarily constitutes an appropriate, lawful, and

most of all, just discipline (which is also, for all practical purposes, then <u>unreviewable</u> according to counsel for defendant).

10.    Such a test, if accepted at Bar, would effectively eviscerate both the agency's own regulations providing for judicial review and more particularly, eviscerate or repeal the judicial review statute itself in pertinent part and subject matter jurisdiction of this Court. Such a standard of review would nullifY the statutory words <u>"De Novo",</u> and, second, such standard of review would necessarily mean that if the agency imposes discipline within the expressed spectrum of the agency's own regulations, then by definition, <u>ipso facto,</u> there has been no abuse of discretion or arbitrary and capricious conduct.

11.    In addition, the agency's regulation §278.6(e)(4) cited by the agency as authority for the one year disqualification does <u>not</u> specifically or even generally expressly authorize a one year or any disqualification where there is a finding of a violation at Bar, to wit: extending credit to customers. Such is conceded by the defendant, at Memorandum of Law, p. 11. Rather the regulation expressly actually addresses only the sale of non food (meaning ineligible for purchase by food coupons) items. Any issue of allegation of the sale of non food items has been removed from the case by the agency's own decisions, both by local USDA decision and on administrative appeal. Thus the argument of Defendants based largely upon <u>Lawrence,</u> fails, because this Court could well find that the regulation utilized by defendant to impose a disqualification upon plaintiff does not even apply to the facts of this case (credit sales).

12.    Assuming <u>arguendo</u> the Court adopts the defendant's extremely restrictive concept of judicial review as being limited to testing for an abuse of discretion or arbitrary and capricious administrative conduct, then accelerated judgment must still be denied. This is because there

remains a triable question of fact even under an arbitrary and capricious standard regarding whether or not the agency engaged in such conduct.    In particular <u>Lawrence</u> (at p. 277), heavily relied upon by defendant, noted that in order that discipline imposed may avoid a finding of arbitrary and capricious administrative conduct, the discipline imposed <u>need be demonstrated to be imposed "against everyone" and "at all times"</u>.    This rule of law has also been conceded by defendant, in Memorandum of Law at p. 12.  Clearly, this is a two part test, the failure of either branch of which mandates a finding by the Court of arbitrary and capricious administrative conduct.    Failure to follow it's own regulations constitutes an abuse of discretion (as a matter of law).    An agency must follow it's own regulations as well as statutory mandates.  This is true of all agencies. <u>US. Ex. Rel. Accardi vs. Shaughnessey,</u> 347 U.S. 260 (1954).    Likewise, the agency must follow it's own "guidelines" as well as the regulations.  E.g., <u>Willy's Grocery vs. U.S.,</u> 656 F.2d. 24 (2nd Cir. 1981).

13.    As a documentorily demonstrable fact matter, disqualification of food coupon vendor licensees has <u>not been</u> uniformly imposed against first time violators by the defendant.  In fact, this is the first time in twenty five years involving this law firm in Federal Court <u>de novo</u> reviews of disqualifications wherein the agency has <u>not</u> settled the action or pre action dispute by means of substitution of a civil money penalty (CMP) in lieu of disqualification at the District Court level, or otherwise (before the agency), in cases including first time violations.

14.    Annexed hereto as Exhibits "A", "B", "C", "D", "E", "F", "G", "H", "I", "**J**" and "1(" are Stipulations of Settlement granting CMP's <u>executed by the defendant's agency (USDA) (FNS) over the course of the last ten years,</u> the majority of which were then even <u>So Ordered</u> and thus recipients of this Honorable Court's own <u>imprimatur.</u>    Surely, on this record, no Court can hold, at least as a matter of law (i.e. pursuant to FRCP 56), that the agency applied its discipline of

disqualification   at bar in a manner not arbitrary and capricious[2].  Clearly, from the annexed

documentary proofs annexed, the agency is palpably unable to prove to this Court that it has applied

CFR §278.6(e)4 and the regulation denying the substitution of a CMP in lieu of disqualification

(whenever competing stores are nearby) "against "everyone" and, at "all times" Indeed, palpably,

on the record annexed hereto it cannot prove either branch or criteria.  Indeed on the record annexed

hereto it is almost a certainty that it cannot prove it has ever applied this form of discipline

(disqualification)  for a first time offense, against anyone, at anytime.

15.    Plaintiff intends to serve a Demand to Produce.  It would seek, inter alia, copies of

Stipulations of Settlement in all the cases for the past ten years in which the agency has imposed the

discipline of civil monetary penalty (CMP) in lieu of a one (or other) year disqualification,  in

addition to its case deliberation notes, sheets, file folder jacket notes, etc.  Only such document

production with oral depositions of the agency's discipline officers will resolve the issue of abuse

of discretion and arbitrary and capricious conduct.  Consvicuously  absent from the voluminous

moving papers is any affidavit from the Secretary or even any Deputy Secretary explaining why

plaintiff is being singled out for this quite apparent unique or near unique discipline for a first time

violation.

16.    In 1986 the Supreme Court ofthe United States held in Celotex Corp. Vs. Catrett, 477

U.S. 317, 322, that summary judgment may be granted only after the opposing party had "adequate

time for discovery".  At bar, no discovery order has been entered and consequently plaintiff has had

_____

[2] In each case, the USDA had prima facie evidence food coupon violations, and proof of the
existence of comparably stocked neighborhood competitor (licensed vendors) sufficient to deny a CJ\IP
to the plaintiff under 278.6(f)1.  A copy of the corresponding disqualification letters in each settled case
are annexed hereto as Exhibits "M", "N", "0", "P", "Q", "R", "S", "T" and "U" which demonstrate  that
the agency had such proofs, and yet still granted a CJ\IP.

no time of discovery.  Notably, neither has the defendant voluntarily disclosed either the remainder

of it's FM (field manual) nor it's many other cases where it offered CMPs by Stipulation of

Settlement of contested discipline (civil monetary penalty).  Notably, while the defendant has

disclosed an extremely selective and limited portion of handbook or FM #318, (Chaper 10 only),

conspicuously absent is the remainder of agency handbook #318. This selective proffer of evidence

violates the most fundamental rule of fairness under the FRE (Federal Rules of Evidence),  in

particular Rule 106 which requires that the remainder of a writing be considered and admitted upon

the request of a party opposing that written evidence.  Accordingly, plaintiff hereby requests

disclosure of the remainder of that document, Handbook 318.

17.    Even more telling is the defendant's failure/refusal to engage in Discovery in this

action. The following decision which the defendant agent (USDA) issued recently in May 29,2008

in a similar case In Re: Garland Supermarket (now before Judge Eaton) stated that:

> "There also exist FNS policy memoranda and clarification letters,
> which further explain the conditions necessary to impose one year
> disqualification against firms, and in particular the applicability of a
> one year disqualification to (sic) violations involving re-payment of
> credit", Administrative Review Decision annexed hereto as Exhibit
> "L".

Thus, because the agency has admitted in other cases it has utilized as a course of

practice and further been guided in it's decisions whether or not to impose one year disqualification

for credit violations on criteria in addition to and potentially at variance with criteria publicly

published in the regulations, no pre-discovery summary judgment can be fairly granted to the agency

because plaintiff is entitled by due process to disclosure of those "policy memoranda" and

"clarification letters". Plaintiff is entitled to these documents in order to determine whether or not

the decision to disqualify petitioner in this case is actually in accordance with the actual policy directives actually in use at the agency and which were actually applied at bar; in other words, to determine if the agency's decision at bar is arbitrary, capricious, or an abuse of discretion. [3] This is particularly true where this is the first case in the many years of this office prosecuting reviews of USDA disqualifications wherein the USDA has refused a CMP to a first time violator.

18.     Based upon the limited disclosure (and that only by motion) so far, much evidence is now known to exist from the agency itself which raise a triable issue of fact as to whether the agency has acted in an arbitrary and capricious manner or indeed abused it's discretion. For example, Chapter 10 of Handbook 318 annexed as Exhibit "D" to Notice of Motion states the following:

Paragraph

1010    REVIEW OF RECOMMENDATION AND CASE FILE.

A       Background   The determining office shall review the background material in the case file for completeness. Any missing documentation relevant to the determination shall be requested from the field office, or other providing office. Items to be checked include:

1       Copies of WARNING (confirming) letters issued to the firm within the 3 year period prior to the investigation;

2       A record of the monitoring and compliance

---

3The Supreme Court has just this year issued it's decision in Met Life Ins. Co. Ys. Glenn, 128 S. Ct. 2343 (2008) which indicates it's strong preference for the abuse of discretion test as a significantly easier test for plaintiffs to meet than the "arbitrary and capricious" test in the Erisa, if not also administrative law context. Part of the reason why the Supreme Court there abandoned the arbitrary and capricious standard was for the very problem facing plaintiff as bar, i.e. the District Court erroneously believed plaintiffs are entitled to no discovery under such a test (i.e. limited, rather than plenary review) NYLJ "Metlife vs. Glenn" 9/15/08, p. 4, co!. 3.

> visits with the firm for the 3 year period prior
> to the investigation;  and

Clearly, the agency's emphasis on including prior warning letters and a record of monitoring and compliance visits indicates how important these procedures are in the eyes of the agency itself; yet, remarkably, none of these due process safeguards were afforded plaintiff at bar as none were included in the agency's file as produced in support of the instant motion. (plaintiffs Record "A-R").

19.    At various junctures in Chapter I0, the agency concedes in writing how essential it is to fairness that the agency's discipline (sanctions) be consistently applied; e.g.:

Paragraph

1020    "In order to protect the Program from abuse, appropriate penalties shall be imposed against authorized firms found to be violating.  It is essential that these penalties be applied in a consistent manner and be based on fully documented evidence.

1020    The determining official shall strive for a determination which is both reasonable and consistent with regulations and with previous determinations in similar cases.

1050    Determining offices are responsible for setting up effective controls to ensure that determinations calling for actions less than disqualification are made in a consistent, reasonable, and equitable marmer.

20.    The agency's own Handbook also emphasizes how flagrant the violations must be, to wit: truly flagrant and/or egregious type before the agency's officers disqualify the

vendor/licensee:

<u>Paragraph</u>

    1022   As a general rule, a case must have <u>flagrant violations</u> such as <u>trafficking</u> in food stamp benefits or ATPs, or <u>a minimum of three clearly violative transactions involving ineligible items</u> to warrant a sanction.

21.    And, correlatively, the agency's own Handbook emphasizes how various alternatives to disqualification are available to that severe ultimate remedy; strongly suggesting an agency policy preference for the same:

<u>Paragraph</u>

    1050   <u>ACTION LESS THAN</u><u>DISQUALIFICATION.</u> Determining offices are authorized to make final determinations calling for actions less than disqualification in investigative cases, and to close the files on such cases upon completion of any administrative action. Determinations for actions less than disqualification call for [mal determination WARNING letters or, in some cases, no administrative action.

22.    And lastly, the agency's own ("internal") Handbook provides that the officer is to distinguish gradations of seriousness of violation in credit sales cases by determining whether each credit sale was of a (food coupon) "eligible" or "ineligible item":

<u>Paragraph</u>

    1021   5 <u>Credit Payment Violations.</u> The acceptance of food stamp benefits in payment or credit accounts is a violation of the regulations, regardless of whether or not the items sold on credit and subsequently paid for with food stamp benefits were eligible. However, <u>the distinction between types of</u>

ineligible items noted in paragraph 2 a, above, applies to the
evaluation of credit violations as well as to the sale of
ineligible items for food coupons.

23.    There is no evidence at bar that any of these agency rules and internal policy [in
particular ~I02I(5)]  were complied with, as was noted above, there is no affidavit from the
Secretary. Therefore, there is no reason for this Honorable Court to defer to the agency's  "exercise
of discretion"  because on this record it has repeatedly failed to follow its own (internal) rules and
policies as set forth above. In sum, there is a triable issue of fact on the issue of arbitrary and
capricious agency conduct and abuse of discretion.

## MOVANT'S ADMISSIONS REQUIRE DENIAL OF THE DRACONIAN REMEDY OF SUMMARY JUDGMENT

24.    In addition to the many fact admissions which movants moving papers make, movant
makes various admission of law which require denial of it' s motion for draconian relief (draconian
relief of summary judgment).  One admission of law is the requirement of Willy' s Grocery at page
9, last two lines of movant's Memorandum of Law. There movant admits that if the agency has not
followed it's own regulations, the discipline must be reversed. Plaintiff submits it has demonstrated
this as fact at least for the particular purposes of Rule 56 motion which "searches for issues" and
does not resolve them. Second, the movant admits at its Memorandum of Law at p. **11,** second
paragraph that the regulations do not by their terms, on their face, provide for disqualification as a
penalty for accepting program benefits (food coupons or elective credits) for items purchased on
store credit in violation of 7 CFR §278.2(f). Movant attempts to "cure" this fatal infirmity in the
process of imposition of disqualification of plaintiff at bar by reference to FNS Handbook 318

which movant admits to be and expressly denotes as "FNS internal guidelines".

25.    The court must .deny summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law; in all other cases, the court enjoys some discretion to deny summary judgment where the court concludes that a fuller factual development is necessary, *see* Kennedy vs. Silas Mason Co., 334 U.S. 249, 68, S.Ct. 1031,92 L.Ed. 1347 (1948) or where there is some particular reason to believe that the wiser course would be to proceed to trial. *See* Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed. 2d 202 (1986). In ruling on a motion for summary judgment, the court must never weigh the evidence or find the facts. Instead, the Court's role under Rule 56 is narrowly limited to assessing the threshold issue of whether a genuine issue exists as to material facts requiring a trial. Thus, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party' s favor. *See* Hunt vs. Cromartie, 526 U.S. 541, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999); Eastman Kodak Co. Vs. hnage Technical Servs., Inc., 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed. 2d 265 (1992).

26.    Consequently, both dismissal and summary judgment are premature and inappropriate at this time. Little discovery has occurred; summary judgment is a draconian remedy, and it depri ves the plaintiff of his day in Court and, at bar, his livelihood.

WHEREFORE,  plaintiff  requests  denial  of the motion  in its entirety  and  the  issurance  ofa

discovery  schedule.

Dated:  Bronx,  New  York
        August  7, 2008

                              Yours,  etc.,


                              _____
                              PETER R. SHIPMAN (#9786)

UNITED  STATES  DEPARTMENT   OF AGRICULTURE
SOUTHERN  DISTRICT  OF NEW  YORK
--------------------------------------------------------------------------)¢
FRANKLYN  F. LUGO,

                                   : 08 Civ.  2960  (RJS)

                    Plaintiff,

                                   :AFFIDA VIT  IN  OPPOSITION

           - against  -

UNITED  STATES  OF AMERICA,

                    Defendant.

--]--------------------------------------------------------------------------)¢
 |
STATE  OF NEW  YORK)
COUNTY  OF BRONX    ) ss.:

       FRANKLYN  F. LUGO, being  duly  sworn  hereby  deposes  and states  the following:

       1.      Your  deponent  is the plaintiff  in the above captioned  action and makes  this affidavit in ~opposition to the defendant's  motion  for summary  judgment.

## MY  RECORD  SPEAKS  FOR  ITSELF

       2.      Your  deponent  has  never  violated  the Act before  these  allegations  were brought against me.  I have a clean  record  in this business  both food coupons  and otherwise.   Of all my various  licenses,  WIC, SLA, tobacco,  etc., defendant  herein  is the only  one which  has ever complained  about my conduct  or store.  Defendant  has not alleged  that any store has ever violated the law before  the events  of this case.

## FNS  UNFAIRNESS   AND  DENIAL  OF DUE  PROCESS  OF APPLYING   PENALTIES

       3.      Yes,  deponent  did receive  the  training  video,  and also  the regulations/  "Do's  and Don'ts"  List as alleged  in the "undisputed  facts"  attachment  of defendant.  However,  deponent  has

1

never received, nor does the defendant even claim, that deponent ever received the FNS Handbook #318 containing all these other policies and positions ofFNS, which, in reality constitute an entirely separate set of rules supplementary or even at variance with, the official or public-rules handed out to licensees. Counsel for movant exclusively relies upon these unknown rules and guidelines to disqualify me for credit sales. The FNS Handbook should have been disclosed to the public prospectively, or at least to those whom FNS intends to discipline, to wit, the licensees themselves, not after imposition of discipline.

4.      In my particular case, this means that there was no official regulation explicitly warning licensee that I could lose this license for permitting credit sales, (counsel advises neither §278.6(E)4 nor 278 in general explicitly or clearly state so) and the defendant's Memorandum at Law at p. 11 concedes it. Worse still the FNS, in order to avoid not only trial but also due process required discovery, comes forward with a hitherto totally unknown and undisclosed "Handbook" stating that a licensee can and should be disqualified for providing wholesome foods (not beer, cigarettes, etc.) for credit sales to indigents. Even more egregious, my counsel also advises that in a similar but unrelated case, In Re: Garland Supermarket Inc. the FNS discipline office (perhaps quite unintentionally) let slip out that in addition to the Chapter 10 of Handbook #318, the FNS has issued an entire series of policy statements and "clarification" letters which constitute guideline memoranda impacting discipline in general, but which in particular heavily determine when the agency is to impose disqualification instead of imposing CMP for credit sales type violations. Without disclosure ofthe FNS Handbook #318 and all other secret policy statements and guideline memoranda which are being employed against me, I cannot be fairly or realistically expected to properly oppose the instant motion, nor properly prepare for trial.

2

## FNS WRONGFUL REFUSAL TO SUBSTITUTE A CMP FOR DISQUALIFICATION

5.    The refusal of FNS to substitute a civilian monetary penalty in lieu of a disqualification is wrongful, arbitrary and capricious and an abuse of discretion. First, the defendant has not shown that any neighboring store carries the same variety of food staples at comparable prices all of which is indicated under the regulation for denying a CMP to this licensee. The nearest store is "JD 248" four blocks away, and even that my patrons do not wish to use because it does not have quick convenient service to offer. Neither has the agency shown that any neighboring store offers the same quick stop convenience as my store. Again, how can I be expected to challenge the hidden CMP criteria rules, regulations, policies, guidelines and their proposed application to the facts of my case when I do not know nor my counsel nor even the Court knows what they are?

6.    Second, virtually all the stores which FNS claims are "nearby" are, by defendant's own Exhibits (maps) over ~ mile away from deponent's store.[1] The "guidelines" ofthe agency to the effect that any store within one mile of the disqualification store satisfies the agency's rules for lack of neighborhood hardship and thus denial of a CMP is entirely irrational, arbitrary and capricious. A one mile rule in a city as opposed to non urban environments simply flies in the face of what all know to be true in the inner city; the presence of high numbers of indigents with no private transportation, combined with high numbers of the elderly, the infirm, and the public transportation access challenged.

---

IThe only store less than ½ mile away is "JD 248 Food Corp." and that has no inventory convenience for residents; it include long lines and waits.

7.    It is also arbitrary and capricious and an abuse of discretion for the agency to have waived either the requirements (which many annexed exhibits show are mere precatory guidelines) in the CMP regulations when USDA (FNS) granted a CMP in all the cases annexed hereto as Exhibits ("A-K"), yet to single out my store in refusing to grant a CMP "based on the regulation's requirements" .

WHEREFORE, I respectfully requests denial of the motion for summary judgment by defendant.

Sworn to before me this
7___ day of August 2008

_Li:iD_ JZ 51

NOTARY PUBLIC

_p-e..--r:et    ~.    5t1 lPfLttti^v_

_{(/ 4(L-W_ ıJL _lJ ~y.    ~    -_

_E~~    ~/'-cy  :l/;) ~9_

_J6 o "f...sti Y7 cr() l 3 (_

FRANKLYN F. LUGO

4

*08 CN.* 2960 (RJS)

UNITED  STATES  DEPARTMENT  OF AGRICULTURE
SOUTHERN  DISTRICT  OF NEW  YORK

FRANKLYNF.  LUGO,

                                        Plaintiff,

            - against -

UNITED  STATES  OF AMERICA,

                                        Defendant.


**AFFIRMATION   IN OPPOSITION  TO MOTION  FOR** SUMMARY  **JUDGMENT**


CODELIA  **&** SOCORRO,  P.c.
Attomey( s) for Plaintiff( s)
1967 Turnbull  Avenue,  Suite  #6
Bronx,  New  York  10473
(718)  931-2575


To                                      Signature (Rule 11 Certification)

                                        _____
                                        Print name beneath
                                        PETER R. SHIPMAN #9780

                                        Service  of a copy  of the within  is hereby  admitted.
                                        Dated:

bh:i:bit  A



U.S. Departfuent oj Justice

*United States Attorney*
*Southern District of New York*

*100 Church Street*
*New York; New York 10007*

January 29, 1997

Ernest Codelia
1967 Turnball Avenue
Bronx, NY 10473

        Re:  1278 Felix Grocery, Inc. v. Food and Consumer
             <u>Service, U.S. Department of Agriculture</u>
             96 Civ. 7333 (KMW)

Dear Mr. Codelia:

        Enclosed is a copy of the Stipulation of Settlement
that was So Ordered by the Court.  Pursuant to paragraph 3 of the
Stipulation, please pay the first installment as soon as
possible.

        Thank you.

                    Very truly yours,

                    MARY JO WHITE
                    United States Attorney


            By:   _Lisa A. Jonas_
                  LJ.sa A. Jonas,
                  Assistant Uni· d States Attorney
                  Telephone:  (212) 385-6367

Enc.

LAJ/ap



MARY.JO WHITE
United States Attorney for the
Southern District of New York
By: LISA A. JONAS
100 Church Street, 19th Floor
New York, New York  10007
Tel. No.: (212) 385-6367



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - -    x
1278 FELIX GROCERY, INC.

                 Plaintiff,                    STIPULATION AND
                                               ORDER OF SETTLEMENT
       - against -
                                               96 Civ. 7333 (KMW)
FOOD AND CONSUMER SERVICE,
UNITED STATES DEPARTMENT OF
AGRICULTURE,
                 Defendant.

------------                   x


       WHEREAS plaintiff 1278 Felix Grocery, Inc.

("'plaintiff') filed this action seeking to set aside an

administrative decision, dated August 6, 1996, of the United

States Department of Agriculture ("USDA" Or "defendant"),'

reviewing and sustaining an earlier USDA decision disqualifying

plaintiff from the Food Stamp Program for one year;

       NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and

between the undersigned, as follows:

       1.   Plaintiff agrees to withdraw this action with

prejudice and without costs, expenses or attorneys' fees.

       2.   Plaintiff agrees to pay to defendant a total

amount of $17,000.

       3.   The above-referenced amount shall be paid in 12

installments, by certified check made payable to the "United

States Department of Treasury."  The first installment in the

*Woo5N*

MARY JO WHITE
United States Attorney for the
Southern District of New York
By: LISA A. JONAS
100 Church Street, 19th Floor
New York, New York 10007
Tel. No.: (212) 385-6367

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- -- - - - - - - - - - - - -x
1278 FELIX GROCERY, INC.

                    Plaintiff,           :    STIPULATION AND
                                         :    ORDER OF SETTLEMENT
          - against -                    :
                                         :    96 Civ. 7333 (KMW)
FOOD AND CONSUMER SERVICE,               :
UNITED STATES DEPARTMENT OF
AGRICULTURE,                             :
                    Defendant.           :
                                         :
- - - - - - - - - - - - -      x

          WHEREAS plaintiff 1278 Felix Grocery, Inc.

("plaintiff") filed this action seeking to set aside an

administrative decision, dated August 6, 1996, of the United

Stat~s Department of Agriculture {"USDA" or "defendant"},

reviewing and sustaining an earlier USDA decision disqualifyi~g

plaintiff from the Food Stamp Program for one year;

          NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and

between the undersigned, as follows:

          1.    Plaintiff agrees to withdraw this action with

prejudice and without costs, expenses or attorneys' fees.

          2.    Plaintiff agrees to pay to defendant a total

amount of $17,000.

          ~.    The above-referenced amount shall be paid in 12

installments, by certified check made payable to the "United

States Department of Treasury." The ·first installment in the

amount of $1,416.67, shall be due upon notice of the entry of this Stipulation and Order -of Settlement. The ensuing 1.1 installments, each in the amount of $1,416.67, shall be due on the first of each month beginning on February 1, 1997. Said checks shall be delivered on or before those dates to the United States Attorney's Office, Southern District of New York, 100 Church Street, 19th Floor, New York, New York 10007, Attention A.U.S.A. Lisa A. Jonas.

4. Plaintiff agrees to provide a $1,521.00 bond or letter of credit to the United States Department of Agriculture, New York City Field Office, pursuant to 7 U.S.C. § 2021, within 30 days of this Stipulation and Order of Settlement. Said bond or letter of credit shall be delivered to: Angela Mackey, Food and Consumer Service, U.S.D.A., 201 Varick Street, Room 609, New York, New York 10014, and shall remain in force for the duration of plaintiff's participation in the Food Stamp Program.

5. If plaintiff fails to pay any installment when due or to provide the above-referenced bond or letter of credit, plaintiff shall be deemed in default of this Stipulation and Order of Settlement and agrees: (1) to an automatic one-year disqualification from the Food Stamp Program commencing on the 5th day of any month for which there is non-payment of an installment; (2) to waive its right to an administrative or judicial review of such disqualification; (3) that the Government shall retain any portion of the total amount of $17,000 that plaintiff may have already paid; and (4) that the balance due on the total amount of $17,000 shall be due to the Government.

immediately.

6.    Plaintiff   further   agrees  to  comply  with  all   of  the applicable   laws  and  regulations   of  the  Food  Stamp Program,  to fulfill    its    obligations    as  set  forth  in  this  Stipulation   and Order of  Settlement'  and to  be  placed  on  probation  for  a  one-year period  commencing from  the  date  of  the  execution  of  this Stipulation    and  Order of  Settlement.    If  a  random inspection during  this  period  of  probation  reveals  any  violation   of  the  Food stamp Act  of  1977,  as  amended, 7 U.S.C.  §§2011 fi. gg.  (the "Food Stamp Act"),  committed by plaintiff    or  any  agent  or employee of  plaintiff,  plaintiff  agrees  (1)  to  an  automatic  one-year  disqualification     from the  Food Stamp Program; (2)  to  waive its  right  to  any administrative   or  judicial   review  of  such disqualification;    (3)  that  the  Government shall   retain  any portion  of  the  total   amount of  $17,000 that  plaintiff    may have already  paid;  and (4)  that  the  balance  due  on  the  total   amount of $17,000 shall   be due  to  the  Government immediately.

7.    Defendant and plaintiff    acknowledge,  understand and agree  that  this  stipulation   and Order of  Settlement  sets forth  the  entire  agreement  between  the  parties   and  fully supersedes any and all   prior  agreements or  understandings  between the  parties   pertaining   to  the  subject  matter hereof .

8.    Plaintiff   acknowledges and represents  that  in executing  this  Stipulation  and Order of  Settlement,   it  does not and has not relied   upon any representations   or  statements ot~leilr than those  contained  herein,   by  the  USDA,  or  any of  the  USDA'ISI' agent~,  officers,    representatives   or  attorney,;  with  regard  to  the

subject matter, basis or effect of this Stipulation and order of Settlement.

9.    This Stipulation and Order of Settlement shall be binding upon plaintiff and its legal representatives, successors and assigns.

10.    This Stipulation and Order of Settlement may be presented to the Court to be So' ordered without any further notice to the parties.

11.    This Court shall retain jurisdiction over a1l matters concerning this Stipulation and Order of Settlement.

Dated:    New YOrk, New York
          June l::eudJer'    - -,   1-915
          ,- 6,"-1?-

                              MARY JO WHITE
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendant

          By:    v~    _0,·Q/~_

                 LISA A. JONAS(LJ-9522)
                 ,ASsist,ant UnitJid States Attorn~Ylil
                 100 Church Street, 19th Floor   ~:
                 New York, New York 10007
                 Tel. No.:    (212) 385-6367

ERNEST CODELIA P.C.
Attorney for Plaintiff

By:

ERNEST CODELIA (EC-
1967 Turnbull Avenue
Bronx, New York 10473
Tel. No.: (718) 931-2575

1278 Felix Grocery, Inc.
By: Felix Martinez
President and Owner

SO ORDERED:

UNITED STATES DISTRICT JUDGE

**Exhibit  B**

MARY JO WHITE
United states Attorney for the
Southern District of New York.
Attorney for the Defendant United
States Department of Agriculture
By: RAMON E. REYES, JR. (RR-5545)
Assistant United States Attorney
100. Church Str~et, 19th Floor
New York, New York 10007
Telephone: (212) 637-2740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          x

PEDRO SANTANA, 74 NAGLE
GROCERY,

        Plaintiff,

   -against-

UNITED STATES DEPT. OF AGRICULTURE,
FOOD AND CONSUMER SERVICE,

        Defendant.          x

STIPULATION AND
ORDER OF SETTLEMENT
AND DISMISSAL

98 Civ. 6150 (SHS)

WHEREAS plaintiff Pedro Santana, doing business as 74 Nagle

Grocery ("plaintiff"), filed this action seeking to set aside a

decision, dated July 23, 1998, of the United States Department of

Agriculture, Food & Nutrition Service ("FNS" or "defendant")

disqualifying plaintiff for six months from the Food Stamp Program;

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and between

the undersigned, that this action shall be dismissed with prej;udice

and without costs, expenses, or attorney's fees, subject to.,the

following terms and conditions:

1. Plaintiff agrees to pay defendant a fine of $25,000~00 in

full settlement of the claim herein.

2. The fine described in ₥ 1 shall be due in monthly

installments, by certified check or money order made payable to the

United states Department of the Treasury, and shall be delivered to the United states Attorney's Office, Southern District of New flrk, 100 Church Street, New York, New York 10007, Attn:  Ramon E. Reyes, Jr.  The first installment, for $3,000.00 , shall be due seven (7) days after this Stipulation and Order of Settlement and DismLfssal (It stipulation") has been signed by all parties and "so ordere?1~by the Court.  The remaining $22,000.00 shall be paid in eleven l~al monthly installments of $2,000.00 each, with each installment due on the first of every month, beginning on November 1, 1998!and extending through September 1, 1998.  Said certified chec~J or money orders shall be delivered to the United States Attorney's Office, Southern District of New York, 100 Church Street, New York, NeW York 10007, Attn:  Ramon E. Reyes, Jr.

3.  Plaintiff agrees to provide, within fifteen (15) days of the execution of this Stipulation, a $4,243.00 bond or letter of credit to the United States Department of Agriculture, New York City Field Office, pursuant to 7 U.S.C. § 2021.  Said bond. or letter of credit shall be delivered to:  Angela Mackay, Off~cer In Charge, Food and Nutrition Service, United States Department of Agriculture, 252 7th Avenue, Section 4R, New York, New York 10b01, and shall remain in force for the duration of the one ~ear probation period referenced to in , 5 below.

4.  If plaintiff. fails to provide said bond or letter of credit when due, plaintiff shall be deemed in default of ,fhis stipulation and agrees (a) to an automatic six (6)ro6nth disqualification from the Food Stamp Program commencing thle day

2

after the due date of said bond or letter of credit; (b) to ~~ive his right to an administrative or judicial review of!1 such disqualification; and (c) to forfeit any portion of the totall~ine in the amount of $25,000.00 that plaintiff may have alreadyb~id.

5.    Plaintiff further agrees to comply with all appli~kble laws and regulations of the Food stamp Program; to fulfill his obligations as set forth in this Stipulation; and to be placed on probation for a one (1) year period commencing with the execut~on of this Stipulation.  If a random inspection during this per~od. of probation reveals any violation of the Food Stamp Act of 197117;r as amended, 7 **U.S.C.** §§ 2011-29, committed by any principd:D or employee or agent of the plaintiff, plaintiff agrees (a) to 'FNS's determination of a violation and the imposition of whatever pehalty may be applicable to such violation under the Food Stamp Pro'giram; (b) to waive his rights to an adritinistrative or judicial revii!elwf FNS's determination and imposition of such penalty; and *(t)* to forfeit any portion of the total fine in the amount of $25,~01.01.00 that plaintiff may have already paid, as well as the $4,243 bont! or letter of credit referenced in ~ 3 above.

6.    The FNS hereby modifies its decision, dated Julyī 23, 1998, disqualifying plaintiff from the Food Stamp Program for a period of six months.  Defendant agrees that, subject to th~ i~lirms of this Stipulation, plaintiff shall continue to have the prl~~llege of full participation in the Food Stamp Program upon the execution of this Stipulation.

7.    Defendant  and plaintiff  acknowledge,  understan d and  agree that  this  Stipulation  sets  forth  th~ entire  agreement  betweehi the parties  relating  to  the  subject  mat'ter hereof.

8.    Plaintiff  acknowledges  and represents  that  in executing this  Stipulation  he  does  not  and  has  not  relied  uponil  any representations  or  statements  other  than  those  contained  hereih~ by the  United  States  Department  of  Agriculture  or  its  agents, officers,  representatives  or'attorneys  with  regard  to  the  sUbject matter,  basis  or  effect  of  this  Stipulation.

9.    This  agreement  shall  be  binding  upon  and  inure  t9 the benefit  of  the  parties  and  their  respective  legal  representat~~es, successors  and  assigns.

10.  This  Stipulation  may  be  so  ordered  by  the  Court  without any  further  notice  to  the  parties.

September'~,  1998

By: _____
    PEDRO SANTANA
    Plaintiff


ERNEST  CODELIA,  P.C.
Attorneys   for  Plaintiff

septemberl~,  1998

By: _____
    ERNEST  CODELIA  (EC-6375)
    1967 Turnbull  Avenue
    Bronx,  New York 10473
    Tel.  No.:  (718)  931-2575

4

MARY JO WHITE
United States Attorney for lithe
Southern District of New York
Attorney for Defendant FNS

September 11, 1998    By:  _____

RAMON E. REYES, JR. (RR~5$45)
Assistant United S tes ttb:rbey
100 Church Street, 19th Floor
New York, New York 100071
Tel. No.: (212) 637-2740


Dated:    New York, New York
        September __, 1998


SO ORDERED:



United States District Judge

Exh,ibit  C

MARY JO WHITE
United States Attorney  for  the
Southern  District  of New York
Attorney  for  the  Defendant  United
States Department  of  Agriculture
By: LISA R. ZORNBERG (LZ-1299)
Assistant  United  States  Attorney
100 Church  Street,  19th  Floor
New York, New York 10007
Telephone:  (212) 637-2720


UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  NEW  YORK
----------------------------------X

RAFAEL  MARTINEZ,                              STIPULATION  AND
WATSON  FOOD  CENTER,  INC.                    ORDER  OF  SETTLEMENT
                                               AND  DISMISSAL

           Plaintiffs,

                                               00 Civ.  2970  (NRB)

      -against-

UNITED  STATES  DEPT.  OF  AGRICULTURE,
FOOD  AND  CONSUMER  SERVICE,

           Defendants.
----------------------------------X

           WHEREAS  plaintiff  Raf,ael Martl,'nez,doing  business  as'
Watson  Food  Center  ("plaintiff II),filed  this  ,actionseeking"~9,'1
set  aside  a  decision,  dated  April  11,  2000,  of  the  United  Stiltiies
Department  of  Agriculture,  Food  &  Nutrition  Service  ("FNS"  o~
Idefendant ")  disqualifying  plaintiff  for  six  months  from  the  !!~Ood
Stamp  Program;

    NOW,  THEREFORE~  IT  IS  STIPULATED  AND  AGREED,  by  and  between
the  undersigned,  that  this  action  shall  be  dismissed  with
prejudice  and  without  costs,  expenses,  or  attorney's  fees,
subject  to  the  following  terms  and  conditions:

           1.  Plaintiff  agrees  that,  within  fifteen  (15)  days
after  this  Stipulation  and  Order  of  Settlement  and  Dismissal
(IlStipulation¹¹)has  been  signed  by  all  parties  and  IIS0 ordered II
by  the  Court  (Ifhe  Due  Date II),  plaintiff  shall:

(a)    pay    defendant    a    fine    in    the    amount    of    $3,000. Said    fine    shall    be    paid    by    certified    check    or    money    order    made payable    to    the    United    States    Department    of    the    Treasury,    and delivered    by    the    Due Date    to    the    United    States    Attorney    is    Offiffe, Southern    District    of    New York,    100    Church    Street,    New York,    New York    10007,    Attn:    Lisa    Zornberg;    and

(b)    provide    a    $1,000    bond    or    letter    of    credit    ~o the    United    States    Department    of    Agrfculture,    New York City    Field Office,    pursuant    to    7 U.S.C.    § 2021.    Said    bond    or    letter    of credit    shall    be    delivered    by    the    Due Date    to:    Angela    Mackey, Officer    In Charge,    Food and Nutrition    Service,    United    States Department    of    Agriculture,    201    Varick    Street,    Room 609    New Yo~k, New York    10014,    and    shall    remain    in    force    for    the    duration    Of:!fhe six    month    probation    period    referred    to    in    ~ 3 below.

2.    If    plaintiff    fails    by    the    Due Date    both    to    pa~    the $3,000    fine    and    provide    the    $1,000    bond    or    letter    of    credit, plaintiff    shall    be    deemed    in    default    of    this    Stipulation    and    1 ~ agrees    (a)    to    an    automatic    six    month    disqualification    from    the:1 Food    Stamp    Program    commencing    the    day    after    the    Due Date;    (b) ~o waive    his    right    to    an    administrative    or    judicial    review    of    such disqualification;    and    (c)    to    forfeit    any    portion    of    the    $3,00pli fine    that    plaintiff    may have    already    paid.

3.    Plaintiff    further    agrees    to    comply    with    all applicable    laws    and    regulations    of    the    Food    Stamp    Program;    to:! fulfill    his    obligations    as    set    forth    in    this    Stipulation;    and    to be    placed    on    probation    for    a    six    month    period    commencing    with    the

2

execution of this Stipulation. If a random inspection during this period of probation reveals any violation of the Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011-29, committed by any principal or employee or agent of the plaintiff, plaintiff agrees (a) to FNS.S determination of a violation and the imposition of whatever penalty may be applicable to such violation under the Food Stamp Program; (b) to waive his rights to an administrative or judicial review of FNS's determination and imposition of such penalty; and (c) to forfeit the $3,000 fine and $1,000 bond letter of credit referenced in , 1 above.

4. The FNS hereby modifies its decision, dated April II, 2000, disqualifying plaintiff from the Food Stamp Program for a period of six months. Defendant agrees that, subject to the terms of this Stipulation, plaintiff shall continue to have the privilege of full participation in the Food Stamp Program upon the execution of this Stipulation.

5. Defendant and plaintiff acknowledge, understand and agree that this Stipulation sets forth the entire agreement between the parties relating to the subject matter hereof.

6. Plaintiff acknowledges and represents that in executing this Stipulation he does not and has not relied upon any representations or statements other than those contained herein, by the United States Department of Agriculture or its agents, officers, representatives or attorneys with regard to the subject matter, basis or effect of this Stipulation.

3

7.    This agreement shall be binding upon and inure to" the benefit of the parties and their ,respective legal representatives, successors a~d assigns.

8.    This Stipulation may be so ordered by the Court without any further notice to the parties.

Dated: New York, New York
       June _, 2000

/ ~t~L~ C'· ~
RAFAEL MARTINEZ, Plaintiff

ERNEST CODELIA, P.C.
Attorneys for Plaintiffs

By:

ERNEST CODELIA (EC-6175)
1967 Turnbull Avenue
Bronx, New York 10473
Tel: (718) 931-2575

MARY JO WHITE
United States Attorney for the
Southern District of New York
Attorney for Defendants

By:

LISA R. ZORNBERG (LZ~99)
Assistant United States Attorney
100 Church Street -- 19th Floor
New York, New York 10007
Tel:    (212) 637-2720

SO ORDERED:

UNITED STATES DISTRICT JUDGE

6/19/00

4

•

**Exh,ibit D**

**Ernest  Cadelia,  P.C.**          *Attorneys-at-Law*

1967 Turnbull Avenu~
Bronx. New York 10473
Tel: (718) 931-2575
Fax: (718) 931-1121

December  27,2000

Teudo  Gonzalez
c/o  Grocery  Store
931 Fox  Street
Bronx,  New  York

Re:     Teudo  Gonzalez
        vs.  U.S.  Department   of Agriculture

Dear  Mr.  Gonzalez:

For  your  records,  enclosed  herewith  please  fmd a Stipulation  and Order  with reference  to your
violation  of the food  stamp  regulations  with  a copy  to the United  States  Attorney  paying  a $3,500.00
penalty,  and also a letter to Banco  Popular  with a check  that was given  to them for $1,000.00  for the
letter  of credit.

Note  that the bank  is forwarding  the Letter  of Credit  directly  to Angela  Mackey  at the United  States
Department   of Agriculture's   office  at 201  Varick  Street,  New  York,  New  York.

If there  are any  questions  on this matter  please  advise.

Very  truly  yours,

Ernest  J.  Codelia,  Esq.

*EJC/ms*
enc.



**Ernest Cadelia, P.C.**          *Attorneys-at-Law*

1967 Turnbull Avenue
Bronx, New York 10473
Tel: (718) 931-2575
Fax: (718) 931-1121

December 19, 2000

United States Attorney's Office
Southern District of New York
100 Church Street - 19th Floor
New York; ~ew York.l0007
Attn.: Edward Chang

Re:    Teudo Gonzalez
       Gonzalez Deli-Meat Grocery
       vs. U.S. Department of Agriculture
       Food and Consumer Service
       Docket No. 00 Civ. 8458 (AGS)

Dear Counselor:

Enclosed find the undersigned's escrow check in the sum of $3,500.00 payable to the United States Treasury, in compliance with Paragraph 2 of Stipulation of Settlement dated December 11, 2000.

Very truly yours,

Ernest J. Codelia, Esq.

EJC/ms

---

IOLA-ERNEST CODELIA PC
ATTORNEY ESCROW ACCOUNT
1967 TURNBULL AVE.
BRONX, NY 10473

2542

1-2
210/794

DATE 12/19/2000

PAY TO THE ORDER OF   United States Treasury                    $ 3500 00

Three Thousand Five Hundred 00/100 ————————— DOLLARS

CHASE   The Chase Manhattan Bank
784 Castle Hill Avenue
Bronx, NY 10473

FOR   00 Cw-8458 (AGS)              Teudo Gonzaiez v USDA

⑈00254 2⑈  ⑈021000021⑈ 357068460165⑈

# Ernest Codelia, P.C.    *Attorneys-at-Law*

1967 Turnbull Avenue
Bronx, New York 10473
Tel: (718) 931-2p~5
Fax: (718) 931-1121

FAXED
12/21/00
Tel. # (718) 299·7248

December 21, 2000

<u>Via Fax (718) 299-7367</u>
Attn.: Miguel Vargas, Manager
Banco Popular
1046 Southern Boulevard
Bronx, New York 10459

Re:    Gonzalez Deli-Meat Grocery
       931 Fox Street
       Bronx, New York
       Account No. 29240-20

Dear Mr. Vargas:

I have called your offices two days running and I have not been able to get a response £ibin you, although I have left the message indicating what I am calling about.

Please note that I need a $1,000.00 letter of credit made to the United States DepaJJent of Agriculture, Northeast Regional Office from your ~eference above depositor.

It is imperative that I be advised what are the steps to procure this letter of credit which wiu'l bF open indefinitely until such time as Mr. Gonzalez terminates his account with the Departirtent of Agnou lure.

Please advise as soon as possible cost and the steps required to procure said letter, noting thlt!lr need to have this letter no later than December 27th, 2000 and if I do not have same Mr. Gonza1e;~ban be terminated from the Food Stamps Program ..

Very truly yours,

Ernest J. Codelia, Esq.

EJ *C/ng*

```
UNITED  STATES  DISTRICT  COURT                      OR\G\t~AL
SOUTHERN  DISTRICT  OF NEW YORK
- - - - - - - - - - - - - - - - -:X
TEUDO  GONZALEZ
GONZALEZ  DELI-MEAT  GROCERY,

                    .Plaintiffs,

    - against  -                          00 Civ. 8458  (AGS)

U.S.  DEPT.  OF AGRICULTURE
FOOD  &  CONSUMER  SERVICE,

                    Defendant.
    - - - - - - - - - - - -:X
```

## STIPULATION  AND  ORDER

WHEREAS  plaintiff  Teudo  Gonzalez  is  the  sole
proprietor,  owner  and  operator  of  plaintiff  Gonzalez  Deli-Meat
Grocery  (IIthe Grbceryll)¡  and

WHEREAS  plaintiffs  filed  this  action  seeking  to  set
aside  a  decision,  dated  July  12,  2000,  of  the  United  States
Department  of  Agriculture,  Food and Nutrition  Service  ("FNSIII,)
disqualifying  plaintiff  for  si:K months  from  the  Food  Stamp
Program  (lithe Program11)¡

NOW,  THEREFORE,   IT IS STIPULATED  AND AGREED,  by  and
between  the  undersigned,   that  this  action  shall  be  dismissed  with
prejudice  and  without  costs,  e:Kpenses,  or  attorney's  fees,
subject  to  the  following  terms  and  conditions:

1.   This Stipulation  and Order  (IIAgreement11) shall
take  effect  only  after  being  signed  by  all  parties  and  IIS0
ordered"  by  the  Court.   The  Effective  Date  shall  be  the  day  that
plaintiffs'  counsel  receives  notice  that  the  Stipulation  and

Order is in effect.

    2.   Plaintiffs agree to pay FNS a fine of $3,500 in full settlement of the claim herein.

    3.   The fine described in paragraph 2 shall be pa~d by certified check or money order, payable to the United States Department of the Treasury, and shall be du.e seven days after the Effective Date. PaYment shall be made to the following addr~ss:

        United States Attorney's Office
        Attn: Edward Chang
        Southern District of New York
        .100 Church St., 19th floor
        New York, NY  10007

    4.   pursuant to 7 U.S.C. § 2021, plaintiffs shall provide a $1,000 bond or letter of credit to the United States Department of Agricul ture, Northeast Regional Office'l that shall remain valid at all times during which plaintiffs are authorized to participate in the Program .

    5.   The bond or letter of credit described in paragraph 4 shall be delivered to the following address no later than fifteen days after the Effective Date:

        Ms. Angela Mackey
        Officer in Charge
        USDA Food and Nutrition Service
        201 Varick St. rID. 609
        New York, NY  10014

    6.   Plaintiffs shall be on probation for a six month period commencing with the Effective Date. Any violation of the Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011-29, or the

2

regulations promulgated thereunder, committed by any principal, employee, or agent of the plaintiffs shall be deemed a violation of probation. "

7.    In the event of any violation of probation, plaintiffs agree (a) to FNS's imposition of whatever penalty may be applicable to such violation under the Program; (b) to watve any rights to an administrative or jUdicial review of whethe~ a violation of probation occurred or of the penalty imposed; and (c) additionally, to forfeit the bond or letter of credit described in paragraph 4.

8.    If plaintiffs fail to pay the fine described ih paragraph 2 when due, or fail to provide the bond or letter of credit described in paragraph 3 when due, plaintiffs shall be in default.

9 .   In the event of a default, plaintiffs agree (a) to an automatic disqualification from the Program commencing the day following the default; (b) to waive any right to administrative or judicial review of such disqualification; and (c) to forfeit the fine described in paragraph 2 and the bond or letter of credit described in paragraph 4.

10.   Plaintiffs further agree to comply with all applicable laws and regulations of the Program and to fulfill' their obligations as set forth in this Agreement.

11.   The FNS hereby modifies its decision, dated July

3

12, 2000, disqualifying plaintiffs from the Program for a p~riod of six months. The FNS agrees t'hat, subject to the terms of this Agreement, plaintiffs shall continue to have the privilege of full participation in the Program.

12. Plaintiffs and the FNS acknowledge, understand, and agree that this Agreement sets forth the entire agreement between the parties relating to the subject matter hereof. Plaintiffs specifically acknowledge and represent that in executing this Agreement, they do not and have not relied upon any representations or statements} other than those contained herein} by the United States Department of Agriculture or its officers, employees, agents, or attorneys with respect to the subject matter, basis, or effect of this Agreement.

13. This Agreement shall be binding upon, and inu~e to the benefit of, the parties and their respective successors. and assigns.

14. This Agreement may be "so ordered" by the Court without further notice to the parties.

Dated:     December '1-, 2000
           Bronx, NY

ERNES~'CODELr~ (EC-6375)
Atto~ey  for Plaintiffs
1967 Turnbull Ave. suite #6
Bronx, NY  10473
(718)  931-2575

Dated:     December Ii, 2000
           New York, NY

MARY JO WHITE
Attorney for Defendant

By:

EDWARD CHANG (EC-8218)
Assistant United States Attorney
100 Church St. 19th floor
New York, NY  10007
(212) 637-2736

Dated:     December __ , 2000
           New York, NY

SO ORDERED:

1Ef::.--~HWARTZ    J v/rr /0"
UNITED STATES DISTRICT JUDGE

Exhibit  E

MARy 10 \VHITE
United Sta[~s Anorney *for* rhe
Southern District of New *York*
By: Elv!Il. Y S. RELSBAUNf *(ER-0977)*
Assistant United States Arromey
100 Church Street
New York. New York  10007
Temporary Phone: (646) 523-6478
Temporary *Fax:* (718) 254-6478

ORIGINAL

*UNITED* STATES nrSTRICT *coUR T*
.SOUTHERN *nISTRICT* OF NEW *YOIU(*

------------------.----------------.----------------------------x

VICTORINO MENDEZ and
*MENDEZ'S* GROCERY,

                                    Plaintiff,

                ·V.-                                     01 Civ. 6~87 (V.M)

'THE UNrrE:n  5T*ATES* DEPARTMENT          STIP tJ'LA 1108
OF AGRICUL11JRE,                           AND O~

                                    D~fcndant.

-------------------------------------------~r-------x


        WHEREAS  Victorino  Mendez,  doing  business  as Mendez's  Grocery  located  at

655  Courtland  Avenue,  Bronx,  New  York  IO~5J  ("plaintiffs"),   filed  *this*  action  on July

16.1001,   seeking  to Set aside a decislon,daref   June  14,2001,  o(the  United  Stales

Department   ofAgrtcuJrure,   Food  & Nutrition  ':Service  ("FNS"  or "defendant")

disquali1)ing   plaintiffs  for three  (3) years  &orP the  Food  Stamp  Prograrn~

        NOW,  THEREFORE,   IT *IS* STIPULA:TEi?:ANI;)   *AGREED,*   by and  b~rween  the

. undersigned.  that  tlUs action  shall  be dismissed   with  prejudice  and without  costs,

expenses,  or artorney's  fees,  subject  ro [h~ following  terms  and conditions:

1. Plainti ffs agree ᵗₒ pay defendanr a fine of S40,OOO in full sectlenie~t *or* the claim herein.

1. The fine described in V I *shall* be due in monthly instaJ1ments, by certified check or money order made payable 1o lhe Uniled Smes Departtnent Oflhe TreasUry, and shall be delivered to 'he United Slates Anorne)"s Office, Fin~ci.1 Litigation Unit, Southern Di.striel of New York, 100 Churi:h Street, New York, New York 10007, or to another 10catioD as Ille United Slates Attorney's Office may hereinafter direc!. The first ins!aJhnCOI, for SI,OOO,shall be due seven (7) days after this Sripulation andOl'der of Settlon""t and DiSmissal ("Slipulation") has beeD signed by all parties and 'so ordCTed" by the Court. The remaining 139.000 shall be *poi* d in thirty'nine (39) .equal mon thJy inslallm""rs o£SI,OOO each, wilh each installment due on the tim of every month, be.gin.oiIJg on November 1, 2001 and extending through February I, 2005.

3. *Plaintiffs* agree to provide, within fifteen *(is)* days o[the eXCt:urion oftllis Stipulation and Order, signed by a1 lparties and S a Ordered by the Coun, a S 1,533 bond orlencr of credit to the United States Department of Agriculture, New York City Field Office, pursuant *to* 7 U.S.C. § 2021. *Said* bond or lenerofcredit shall be delivered to; AngeL~MackeYI Officer In Charge, Food and Nutririon Service, United States Deparnnent of Agriculture, New York: City Field Office, 201 Vanek Srrec"t. Room 609, New YorK New York 100 l4, and shall remain valid at all rimes during which the firm is authorized to participate in the progr~ ....•.

4. 1f plaintiffs fail to provide said bond or lener of credit when due, plajnti~fs *shall* be: deemed *in* default of this Stipulation and agree (a) to an automatic three-year .. disqualification from the Food Slamp Program commencing *the* da.y after the due dare of



*said* bond or lcner o(credit;   (b) To waive their *rights* co an administrative    Of judiCial review of such disqualification;    and (c) to forfeit any portion of the lotal fine in the amount   of *$40.000* that plaintIffs may have: already paid.

5. Plaintiffs  further  agree to comply  with aIJ applicab'le  laws  and regulations  of the food  Stmlp Program;  10 fulfill  the obligations  as Set forth in this Stipulation;  and to be placed  on probation  for a 40-month  period  commencing   with  the execution  *ofrhis* Stipulation.   If a random  inspection  or analysis of Electronic  BenefiIS  Transfer transaction  data during <his period  of pro bat;on reyeals  any yiOlation. of the Food S lamp Act of! 977, as .",e"ded,   7 U.S.C. §§ 2011.29,  commi!led  by any prin cipal or emp! oyee or agentofthc   *plaintiffs,*  plaintiffs  agree (a) to *FNS's* deren:nination  of a violation,  and the imposition  of whatever  penalty maybe  applicable  to *such* violation  under  the Food .. Stamp  Program;  (b) [o waive  their rights  to an administrative   or jUdicial  review *ofFNS's* determi.nation  and imposition  of such penalry;  and (c)' to *forfeil* any portion  of the total fine i..cthe ,cu:counr 0£.$40,000 that  plaintiffs  may have: already  paid.  as welJ as the .$1,533 bond  or Jetter of credit  referenced  in ~ 3 above.

6. The FNS hereby  modiiies  its decision. dated JUIIe  *14,2001,*  disqualifying plaintitTs  from  the Food Stamp  Program  for a period  of three  years.  DefendalH  agrees that, subject  to the terms  of this Stipulation,   plaintiffs  shan continue   to have  the privilege offulJ  participation   in the Food SLa.l'npProgram  upon  *the* execution  of this Stipulation.

7. Defendant  and *plainciffs*  ack:no~'l~dg~  undersrand  and agree thar this Stipulation  *sets* forth  the enrire  agreement  between  the parties relating  to the subject maner  itself

g. Plaintiffs  aCknowledge  and represent   thar in execuTing  *chis* Stipulation    *chey* do



not and have not relied upon any representations or statements other than '[hoSe~Conlajncd

herein. by lhe United Srates Depamnenrof Agriculture or its agents, officers.

representatives or attorneys with regard to the s\.lbject maner, basis Or effect of tltis

Stipulation.

9. nus 'agreemenr shall be binding upon and inure ro rhebenetir of the parties and

their respective legal representatives, SUccessors and assigns.

10. This Stipulation may be so ordered by th.e Court without 3lJy furthernoxice £0

the parties.

Date: October   ,2001
        v-"

By:
PETE    . S        ⌐ ESQ. or ERNEST CODELIA, ES
Law Offices of Ernest Codelia., P.C
1967 Turnbull Avenue
Bronx, f.Tew York 10473
Telephone: (718) 931-2575
*Fax:* (718) 931-1121
        Anomey for Plaintiffs

Date: October2t *2001*

BY.&~   ~
Elvill...Y S.    rSBAUM (ER-0977)
Assistant United States Anomey
J00 Church Street - L9rh *Floor*
New York, New York 10007
Temporary Telephone: (646) 523.6478
Temporary Fax: (718) 254-6478

Dated: ∟ :( ~~        :,Jfa/  ".;
SO ORDERE ꓷ:

Tne Hon. Victor Marrero
United States Disaict Judge

**Exhibit  F**



U.S. **Department   of Justice**

*United  States  Attorney*
*Southern  District  o/New   York*

100 Church Street
New York, New York  10007

October  25,2001

By Federal  Express

Ernest  J.  Codelia
Peter  R.  Shipman
Ernest  Codelia,  P.C.
1967  Turnbull  Avenue
Bronx,  NY  10473

Re:     Victorino  Mendez  v.  USDA.  et al.
01  Civ.  6387  (VM)

Dear  Mr.  Codelia:

Enclosed  is  an  original  fully  executed  Stipulation  and Order  in settlement  of the above-referenced  action,  which  I filed  with  the  Court  earlier  today.

Thank  you for  your  cooperation.

Sincerely,

MARY  JOWHITE
United  States  Attorney

By:  .  ~BAUM                              .

Assistant  United  States  Attorney
Temporary  Phone:  (718)  422-5676
Temporary  Fax:  (718)  254-6478

Enclosure

MARY JO WHITE
United States Attorney for the
Southern DIstrict of New York
By: EMILY S. REISBAUM (ER-0977)
Assistant United States Attorney
100 Church Street'
New York, New York  10007
Temporary Phone: (646) 523-6478
Temporary Fax: (718) 254-6478

UNITEDSTATESDmT~CTCOURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

VICTORINO MENDEZ and
MENDEZ'S  GROCERY,

                    Plaintiff,

              -v.-                                    01 Civ. 6~87 (VM)

. THE UNITED STATES DEPARTMENT              STIPULAnON
  OF AGRICULTURE,                           AND ORDER

                    Defendant.

------------------------------------------------------------x


        WHEREAS  Victorino Mendez, doing business as Mendez's  Grocery located at

655 Courtland Avenue, Bronx, NewYork  10451 ("plaintiffs"),  filed this action on July

16,2001,  seeking to set aside a decision, dated June 14,2001,  of the United  States

Department of Agriculture, Food & Nutrition Service ("FNS" or "defendant")

disqualifying plaintiffs  for three (3) years from the Food  Stamp Program;

        NOW, THEREFORE,  IT IS STIPULATED  AND  AGREED,  by and between the

undersigned, that this action shall be dismissed with prejudice  and without costs,

expenses, or attorney's fees, subject to the following terms and conditions:

1. Plaintiffs agree to pay defendant a fine of $40,000 in full settlement of the claim herein.

2. The fine described in ~ 4 shall be due in monthly installments, by certified check or money order made payable to the United States Department of the Treasury, and shall be delivered to the United States Attorney's Office, Finmcial Litigation Unit, Southern District of New York, 100 Church Street, New York, New York 10007, or to another location as the United States Attorney's Office may hereinafter direct. The first installment, for $1,000, shall be due seven (7) days after this Stipulation and Order of Settlement and Dismissal ("Stipulation") has been signed by all parties and "so ordered" by the Court. The remaining $39,000 shall be paid in thirty-nine (39) .equal monthly installments of $1,000 each, with each installment due on the first of every month, beginning on November 1, 2001 and extending through February 1, 2005.

3. Plaintiffs agree to provide, within fifteen (15) days of the execution of this Stipulation and Order, signed by all parties and So Ordered by the Court, a $1,533 bond or letter of credit to the United States Department of Agriculture, New York City Field Office, pursuant to 7 U.S.C. § 2021. Said bond or letter of credit shall be delivered to: Angela Mackey, Officer In Charge, Food and Nutrition Service, United States Department of Agriculture, New York City Field Office, 20i Varick Street, Room 609, New York, New York 10014, and shall remain valid at all times during which the finn is authorized to participate in the program.

4. If plaintiffs fail to provide said bond or letter of credit when due, plaintiffs shall be deemed in default of this Stipulation and agree (a) to an automatic three-year disqualification from the Food Stamp Program commencing the day after the due date of

not and have not relied upon any representations or statements other than those contained herein, by the United States Department of Agriculture or its agents, officers, representatives or attorneys with regard to the subject matter, basis or effect of *this* Stipulation.

9. This agreement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors and assigns.

10. This Stipulation may be so ordered by the Court without any further notice to the parties.

Date: October   ,2001

" )-v

By:

PETER R. SHIPMAN, ESQ. or ERNEST CODELIA,
Law Offices of Ernest Codelia, P.C.
1967 Turnbull Avenue
Bronx, ~ew York 10473
Telephone: (718) 931-2575
Fax: (718) 931-1121
    Attorney for Plaintiffs

Date: October2l; 2001

BY:~
    . EMli.Y S.   ISBAUM (ER-0977)
    Assistant United States Attorney
    100 Church Street - 19th Floor
    New York, New York 10007
    Temporary Telephone: (646) 523-6478
    Temporary Fax: (718) 254-6478

Dated: _ _ _ _ _ _ _
SO ORDERED:

The Hon. Victor Marrero
United States District Judge

ExhijJit  G

MART JI';) ••••ITI

Unitec;l$~ate. Attomey for tile
Soutl'leJ:tl Ot_trict of New-Yotic
By: BOna E. I'I01Ut%SONntM-'~Tl)
aaai.at;nnt- .O'&titled S1:a~eA.::t07:DeY
lOCIcmarCh Street:- I'tA flOOr
Ne.toJ~w Ifev York 10001
(212}eI3'~a'J1        J •

UNItal) STAtU .o:srlU:er ~
SOtlrKDllDlS1'll%et    ~   HEW You
••••• *••-…..•.••--_.•••.•—.•.--- -X
SBM SUPERMARKET CORP.,         !

1'1aiAtiff, .l             01 Civ.'- 30•• (LTS)

~.                        S"rItttJUatoer or $~
                          Am mmJtR ~ DlSMrSsn
Qlllmt) ST~    DEPAR1"M2lr1' or
AGIUan.~L'UR£, ·fOOD AND .
WTKIflONSEaVICS4'    /

Defendanr.
••••.• -.|•• _~_•• -- .•-_ -- ••• ---X

~plaiftit:itfS!lH        Super:&llUJcet  Corporat1cm,

dOi.ng 1;lu.1.ae•• as SBHSupez:mar&t( "Pl.aiztt11f·). fJ.lcd this

action seeking to set aside a decision, dated March 13,

2001, of thet1nitedSe.at •• 1:lepa1't1llel1t *ot* Ag:-J,.Qult=., Poo4 ,

Hue~it.iol' Service ("PNS· or 1ld.fencSant") 4:'aqual1fyiq

pl~i:lt.ifj; tor 81x ~bs   uCft\theFOO4   St.atllp P2:'cgraft\;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND

AGREED, by and between the parties hereto, through their

respective undersigned counsel, that:

1.    The Complaint herein is hereby dismissed with

prejudice, withoue cost.s or at.t.~r.ceY8· tee. t.oeithe~ of the

parties hereto.

2.  PlciinC1tf  4gz'ees  eo pay clefen4an.r:  a Une  of $U.71!i.OO  .llS  lull  *eetlemeftto!  tbe  c:laim  herein.    TbJ,s *tine* shall  be clue in  six·· (fl  lllOZ2thly  inst:allme.r1u  by cereifi;ed  check  or  money order  made payabl.  eo  the  Un.i.eed Stat ••  Departmen~  of t:he  1'%eu~,  and  .hall  be deliverec1  ~o **the United States Attorney's Office, Southern District of** ••"  Yo:k.  100 Cbuz'c:h  Sti"eec,  U·  Floo::,   New  YorJc,  RewYozok 10007t  Aeu:  P1aaao1al  Ut1f&CiOA  171U-•.   The.! fint i:1sca111lleDt:"  in  che  alllOQAt;  of  $2,119.20_shall   "  clue .eveA . (7)  day11 after  chi.  Stipulatiors  ofS~1:tlemenr:  and. Order  of (DiRauSSIU   ("Stipulation  and orde~)  has  been  signed  by «11 put  i••  and  ·So OxQezoed·  by eM Court.   rha  remaining  ftve ia!rcaU,lllleftt ••  ba11  be paicl  ill  f1~.  (SJ equ.;al  _DeAly 1nceallllllenta of  $2.1J.'.16  ea=,  witA each  i_t.aUment   clue on the  f~nl~ oC  evuy .nell,  ~_     ~~!N:tt    1, 2001 aJad exteA~Zlg  t:N:'Ough  Oecember  1~ 2001.·

3.  Pursucmt.  to 7 U.S.C.J 2021, plaintift   agrees to  provide.  wit:hin  fifteen   (15) dayll ofChe  execudon  of this  Stipulation  and Order,  a bond or  leceer  of credit:  in tbe  alQQUftt:  of  $2,119.00  Co t.he  United  States   t)eparement  of Agriculc:ure.   New York City  fIeld   Office..   Saicl  Ji)ondo~ let:.ter  Qf  credH.aball   be  d.li.ve~   to:  Angela  Maclcey, OffiCer In  Cba:~e,  gOOd  and NutritionSe~1c ••  Un1ted  $t.~ee Depare~=    of  Agriculture,    201 Va:1cl(~=e.t.    New Tor)c;,·  New

2

York 10014, aDd shall remain valid at all time. cSw::1ngvhich plain~j.ff l., aue!lor!&e4 to pan1c::.pac-e 1Dehe Pcccl StaMp Program, llocwithstancUAg,the prev,ow; •• nt*Qce, 1~ plaiDei:ff 18 .old. to fa' chi.:-cl party after plaintiff haa paid, .! the total fine 1A the UII?W't of $12.715.00, ••• et ~oJ:thin para91"aJ~2 hereiJa, plaintiff .hall no 10DgeJ;'be ~recl 1:0 . provide the houd or lettU' ol erec!it:. c!eec:ribed in. this **paragraph.**

4. If pIaifttlff fails to pI'O¥1eie ~he bond ‾ •• let.t.e% CIIf =ecSit4e8C;%'iJtecl in pangftph 3 hemin whee due, plai.n.t1U etlall be. ~d 1n4e~aulio of t.hia Stipulation and Orier cd. agJ:ees (.) to an automatic: six (C, IIICIIth cliaquali.fication frot'l\ 1:he Facd. St.amp hagramcOlllmeftciUi the clay **uterche** due _eeo! said bcQd'OJ: leeter of crecUt; <~) to waive tts rig~ to an ac:!&tdnist.raUve or ~e1a1 rtW1ew **of such disqualification; and (c) to forfeit any portion of** "the toul fine ill "the amo\lJR of $12,715.,00 that plaiae1ff may ~ already p.ici.

S. Plaiftt.iff funAU ag1:'e •• to comply with all 4lppli.cable laws .an4 regulations of thE! ?ooci Stamp prggtam; to f\,JIfiJ~1 ita 1)bli.gadona ae •• l: fO:'l;h 1nehiaStipulation and Ord~~: anet to be placed onpz:obaeion tor a s1x(li)m¢l1th period eCtlmtenciAg with the exeOlt:ion of tlUs ~tipula~ion. and Orie=. I:f a random inspection or analya1a of ~lec:t:.ron1C'

3

Senetil:    TranliJaecion    f281"} data  dUring  tlUc  period  of

probaUOll   reveals   any  1f101at1on  of  che  fOOd  Stamp  Act  of

1911,  ~.  amended,  1 U.S.C.  5. ~011-2'.  ~tted    ~   any

principal,   employee  or  a9-~of  thtt  plain~itf,     plaInti:f

agrees   (a)  ~o  ms's   clet:emiatioA  of  •. v101aCi.on,  iIn4  the

j.mpositiOD   of  Wbat:awe~  peMlty  -:tGe   appli.cable .to  8W:h

violatioft   under  the  roocl  Stamp  Program;   Cb)  to  •. ►ve  it•

. rights  to  aD a6wu.trative  or  'udie.tal  review  of  PMS'.  ,

detemna,elOD  Me!  impo_1t,icm  of  .~     peul1:Y;  and  (e)  to

forfeit   anr  portiOll  of  the  tOta.l  fine  ill  dse  ~~    of

$U. 715•0d  ~h&tplainUtf    "'1 have  all'ea4y  paid,  .,J  well  ae

**the $2,119.00 bond or letter of credit referenced in § 3**

**above.**

, .   nrs  hereby  ~d.ifie.  ita  dec:ia1OD,  dated  March

13,  aOO1.,  cSiequU1fyillg  p1.aintiff   ftoUl  the  Food  Stamp

frosram  f07:  a  period  of  .ix  mcmt.bS.   Cefendant  agreea  that.

subject  to  the  terms  at  ch1s  Stipulation  and  Order,

plaintiff   shall  conc1nue  to  have  cll.e  p1'1vileg8  of  full

pareicipation1ueheFood       StampPqranl  upon  ehe  exeeu1;l.on

ofehic    ,seipulation  anciOJ:der.

7.     The  parti.es·adalQw1edge.   VAClerGCaACl   an4  agr-:e

cha~  1:!U$ $c.tP'lla~ioAAftcl  O~e~  ,ets  forth  cAe =tiJ:e

**agreement between the parties relating to the subject matter**

**herein, and that no statements, representations, promises,**

4

agrtH~a. or fle9Gl:.:'.~ona. oQJ. ~~ ~":eJ:wise. cel:veell the **parties or their counsel that are not included herein shall be of any force or effect.**

• . 'lAiD-ej,l£ ac:Jr:owledgQ am! npn~e:c.~~ 1c. eMCV.1:1.ag th.i.. Stj,pulac1011 az:IS On. ic cleee IICe ¯= bas 1IOt: zelied \IPOD my z:ep~-=acioDa 02: -Uc.lI&IeAca other than 1:hase c:cmcam.t _nu. "byd.et4N2daAt: 0%' lea ageaca, ofticlar.. ftPZ:~~i ... or" ac.c~~ '!4~ &'egucI co ue 8Ubilt<.~ _tcer. buia _ ~!e= of 'Ctd.. Sd.p,al&UOII. aacl Oriez' ,.

, • 'nIJ.~stipulation am! O~cla _ball be ltlncUas \lp0ll "Ae! imD'e to the" benelit of CAeP4ft1 •• aa4 their **respective legal representatives, successors and assigns.**

~at:ec! ~ Jlew" YoZ'k. II~ 'J'01'k
~2.IS. 2001

Plaintiff SBM SUPERMARKET CORPORATION

By: _____
Alejandrina Munoz

President

TED: NEW YORK, NEW YORK SO ORDERED.
July 16, 2001

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

S

ERNEST CODELIA, P.C.
Attorneys for Plaintiff

By: _____
Ernest Codelia, Esq. (EC-6375),
1967 Turnbull Avenue
Bronx, New York 10473
Telephone: (718) 931-2575

MNa JQ WHIU
Ufitecl sr.a~ee At~~    fo:' the
SOUChe D1.~~i of New~o~k St.~S
Attot'fley  fOl:tlLe  Vna.cecl
~ment      of. A9X',ic:u1t\U:e

BY;  . / • •_____ .~-L_____
    ROSS 1:. MOWSOlf  (RM-7271)
    Assistant:. United Staees
    Att.orney
    100 Church sereet.    19Ch  floor
    .." ~Qrk. New Yodt  10007
    !'elephone: (212) 637-2691

SO ORDERED:

L~J~~-JU-d-9-e

DATED

TOTc:it. p. 'lf7

Exhibit  H

UNITED STAtES DIStRICT COURT
SOUTHtRN DISTRICt Of NEW ~ORK
----~--~---~--------------~-----.---X
AN¥OLINA VALENTIN,

                    Plaint1tf,

        -c~qainst-                        02 Civ. 6833 (ec)


UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD , NUTRITION
SERVICE

                    Defendant.
----~--------.~--------------------~~X

    WHEREAS plaintiff Anyolina Valentin ("Plaintiff"). owner of
Anyolina Grocery , Heat Market ("AnyolinaGrocery"), 152 Nagle
Avenue, New York, New York, filed this action seeking to set aside
a detendnatian, dated May 8, 2002, of the United States Department
of Aqr1cultuJ:e, rood' Nutrition Service C"FNS"or "Oefendant",
disqUalify^in9 Anyalina Grocery for six months from the Food Stamp
Program;

    WHERtAS. the par'Cies to this action seek to stipulate, consent
and agree to .1 complete and final settlement of all claim~ in this
action, and t.o obtain an order from the Court encompassing the
terms of this settlement (the "Stipulation and Order");

    NOW, THEnEFORE, IT IS STIPULATED AND AGRtEO, by and between
the parties he!reto, through their respective undersiqned counsel,
that:

    1.   The above-captioned action Cthe "Act.ion") is hereby
dismissed with prejudice, withou'C costs, expenses or attorneys'
fees to ei'Cher side pur~uant 'Co Rule 41(a) (1) of ~he Federal Rules

H"

of Civil Procedure, except that the patties agree that this Court will retain jurisdiction to enforc@ the terlT\s of this Stipulation and Order.

2.    Plaintiff aqrees'to pay Defendant the amount of $12,000.00 (the "Settlement  AItlount"l  in  connection  with  the resolution of the Action.

3.    The Settlement  Amount !lha11 be due in eleven  monthly installDlent!l,  by certified    check or ft'loney order made payable to the United S~ates O@partm,nt of the treasury, and shall be delivered  to the United States Attorney's Office, Southern District of New York, 100 Church :Street,  19^th  Floor,  New York, Ne\of  York 1000'7, Attn: FinanCial LitiqationUnit.    The first installment,  for $2,000.00, shall be due seven (7) days after this Stipulation  and Order has been siqned by all parties and enttu:ed by the Court.    The remaining $10,000.00   1!lhall  be  paid  in  the  Bame  manner  as  the  first installment  in ten (10) additional  and equal monthly  install1t\ents of $1,000.00 each, with each installme.nt due on the first of every month, be9innit\g  on Dt&eember  1, 2002 &ncl eJtt~ndin9  ~hrou9h September 1& 2003.

4.    Pl~intift agrees to prov1de, ~lthin fift@en (15) days of the date the S~ipulation and Order is siqned by the parties and entered by the Court, and pursuant  to 7 U.S.C.  § 2021. a bond o~ irrevocable   letter   of  credit   in  the  amount  of  $1',gS2.00 to  the Uni ted State~  Oepartment  of Aqricul ture.  New York City  Field Office.    Saic;! bond or letter  of credit  shall  be delivered  to:

:l

Angela   Mack:ay,   Officer   In   C:harl)e,   Food   and   Nutrition   Service,   United  Statles  Department  of  Agriculture,   201  Varick  Street,   Room   609,  New  York,  New  lork  lOD14~  and  shall  remain  in  force  at  all   times   durin,g  which  either.   Plaintiff   or  Valentin  Grocery  are   authorized   t,o  participate    in  the  Food  Stamp  program',

S.   If  Plaintiff  fails  to  provide  said  bond  or  letter  of   credit  when  due,  as  set  forth  in  paragraph  4 above,  or  permits  said   bond  or  leu,eI  of  credit  to  lapse,  Plaintiff   Shall  be  deemed  in   default  of  this  Stip~lation  and  Order,  and  he  aqrees  (a)  to  an   automatic   s1x  (6)  month  disqualification   from  the  Food  Stamp   Proqr81ll  cOlI'Inencinq  the  day  after   the  due  date  of  said  bond  or   letter   of  cr.tdit;  (b)  to  \iaive  his  riqht  to  an  administrative   or   judicial  revj,ew  of  such  disqualification;  and  (e)  to  forf.it  any   portion  of  the  Settlement  Amount  that  Plaintiff  may  have  already   paid.

6.   Plaintiff  further  agrees  to  comply  with  all  applicable   laws  and  reg'tllations   of  the  Food  Stamp  Proqram;  to  fulfill    his   obliqations  a~ set  forth  in  this  Stipulation  and  Order:  and  to  be   placed  on  probation  for  a  one  (1)  yea~ period  commencinq  on  the   date  thatthi~~  Stipulation  and  Order  is  Signed  by  t.h@parties   and   entered   by  the  Court.    If  a  random  inspection   or  analysis   of   Electronic   Benefit  Transfer   (E8T)  data  during  this  periOd  of   probation  reveals  any  violation  of  the  Food  Stamp  Act  of  1977,  as   amended,  .,  U.s.c.   §§  2011-29,  committed  by  any  principal   or   employee  or  agent  of  Plaintiff,  Plaintiff  agrees  (a)  to  a

3

determination by FNS of a violation and the imposition of wnatever penalty may be applicable to such ~iolation under the Food Stamp Program: *(0)* to waive ·his rights to an aamin1strative ·or judicial review of FNS's determination and imposition of such penalty; and (cl to forfeit any portion of the total Settlement Amount that Plaintiff ~IY ha~e already paid, as *well* as the $1,952.00 bond or letter of credit r.ferenced in paragraph 4 above.

1. Ii' Plaintiff fails. to pay any of the installments set forth in pa;raqraph 2, above in full on Or before the due elate, Plaintiff eKpressly consents to the entry of judqment against *him* 1n an amoun1: equal to the Settlement Aftaount of $12•.000.00 plus interest thereon from the date of default.

8. In consideration of the full performance by Plaintiff of all his oblj.gAtions under this StipUlation and Order, the ms hereby modifies its deciSion, dated May 8, 2002, disqualifying Valentin Groc:ery from the FOOd Stamp Program for a period of Sik mon~hs. Oef'endant agrees that, subject to the terms of this Stipulation ,and Order, Plaln~iff shall continue to have the privilege of full part.icipation in the Food Stamp Program as of ~he time that the Stipulation and Order is Signed by the parties and entered by the Court.

9. The partie3 !cknowledqe, understand and aqree that this Stipulation and Order sets forth the entire a9reement bet~een the patties relating to the subj set m.atter ot t.he Stipulat.ion and Order, and that no statements, representctions, promises,

4

agreement, or neqotiations, oral Or otherwise, between the pat'ties or their counsel that are not included in this Stipulation and Order shall be of any force Or effect.

10. Plaintiff acknowledges and represents that, in executing the Stipula~ion and Order, he does not and has not relied upon any representat:lons or statements, other than those contained in the Stipulation and Order, by Oeferuian't or its 8qents, officers, representati.ves Ot attorneys with regard to the subject ma.tter, basis or effect of th~s Stipulation and Order.

11. This Stipulation and Order shall be binding upon and inure to th~ benefit of the parties and their respective legal r@prellentativ •• , successors and assigns.

12. This Stipulation and Order may be entered by the Court without any further notice to the parties.

October  J£,  2002

October  1£,2002

BY:~  £JA..-~)
        Y  INA  VALENT IN,
        Plaintiff

By: _____
        ERNEST CODELIA (EC 6375)
        1967 Turnbull Avenue
        Bronx, New York 10453
        Tel. No.: (718) 931-2575
        Counsel for Plaintiff

S

JAMES 8. COMEY
United States Attorney for the
Southern District of New ~ork
Attorney for Defendant
United States Department of
Agriculture, Food , Nutrition
Service

October $Z''$ 2002

By: ~-

RrCHA D E. ROSBERGER (RR-1632)
Aslistant United States Attorney
100 Church Street, 19th Floor
New Yotk, New York 10007
Temp. Tel. No.; (718) 422-5614
Temp. Fax. No.: (718) 422-1789

Dated:     Ne~ York, New York
           October 4, 2002

SO OROERtD:

United States "District JUdge

*ID(Z Y>/0 Z--*

6

",

Exhibit I

**USDA**

Inite~ States
lepartment of ..
~griculture

ood and
lutrition
ervice

10.1 P~rk
enter Drive

,lexandtia. VA
230.2-150.0.

MAY
7 2003

Ernest J. Codelia
Attorney at Law
1967 Turnbull Avenue
Bronx, NY 10473

       Re:   Stop One Grocery
           1580 Watson Avenue
           Bronx, NY 10472
           Jose V. Urena, Owner

Dear Mr. Codelia:

This letter is to confirm a payment agreement with you, on behalf of your client, Jose V. Urena, owner of Stop One Grocery. You indicated that monthly payments of $3,876 each would be ,made to the Food and Nutrition Service by the fifteenth day of each month to liquidate a $23,124 civil money penalty assessed for violations in the Food Stamp Program. Enclosed for your reference is a repayment schedule that indicates the date when each payment is due. Please note that the final payment of $3,879.09 is due on October 15, 2003. There is no penalty for early payoff.

Your client's mon1hly payments should be made by check or money order, payable to and sent to:
           USDA-FNS-HQ'"
           P.O. Box 953807
           St. Louis, MO 63195-3807

In order to finalize the agreement, please review and have your client sign both copies of the enclosed repayment agreement and. send them back to us at our Alexandria, Virginia address above. We will then sign and return one copy to you for your files. Your client must remember to remit his payment each month, as we will not send you or him a coupon book or monthly statements. Also, in order for your client to remain authorized to accept and redeem food stamp benefits, Mr. Urena. must post a collateral bond or mevocable letter of credit in the amount of $3,854 and send it 1~ Angela Mackey of our office in New York, New York.

Ernest J. Codelia
Attorney at Law
Page 2

If you have any question about these payment procedures or arrangements, please call Jack Patton of my staff at 703-305-1458 ..

Thank you for your attention to this matter.

Sincerely,

*#~LI~*

Barbara D. Williams
Chief
Accounting Operations and
   Fiscal Services Branch

Enclosures·

## Stop One Grocery

**Princip:al** $23,124.00
**Interest** 2.000%
**Payment** $3,876.00

| Due Date | | Payment | Interest | Total Interest | Principal Balance |
|---|---|---|---|---|---|
| | | | | | 23,124.00 |
| May 15, 2003 | | 3,876.00 | 38.54 | 38.54 | 19,286.54 |
| June 15, 2003 | ~-- | 3,876.00 | 32.14 | 70.68 | 15,442.68 |
| July 15, 2003 -----,... | | 3,876.00 | 25.74 | 96.42 | 11,592.42 |
| August 15; 2003 | --3,876.00 | | 19.32 | 115.74 | 7,735.74 |
| September 15, 2003 | | ------'3,876.00 | 12.89 | 128.64 | 3,872.64 |
| October 15, 2003 | _ | ~79.09 | 6.45 | 135.09 | 0.00 |

Exhibit J

**Ernest  Codelia,  P.C.**  *Attorneys-at-Law*

1967 Turnbull Avenue
Bronx, New York 10473
Tel: (718) 931-2575
Fax: (718) 931-1121

October  28,  2003

USDA-Food   and Nutrition  Service
3101 Park  Center  Drive
Alexandria,   VA  22302-1594

Attn.:   Barbara  D.  Williams
        Chief
        Accounting   Operations   and
        Fiscal  Services  Branch

Re:     Wilson  Baez
        1086 Superette   Corp.
        2095  Cruger  Avenue,  Apt.  2C
        Bronx,  New  York  10452

Gentlemen:

On the  referenced   matter,  returned  herein  two  original  repayment   agreements.

Pl~ase note that by separate  correspondence   we are submitting  the November  payment  to the USDA-FNS-HQ,  in the  sum  of $350.00.

It is understood   that  you will  be returning  one  executed  copy  for our  files.

Very truly yours,

Ernest J. Codelia, Esq.

EJC/ng
encs.

October 16,2003

USDA-Food and Nutrition Service
Accounting Division, Room 744
3101 Park Center Drive
Alexandria, VA 22302-1594

### REPAYMENT AGREEMENT

In order to settle the claim against **1086 Superette Corp.,** I~Wilson Baez, agree that payments of at least $350 per month will be made to USDA-FNS. Payments will begin in **November 2003** and will be mailed in order to reach USDA-FNS no later than the **first day** of each month.

(Please sign at the X.)



Signature

Date

Title

Ac.~pted byUSDA-FNS:

Signature

Date

Title



OCT  7 <sup></sup>

**United States Department of Agriculture**

Food and Nutrition Service

3101 Park Center Drive

Alexandria. VA 22302- 1500

Ernest  Codelia.  PC
1967  TurnbulI  Avenue
Bronx,  NY   10473

      Re:     Wilson  Baez
              1086 Superette  Corp.
              2095  Cruger  Ave.,  Apt.  2C
              Bronx,NY    10452

Dear  Mr.  Codelia:

This letter is tGiconfirm  a payment  agreement  with  you, on behalf  of your client,  Wilson  Baez. You  indicated  that  monthly  payments  of  $350  each  would  be made  to the Food  and Nutrition Service  by the  first day of each  month  to liquidate  a $66,000  civil  money  penalty  assessed  for the sale  of 1086 Superette  Corporation.    Interest at two percep..t per year accrues  on the unpaid balance,  and there  is no penalty  for early payoff.

Your  c1ient'smonthly    payments   should  be made  by check  or money  order,  payable  to and sent to:

                   USDA-FNS-HQ
                   P.O.  Box  953807
                   S1. Louis,  MO   63195-3807

In order  to finalize  the agreement,   please  review  and have  Mr.  Baez  sign  both  copies  of the enclosed  repayment  agreement   and send  them  back to us at our Alexandria,   Virginia  address above.  We will then  sign  and return  one copy to you for your files.  Mr. Baez  must  remember  to remit  his paym(~nt each month,  as we wilI **not** send you or him a coupon  book  or monthly statements.

If you  have  any question  about  these payment  procedures   or arrangements,   please  call Jack Patton  of my staff  at 703-305-1458.

Thank  you  for your  attention   to this matter.

Sincerely,

.'/if, --, (I-I-II),,! Ii,:: { ( ;-. :'-~?-r~)

/Barbara      D. \Villiams                      ,
  Chief
  Accounting  Operations  and
    Fiscal  S~r\'ic,:s  Branch

Enclosures

**Exhibit K**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - •••••••••    ~- - - - - - •••••••••    ~- ~- - - - - -x

LA SIMPATIA SUPERMARKET CORP.,
and MANUEL DL\Z,

Pl~iUtiff;:.

-against.

~TEDSTATESDEPARTMENTOF
AGRICULTURE, l~OOD AND CONSUMER
SERVICE,

Defendant.

- - - - •••..•..•.    - - - - ...•....•    ~- - - - - - • ·x

SUPULAf l ONANDORDER
OF SETTLEMENT AND
DISMISSAL

ECF Case

07 Civ. 4813 (CM) (KNF)

WHEREAS plaintiffs La Simpatia Supermarket Corp. and Manuel Diaz ("Plaintiffs"), med this action on or about June 6, 2007, challenging a decision of the United States Depa:rtment of Agriculture, Food and Nutrition Service ("FNS'" dated Ma.y 8, 2007, disqua.li£ying Plaintiffs from the Food Stamp Program for a period of six months;

WHEREAS Plaintiffs and defendant United States Department of Agriculture ("Defendant") stipulated to stay the disqualification until August 10, 2007, and subseque I1ltly further stipulated to stay the disqualification until September 8, 2007; a.nd

WHEREAS the parties to this action desire to stipulate, consent and agree to a complete and final.settlement of all claims in this action, without the need for a hearing on the merit~l or for other Court intervention in this case, and to obtain an order from this Court encompassing the terms of said settlement;

NOW, THERE:8'ORE, IT IS HEREBY STIPULATED AND AGREED, by and

between the parti,es hereto, and through their respective undersigned counsel, that:

1.      The Complaint is dismissed with prejudice, without costs, expenses or attorneys' fees to E~itherside, pursuant to Federal Rule of Civil Procedure 41(a), except that the Court retains jurisdiction to enforce the terms of this Stipulation and Order.

2.      Plaintiffs agree to pay Defendant a civil monetary penalty of $25,734.00 in conn!Bction with the resolution of this action. This penalty shall be due in six monthly installments, by certified check or money order made payable to the United States Department of the Treasury, and shall be delivered to the United States Attorney's Office, Southern District of New York, 86 Chambers Street, Third Floor, New York, Niaw York 10007, Attn: AUSA Matthew L. Schwartz. The first installment of $4,289.00 shall be due seven calendar days after this Stipulation and Order of Settlement and Dismissal (IlStipulation") has been signed by all parties and approved by the Court. The remaining installments shall he paid in the same manner as above in five equal monthly installments of $4,289.00 each, with each installment due on the first day of every month, beginning on October 1, 2007, and extending through F!~bruary 1, 2008.

3.      Pursuant to 7 U.S.C. § 2021 and 7 a.F.R. § 278,1(b)(4), Plaintiffs agl"ee to provide, within thirty (30) days of the execution of this Stipulation, a bond or irrevocable letter of credit in the amount of $4,289.00 to the United States Department of AgricultU1"e, New York City Field Office. Said bond or letter of credit shall be delivered to: Gilda Torres) Officer In Charge, Food and Nutrition Service,

2

United States Depart!nent of Agriculture, 201 Vanek Street, New York, New York 10014, and shall temain valid at a.ll times during which either plaintiff is authorized to panicipate in the Food Stamp Program. Notwithstanding the previous sentence" if plaintiff La Simpatia Supermarket Corp. is sold to a third party aftel" Plaintiffs have paid the total penalty in the amount of $25,734.00, as set forth in paragra.ph 2 above, Plaintiffs shall no longer be required to provide the bond or letter of crl9dit described in this paragraph .

4. *If* Plaintiffs fail to make any payment required in paragraph 2 or fail to provide the bond. or letter of credit described in paragraph 3 above when due, Plaintiffs shall be d.eemed in default of this Stipulation and agree (a) to an automatic six-month disqualification from the Food Stamp Program commencing the day after the payment required in paragraph 2 became due or the due date of said bond or letter of credit; (b) to waive their right to judicial review of such disqualification; and. (c) to forfeit any portion of the total penalty in the amount of $25,734.00 that Plaintiffs may have already paid.

5. Plaintiffs further agree to comply with all applicable laws and regulations of the Food Stamp Program; to fulfill their obligations as set forth in this Stipulation; and to be placed on proba.tion for a two-year period commencing with the execution of this Stipulation. If a random inspection or analysis of Electronic Benefit Transfer (EBT) data during this period of probation reveals any violation of the Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011-29, committed by any principal, employee or agent of plaintiff La Simpatia

3

Supermarket   Corp., Plaintiffs   agree  (a.) to a determination    by  FNS  of a viola.tion,

and  the  impositio:n  *of*  whatever   penalty   may be  applicable   to such  violation   under

the  Food  Stamp   Program;   (b) to  waive  their  right  to judicial  review  of any  such

determination   of violation  and  imposition  of applicable  penalty;   and  (c) to forfeit

any  portion  of the  total  penalty   in the  amount  of $25,734.00   that  Plaintiffs  may

have  already   paid"  as  well  as  the  $4,289.00  hond or letter  of credit  referenced  in

paragraph   3 ahovEl.  No  fewer  than  seven  days before  making  any  formal

determination   of viola.tion  under  this  paragraph,   FNS  shall  provide  notice  to

Plaintiffs,   through   their  undersignd   attorneys

    6.    In consideration  of the  full performance  by  Plaintiffs  of all their

obligations   under  this  Stipulation,   FNS  hereby  modifies  its  decision  disqualifying

Plaintiffs   from  the  Food  Stamp  Program   for a period  of six  months.   Defendant

agrees  tha.t,  subject  to the  terms  of this  Stipulation,   Plaintiffs   shall  continue   to have

the  privilege  of full participation   in the  Food  Stamp  Program  upon  the  execution  of

this  Stipulation.

    7.    The parties  acknowledge, understand  and agree that  this  Stipulation

sets  forth  the  entire  agreement   between  them  relating  to the  subject  matter

addressed   by this  Stipulation,   and  that  no statements,   representations,    promises,

agreements,  or negotiations,   oral  or otherwise,  between  the  parties  or their  counsel

that  are  not included  in this  Stipulation   shall  be of any  force  or effect.

    8.    Plaintiffs  acknowledge   and represent  that  in executing this

Stipulation,   they  are  not relying,  and  have  not relied,  upon  any  representations     or

statements  other than  those contained  in this  Stipulation,  by Defendant  or its

agents,  officers,  representatives,  or attorneys  with l"egard to  the subject matter,

basis,  or effect of this  Stipulation.

9.    Except as provided  herein,  this  Stipulation  shall  be  binding upon and

inure  to the benefit of the parties  and their respective  legal representatives,

successors,  and  as:signs.

10.    This Stipulation  may be so-ordered by the Court  without  any further

notice to the partil;lS.

[REMAINDER OF THIS  PAGE INTENTIONALLY  LEFT  BLANK]

5

Dated:      New York, New York
            August *lb, 2007*

                                ERNESTI.   CODELIA;          .
                                Codelia & Socorro, P.C.
                                Attomeys  for Plaintiffs
                                1967 Turnbull   Avenue,  Suite  6
                                Bronx,  New York  10473
                                Telephone:   (718) 931·2575
                                Facsimile:  (718) 931-1121

                                MICHAEL J. GARCIA
                                United States Attorney
                                Attorney for Defendant

Dated:      New York,  New York    By:
            Augu.gt~O, 2007
                                MATTHEW   .  C   J\RTZ
                                Aseistant  Unite   States  Attorney
                                86  Chambers   Street,  31"dFloor
                                New  York,  New York  10007
                                Telephone:  (212)  637-1945
                                Fa.csimile:  (212)  637·2750

SO ORDERED  .

Dated:      New  York,  New York
            August _ ,2007


HON.  COLLEEN  McMAHON
United  States  District  Judge

6

Elhiib11 L

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review
Alexandria, VA 22302

Garlan Supermarket, Inc.,                )
                                         )
        Appellant,                       )
                                         )
            v.                           )        Case Number: COI09429
                                         )
New York City, New York Field Office,    )
                                         )
        Respondent.                      )
                                         )

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture, Food and Nutrition Service (FNS), that there is sufficient evidence to support a finding that a two-year disqualification from participating as an authorized retailer in the Food Stamp Program was properly imposed against Garlan Supermarket~ Inc. (hereinafter "Garlan Supermarket") by the New York City, New York Field Office (hereinafter "Field Office").

## ISSUE

The issue accepted for review is whether the Field Office took appropriate action, consistent with 7 CFR §278.6(e)(4) and 7 CFR §278.6(e)(6) in its administration of the Food Stamp Program (FSP) when it imposed a two-year period of disqualification against Garlan Supermarket on May 16, 2007.

## AUTHORITY

7 D.S.C. 2023 and its implementing regulations at 7 CFR §279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under §278.1, §278.6 or §278.7 ... may file a written request for review of the administrative action with FNS.

## STATEMENT OF THE CASE

In a letter dated July 6, 2006, the Field Office informed Appellant that he was in violation of the terms and conditions of the FSP regulations, 7 CFR §§270-282, based on EBT· Food Stamp benefit transactions considered to "establish clear and repetitive patterns of unusual, irregular, and inexplicable FSP activity for your type of firm."



In subsequent correspondences, Appellant, himself and through counsel,· denied trafficking and attributed questionable transactions to the firIlf having extended credit to Food Stamp customers for which they repaid with Food Stam'p benefits.

After giving consideration to the evidence of the case, Appellant's reply and documentation in support of Appellant's contention that questionable. transactions were the result of repayments on credit charges, the Field Office notified Appellant in a letter dated May 16, 2007 that a one-year period of disqualification from participation in the FSP was warranted in accordance with 7 CFR §278.6(e)(4) and 7 CFR §278.2(f) for credit violations. However, because the firm has once before been assigned a sanction, Appellant was furtJIer informed that his store was being disqualified for a period of two-years, double the one-year disqualification, in accordance with 7 CFR §278.6(e)(6) of the FSP regulations.

On May 24,2007, Appellant, through counsel, appealed the Field Office's assessment and requested an administrative review of this action. The appeal was granted and implementation of the two-year disqualification has been held in abeyance pending completion of this review.

## ANALYSIS AND FINDINGS

In administrative proceedings involving disputes of regulatory actions or inactions, USDA assumes thte responsibility of establishing a sufficient factual record to prove or disprove the allegations of the appeal. The record is then reviewed in light of the evidentiary standards and analytical frameworks established by various courts of law.

In appeals of adverse actions, Appellant bears the burden of proving by a clear preponderance of the evidence, that the administrative actions should be reversed. That means Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

I

The controlling statute in this matter is contained in the Food Stamp Act of 1977, as amended, 7 V.S.C. 2021 and 278 of Title 7 of the Code of Federal Regulations (CFR). Part 278.6(e)(4) establishes the authority upon which a one year disqualification may be imposed against a retail food store or whot'esale food concern in the event that personnel of the firm have engaged in violations such as the sale of common nonfood items for Food Stamp benefits. Part 278.2(f) asserts that it is a violation for Food Stamp benefits to be used as repayment on credit charges. There also exist FNS policy memoranda and .clarification letters, which further explain the conditions necessary in order to impose one year disqualifications against firms and, in particular, the appliCability of a one year disqualification to violations involving repayment of credit. Part 278.6(e)(6) establishes the authority upon 'Nhich a temporary period of disqualification is doubled because afum has once before been assigned a sanction.

2

7 CFR §278.6( e)(4) reads, in part, "Disqualify the firm for one year if it is to be the first sanction for the firm and the ownership or management personnel of the firm have committed violations such as the sale of common nonfood items in amounts normally found in a shopping basket, and FNS had not previously advised the firm of the possibility that violations. were occurring and of the possible consequences of violating the regulations."

7 CFR §278.2(f) rt~ads, in part, Food Stamp benefits "may not be accepted by an authorized retail food store in payment for any eligible food sold to a houS€hold on credit. "

7 CFR §278.6( e)(4) reads, in part, "Double the appropriate period of disqualification prescribed in paragraphs (e)(2) through (5) of this section as warranted by the evidence of violations if the same firm has once before been assigned a sanction."

## II

On review, charges were based on an analysis of EBT Food Stamp benefit transaction data during the three-month period December 2005 through February 2006 and involved four patterns of EBT transaction characteristics indicative of trafficking:

1) Multiple tr,msactions of individual household accounts within an unusually short timefr~e;
2) Transactions that depleted all or a majority of a household's monthly benefit allotment v.rithin unusually short timeframes;
3) Excessive number of manual key-entered transactions significantly exceeding the normal prac:tice for stores in the State; and,
4) Excessively large transactions.

Based on an analysis of the evidence in this case, it appears that program violations did, in fact, occur. A review of the evidence has yielded no indication of error in the finding by the Field Office that questionable transactions could .not be explained as solely legitimate sales of c~ligible food items. However, while Appellant was initially charged with trafficking in JFSP behefits, the Field Office found that Appellant's primary contention has validity that questionable transactions were the result not of trafficking violations but rather of Food Stamp households having been allowed to use their program benefits to pay for previous purchases for which store credit had been extended, also a FSP violation. As a result, the Field Office reduced its proposed sanction against the firm from a permanent disqualification for trafficking, pursuant to 7 CFR §278.6(e)(1), to a one-year period of disqualification for credit violations, pursuant to 7 CFR §278.6( e)(4) and 7 CFR §278.2(f) and then doubled the sanction to a two-year period of . disqualification in accordance with 7 CFR §278.6(e)(6).

Appellant, through counsel, contends as his position in the matter essentially the following:

- The store has been operating under the same ownership and with a FSP license for over 26 years. After 20 years with a clean record, the firm received a six-month disqualification for violations involving the sale, not of drugs, alcohol or cigarettes, but of ordinary household items on three occasions;
- The doubling of the penalty due to prior violations that resulted in a six-month disqualification is not mandatory and should not be applied as the prior sanction was for six months and occurred six years ago;
- The violation for extending credit to store clientele was in good faith and in helping the: poor in the neighborhood where credit is part of the culture;
- The store is located in a low income area and serves a predominantly Hispanic clientele, most of whom are Food Stamp recipients. The nearest store that serves the same clientele is in excess of two full city blocks away; and,
- Disqualification will not only hurt the community but will also put Appellant's store out of business.

The preceding may represent only a brief summary of Appellant's contentions in this matter. However, in reaching a decision, full attention and consideration has been given to all contentions presented, including any not specifically recapitulated or specifically referenced herein.

## III

With regards to Appellant's contention that doubling of the penalty is not mandatory and should not be applied because the prior sanction was only for a six-month period and occurred six years ago, the FSP regulations at 7 CFR §278.6(e)(6) does not provide for discretion in its application or consideration of how much time has passed since a prior sanction. 7 CFR §278.6(e)(6) states: "Double the appropriate period of disqualification prescribed in paragraphs (e)(2) through (5) of this section as warranted by the evidence of violations if the same firm has once before been assigned a sanction." Appellant firm is the same firm that has once before been assigned a sanction, and the present disqualification prescribed in paragraph (e)(4), a one-year disqualification, is warranted by credit violations as evidenced by Appellant's admission to the same. Therefore, the Field Office's dete:nnination to disqualify Garlan Supermarket for a two-year period is not only consistence with the FSP regulations but is also in strict accordance therewith.

Regarding Appellant's contention that his store had been in business for 20 years before it received its first sanction, implying that the firm had a clean record for so many years and had not been previously cited for any violations, such a past record of participation in the FSP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges. In fa.ct, such a contention has no bearing at all in this review as the review focus is on the second sanction imposed against the store and there is no longer exists a clean record to consider.

Regarding Appellant's contention that disqualification will hurt the community as Garlan Supermarket is located in a low income area and the nearest store that serves the same     . clientele is located two full city blocks away, consideration was given to whether it might

be appropriate to assess a civil money penalty in this case in lieu of the two-year period of disqualification. Such a fmding is appropriate only if a store sells a substantial variety of staple food items and its disqualification would create a hardship to Food Stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices. It is recognized that some degree of inconvenience to Food Stamp users is inherent in the disqualification from the FSP of any participating food store as the normal shopping pattern of FSP households may be temporarily altered during the period of disqualification.

In this case, the Field Office has rendered a finding pursuant to 7 CFR §278.6(f) that it would not be appropriate to impose a civil money penalty in lieu of a period of disqualification because of its determination that Garlan Supermarket is not the only authorized retail food store in the area "selling as large a variety of staple food items at comparable prices." The Field Office noted that there are other retail food stores in the area of consideration, (which in a urban area is within a one-mile radius of the subject store,) including a supermarket only 0.03 miles away, that qualify as alternates to Garlan Supermarket, pursuant to 7 CFR 278.6(f). Therefore, the earlier determination that the disqualification of Garlan Supermarket would not create a hardship to customers, as differentiated from potential inconvenience, is sustained, and a civil money penalty in lieu of disqualification is not appropriate in this case.

With regards to Appellant's contention that disqualification will put Appellant's store out of business, it is rt~cognized that some degree of economic hardship is a likely consequence whenever a store is temporarily disqualified from participation in the FSP. However, consideration must be given to the interests of the program and fairness and equity, not only to competing stores but also to those other participating retailers who are complying fully with program regulations. In addition, fairness must be afforded to those other retailers who have been disqualified from the program in the past for similar violations.

## **CONCLUSION**

In accordance with 7 CFR §278.2(f) and §278.6(e)(4) of the FSP regulations and agency directives, accepting Food Stamp benefits in payment for credit charges is a program violation that is as serious as the sale of ineligible nonfood items and warrants a one-year period of disqualification. Therefore, it is the decision of the USDA that the imposition of a one-year disqualification from participation in the FSP against Garlan Supermarket for credit violations, as originally imposed, is warranted. In addition, it is the further decision of the USDA that because the same firm has once before been assigned a sanction, pursuant to 7 CFR §278.6(e)(6), doubling the one-year disqualification to a two-year period of disqualification is sustained.

In accordance with the Food Stamp Act of 1977, and the regulations thereunder, this period of disqualification shall become effective thirty (30) days after receipt of this letter. A new appl.ication for participation may be submitted by the firm ten (10) days prior to the expiration of this one-year period. In accordance with 7 CFR §278.1(b)(4),at the time of any sm~hnew application for program participation, the firm would be advised

by the office rec~~iving such an application of the necessity, as a store previously    ~
sanctioned for program violations, also to post a collateral bond or irrevocable letter of
credit as a condition for again being authorized to participate in the program.

### RIGHTS AND REMEDIES

Your attention is called to Section 14 of the Food Stamp Act (7 U.S.C. 2023) and to .
Section 279.Tofthe Regulations (7 CFR §279.7) with respect to your right to a judicial
review of this determination.   Please note that if a judicial review is desired, the
Complaint, naming the United States as the defendant, must be filed in the U.S. District
Court for the dis1rict in which you reside or are engaged in business, or in any court of
record of the State having competent jurisdiction.   If any Complaint is filed, it must be
filed within thirty (30) days of receipt of this Decision.

Under the Freedom ofInformation   Act (FOIA), it may be necessary to release this
document and related correspondence  and records upon request.  If we receive such a
request, we will seek to protect, to the extent provided by law, personal information that
if released, could constitute and unwarranted invasion of privacy.

o\..,

MAY 2 9 2008

J      Y A.  . SEFIELD

DATE

ADMINISTRATIVE   REVIEW  OFFICER

6

Exhibit  M

**USDA**

~:ERTIFIED MAIL - Return Receipt Requested

Felix Martinez, President
1278 Felix Grocery, Inc.
1278 Grand Concourse
B:ronx, NY 10456

**United State.**
**Department of**
**Agriculture**

Food and Consumer
Service

Northeast Region

10 Causeway Street, Room 501
Boston, MA 02222

Dear Mr. Martinez:

Careful consideration has been given to the information and
evidence available to us relating to our letter of charges
dated March 5, 1996, and to your reply of March 15, 1996, to
that letter.                                              (""----

Wl- find that the violations, as outlined in our above-cited'
charge letter, occurred at your store. These violations
consisted of sales by the manager. Five transactions
occurred involving obviously ineligible items.

YCIU are hereby notified that it is my determination that
1278 Felix Grocery, Inc., under the presidency of
Fe!lix Martinez shall be disqualif~ed from participation in
the Food Stamp Program f9~ a period of one year. This is in
ac'cordance with Section 278.6(e)(4) of the Food Stamp
Program Regulations.

This determination will become effective on the 10th
calendar day following your receipt of this notice. If the
10th calendar day is a Saturday, Sunday or legal (Federal)
hOliday, the disqualification will be effective the next day
which is not a Saturday, Sunday or legal (Federal) holiday.
This action is taken under the authority of Section 278.6(a)
of the regulations governing the Food Stamp Program.

You may apply for reinstatement beginning 10 days prior to
the expiration of the disqualification period. If your
application is approved, you will be issued a new
aut:horization number and card upon completion of your
disqualification period.

Your authorization card, number 2946637, all unused
redemption certificates, and all posters, forms, and other
official materials relating to the program must be mailed by
the above stated effective date to Angela Mackey, OIC, Food
and Consumer Service, USDA, 201 Varick Street, Room 609, New
York, NY 10014. Tel: (212) 620-3691.

The Food and Consumer Service, formerly the Food and Nutrition Se",lee

1278  Felix  Grocery,  Inc.

2

Financial  Institutions  will  be  notified  not  to  a~cept  food  coupons  from  your
firm  after  the  t:hird  banking  day  fOllowing  the  effec'tive'date.   Any  coupons  on
hand  at  the  clos:e  of  business  on  -the effective  date  must  be  redeemed  within
3  banking  days  after  the  effective  date.

This  determination  will  be  final  unless  you  submit~imely   _written__ _request_
for  re~ew  to  th~  _Director,  Administrative  Review  Staff,  USDA,  FeS,  3101  Park
e-eritE!Drive,  ROlom 1002  poe,  Alexandria,  Virginia  22302.   Your  request  for
review  should  be  _sent  b~~~fiedmail___  and must  be  postmarked  by  midnight  of
the  10th  calenda;~  day  after  you  receive  this  notice,  in  order  to  be  considered
timely.   If  the  10th  day  of  the  period  for  requesting  review  falls  on  a
Saturday,  Sunday  or  legal  (Federal)  hOliday,  as  specified  in  Sectiori  279.5  of
the  regulations,  a  request  for  review  will  be  timely  if  it  is  postmarked  the
next  day  which  is;not  a  Saturday,  Sunday  or  legal  (Federal)  hOliday.

If  a  timely  request  for  review  is  made,  you  may  continue  to  accept  and  redeem
food  coupons  until  a  decision  on  your  request  has  been  made  by  the  Review
Officer.   The  rul!es governing  your  review  rights  are  contained  in  Section
278.8  and  Part  27~9 of  the  Food  Stamp  Program  Regulations.

This  determination  shall  not  preclude  the  Department  of  Agriculture  or  any
other  agency  or  dE~partment of  the  United  States  from  taking  further  action  to
collect  any  claim  determined  under  the  regulations  governing  the  Food  Stamp
Program  or  urtder alny other  pertinent  statutes  or  regulations,  nor  shall  this
determination  preclude  prosecution  under  any  applicable  penal  statutes.

In  accordance  with  Section  278.6(f)  (2)(3)(4)  of  the  Food  Stamp  Regulations,  in
the  event  that  you  sell  or  transfer  ownership  of  your  firm,  you  will  be
subject  to and  liable  for  a  civil  money  penalty  in an  amount  to  reflect  that
poition  of  your  disqualification  period  that  has  not  expired.

If  you  apply  for  rE~authorization at  the  end  of  the  disqualification  period,
you  will' be  require!d  to  submit  a  collateral  bond  or  irrevocable  letter  of
credit,  and  meet  all  other  criteria  for  authorization  in  order  to  again
participate  in  the  Food  Stamp  Program.

1278 Felix Grocery, Inc.

3

Si usted tiene dificultad entendiendo esta carta debidoa- falta de conocimiento del ingles, favor de ponerse en contacto con esta oficina immediatamente. Nosotros le explicaremos y/o traduciremos el contenido.

Nombre y direccion de la oficina:

Angela Mackey, OIC
Food & Consumer Service, USDA
201 Varick Street, Room 609
New York, NY 10014
TEL: (212) 620-3691

Sincerely,

~~n~~
Retailer Operations
Food Stamp Program

**Exhibit  N**

**(212)**
**567-9071**

*(p 7₋, 1ZftJl*   ~

**United States**
**Department of**
**Agriculture**

Food and
Con~
Serviw

Northeast Aegion

10 Causeway 51.
Room 501
. Boston. iMA 02222

EXH C

## CERTIFIED MAIL - Return Receipt Requested

Pedro Santana, Owner       ;
74 Nagle Grocery
74 Nagle Avenue
New York, NY  10040

*APR 101998*   ~!

Dear *M.I:.* Santana:

Careful consideration has been given to the information and evidenl::e available to us .relating to our lett-erof charges dated October 30, 1997.   ----""""--~~   ...:_  ~

aho

We find that the 'violations, as outlined in our above-:-cited charge letter, occurred at your store. These violations eonsist.ed of. sales by two clerk~. ~Fiv~ tr.':lnsaction!l o-ccurrE!d involving .obnouslyineligible   items .•.

_YouarE~ hereby notified that it is my determin,':ltion .that . 74 Nagle Grocery ╱ under the oWnership of Pedro Santa.na .:shall .be disqualified from participation in the Food Stamp.program for a period of six months. This is in accordancewi.th   . sectio:n278.6!e)   (5") of the Food Stamp Program RegUlations.·

~12;

This dE~termination will become effective on the 10th calendar day following your receipt of this,notice~   if the 10th cCLlendar day is a Saturday, Sunday or legal (Federal) .holidaj', the disqualification will b~ effective the ne.x.t. day which i.s not a Saturday, Sunday or legal (Federal} holiday •. 'l'his action is taken under .th~ authority of Section 278.1S{a) of the- regulations governing the-Food Stamp Program..

~.

You may' apply for reinstatement beginning 10 days prior to the expiration of the disqualification period. If your application is approved, you will be issued a n~w authorization number and card upon completion of your di$qualification period.

'Your autho.rizat~~ard,   number 6648142, all unused· redemption certi~,   and all posters, forms, and other official materials relating to the program must be mailed to Angela Mackey, orc, Food and Consumer Service, USDA,~Ol. Varick Street, Room 609, New York~ NY 10014. Tel: . (2'12) 620-3691.

:O

AN EQUAL OPPORTUNITY EMPLOYER

~ROM : Panasoni c FAX~STEM   •      PHONE NO•              .,      Aug. 11 1998 01:33PM P7
""

74 Nagle Grocery                                                    2

Financial    In:stitutions    will  be notified   not to accept  food
coupon~ from your firm after the third banking day .followinq the
effect~ve  date.  Any coupons on hand at  the  close of business  on
the  effecti  v.e date must be redeemed within  3 banking days after
the  effecti  vIII date.

This  determination  will  be final   unless  you  submit a timel'l__
written   requ.~st for  review  to  the  Direc.tor,  .Admin~stratlve    Review
Staff,    OSDA,FCS, 3101 Park Center Drive~Room  1002 POC,'
Alexandria,    Virginia  22302.   Your reques~ for  review  aho1i1.d  b~
sent by certified  .mail andmuat:  he poatmU"ked by midnight.· of t:he
10th  ccUenda~:,day after   you :eeei"e thi.$ notice,  in orcier  ~o be
considered   t:~Uaely. If  the 10th day of the period for reqUesting
r~view  falls  'Ona Saturday,  Sunday or le9:a1  (Federal) holiday,  as
specified   in Section  279.5 of the regulations,   a request  for
review  will  he timely  if it is postmarked  the n~xt. day whi"c:his
not  a SaturdclY,   S~day  or legal  (Federal}  holiday.

If  a ·timely  1~equest for  review  is  made, .you may continue   to
accept  and rE!deem  food coupons until   a decision  on your reqUest
has  been madE~ by the  Review Officer.     The rules  governing  your
review  right~' are contained in Section  278.8 and Part  279 .of th~
Food  Stamp  PJ:ogram Aegulations.

This  determination   shall not preclude  the Oepa;rtmentof
Agriculture   <// any other  agency or department  or the United
States   from t:akinqfurther    action to collect   any claim determined
Under  the regrulations   governing  the Food Stamp Program  or-under
any  other  pex:tinent  statutes   or regulations,  .nor shall  this·
.determinatior.Lprecl~de prosecution   under  any applicable  penal
statutes.

In  a~cordance! with  Section  27S.6{f}  (2) (3) (4)  'Of the  Food "Stamp
Regulations,   in the event  that  you sell  or transfer  ownership  of
your  firm, YCIU will  be subject  to and liable   fora civil  money
penalty  in an amount  to reflect that portion  of your
disqualificati,on    peri'Od that  has not expired.

If  you  apply  for reauthori2ation    at  the end of the
disqualificat.ion   period, you will  be required t'Osubmit  a
co~lateral  bond or i~revocable  letter  of credit,  and meet all
.other .criteria   for authori..:z:ation .in order  to 49ain part;'cipat4f'in
the  Food Stan~ Program.

74 Nagle Grocery                                             3

Si usted tiene dificultad ent.endiendo esta carta debido a falta
d~ <::onocimiento del. lng-Ies, favor de ponerse en coneaC::~o con esta
o'ficina immediatamen~e.  ·Nosotros Ie explicaremos *y/o*
traduciremos el  contenido•.

. Nombre y di.reccion   de *la* oficina:

                    Angela MackeYI ore
                    Food & Consumer Service" USDA
                    201 Varick Street, Room 609
                    New York, NY  10014
                    TEL: (212) 620-3691

   Sincerely,

                              FAX 21Y 6y0-69Q8

   = :l~-__ •• \A,)"O~    *'","
   Thomas W~ Alldresen,   Manager
   Retailer  Op~~rations
   Food $tamp 1?~o9'ram

Exhibit 0



**US[]A**

United stat ▪▪
h,.rt ▪▪▪▪▪ef
.a.ricaN ▪▪▪.▪

Foo<l And
NL/tri1ion
Swrvice

NorthtlflstRoaion

10 CauSOWLl'[ St.
Room 501
8OS101\, MA  *02222*

**CERT.IFIED MAn.. ,.Return  Receipt  Requested**

Rafael  Martinez.  President
Watson  Food  Center.  Inc.
1702  Watson  Avenue
Bronx.  NY  10472

**JAN 1 1 2000**

Dear  Mr.  Martine7.':

Careful  consideration   has  been  given to  the  information   and  evidence  available   to
us retailing to our  letter  of charges  dated  Scptcmber  4,  1999,  and to your  reply  of
October  12,  1999.  to that Jetter.

We  find  that  the  violations,   as  outlined   in  our  above-cited   charge  Ictter.  occurred
at  your  stOre.  These  violations   consisted   o:f sales  by the  manager   and  three
clerks.,   Sevcn  transactions   occurred   involving   obviously   ineligible   items.

You  am  hereby  notified   that  it *is* my  determination   that  Watson  Food  Center,
Inc.,   under  the  presidency   of Rafacl  Martinez   shall  be  disqualified   from
participation·  in  the  Food  Stamp  Program  for  a period  of one  year.   This  is in
accordan.ce  with  Section  278.6(e)(4)   ohhe  Food  Stamp.Program   Regulations.

This  de~terminatjon  will  bt."Comc  effective   on  me 10th calendat  day  following   your
rCt'cipt  of thisnolice.   If the  10th calendar   day  is a SatUrday.  Sunday  *or* legal
(Fcdcml)   holiday,   the  disqualification   will  be effective   the next  day  which  is not  a
Salurd4llY1 Sunday  or  legal  (Federa)   holiday.   This  action   is taken  under  the
authority   of Section  278.6(a)  of the  regulations   governing   the  r'OOd  Stamp
Program.

YOI₁  may  apply  for  reinstatement   beginning   10 days prior  to  the  expiration   of me
disqualification   period.   If your  application   is approved,   you  will  be  issued  a new
authorir4'11ion  number  and  card  upon  completion   of your  disquc:lification   period.

Your  aulhori7..ation  card,  number  3476057;  allul1used  redemption   certificates,   and
aU  posters,   famls,  and  other  official  materials   relating  to thc  PrQgram  must  be
mailed  to  Angela  Mackey.  OIC.  FOOd  and  Nutrition  SeTVice,~SDA.  201  Varick
Street,  Room  609,  New  York,  NY  10014.  Tel:  (212)  620.3691.

FinandaJ  Institutions   will  be  notified  not  to  accept  food  ber~fits  from  your  firm
afler  the  third  banking  day  foltowing   the  effective   date.  Any  coupons  o₁₁ hand  at
the  cl05;c  of  business  on  the  effcclive  dale  must  be  redeemed   within  3 banking
days afifcr the  effective   date.

·AlllEOUr.!..  OPPORTUNITY£MPLO~

Watson  food  Center,  lnc.


Also,  ifYOll  arc  ~  authorized  vendor  under  the  Special  Supplemental  FoodProgrnm  for
Women,  Infants,  and  Children  (WIC),  you  may  be  withdrawn  from  thc.WIC  Program  as  a
result  of  your  disqualification  from  the  Food  *Stamp*  Program.

This  determina.lion  w.iII  be  final  unless  you  submit  a  timely  written  request  for  review  (o  the
Director,  Administrative  Rcview  Staff,  USDA,  FCS,  3101  Park  Center  Drive,  Room  1002
POCo  Alexandria,  Virginia  22302.  Yourreque.q  tor  revicwshould  be  sent  by  ecrtulCd
mail  aud  lUL4;t  hle  pOstmarked  by·midnigbt  of  the  10th  ~alendar  day  after  you  receive  this
notice.  hi  urdlT  !fobe  considered  time1y~  If  the  lOch  day  M  the  period  for  requesting  review
falls  011 a  Saturday,  Sunday  or  legal  (Pederal)  holiday • as  specified  in  Section  279. S of  the
regulations,  a  requcst  for  review  will  be  timely  if  it  is  postmarked  thcncxt  day  which  is  not  a
Saturday,  Sunday  or  legal  (federal)  holiday.

If  a  timely  request  for  review  is  madc.  you  may  continue  to  accept  and  redeem  food  benefits
untit  a  dccisjon  on  your  request  has  been  made  by  the  Review  Ofticer.  The  rulesgoveming
your  review  righu;  are  contained  in  Section  27'8.8  and  Part  279  of  the  Pood  Stamp  Program
Regulations.

This  determination  shan  not  preclude  the  Department  of  Agriculture  or  any  other  ageney  or·
department  of  the  United  Slates  from  taking  further  action  to  collect  any  claim  determined
under  the  regulati4)l1sgoverning  the  Food  Stamp  Program  or  under  any  other  pertinent  statutes
orregularions,  nor  shall  this  determination  preclude  prosecution  under  anyapplj('able  penal
statutes.

In  accordance  with  Section  278.6(t)(2)(3)(4)  of  the  Food  Stamp  Regulations,  in  the .CVCIlL  that
you  sell  or  transfer  ownership  of  your firm.  you  will  be  subject  to  and  liable  for  a .eivil  money
renatly  in an  amount  to  refit.'Ct  that  portion  of  your  disqualification  period  tbat  h:\$  not  expin,od.

If  you  apply  for  re:authorizatlon  at  the  end  of  the  disqualification  period,  you  will  be  required
to  submit  a  collafc'rat  bond  or  irrevocable  letter  of  credit,  and  meet  all  other  criteria  for
authorization  in  order  to  again  participate  in  the  Food  Stamp  Program.

2

Watson Food Center, Inc.

Si.USlCd licne difilcultad emendiendo esta carta debido a faltade conocimicntodcl ingles, favor de poncrsc en contacto con esta ()ticina immediatamente.  Nosotrosle explicaremos y/o tratJucircmos elcontenldo ..

Nombre y direccion de la oficina:

Angela Mackey, OIC
Pood & Nutrition Service, USDA
201 Varick Street, Room 609
New York, NY 10014
TEL: (212) 620-3691

Sincerely,

~.1        \\0.,~

Thomas W. :ten,     Manager
Retailer Operations
Food S~1mp Proglram

3

USDA~



United States
Department of
Agriculture

CERTIFIED MAIL RETURN RECEIPT REQUESTED

~~~~{~~ October 5, 199B

Service

3101 Park
Center Drive

Alexandria, VA
22302-1 500

Teudo Gonzalez, owner
GONZALEZ DELI-MEAT GROCERY
931 Fox Street
Bronx, NY 10459

Dear Owner:

This is in further response to your request for an administrative review of a 6 month disqualification·from participating in the Food Stamp Program at your store.

I have considered the information submitted in support of your contention that the store should not be sanctioned, as·proposed by the Regional office of the Food and Consumer Service (FCS).

The sanction determined by .the Regional office· resulted from an .investigation which documented 3 unauthorized Food Stamp transactions of January 6, 11 and 20, 2000, involving the sale of 9 ineligible items, at the store.

With a transmittal/charge letter of April 18, 2000 to the firm, the Regional office forwarded a copy of the investigation report, which describes each visit to the store, the items purchased and the conversation relevant to the sale.

Your letter of April 27, 2000 responded to that letter, saying if violations did occur, as charged, they were not done intentionally. You also indicated how important the Food Stamp Program is to your store's financial well bE!ing

The Regional office then notified your store in a letter of July 12, 2000 it would be disqualified for 6 months as a consequence of the sale of common ineligible items, on 3 occasions.

With the receipt of a July 12, 2000 letter requesting administrative review of this sanction, your were notified the store could continue participation in the program pending administrative revrew, and that written information in support of your position must be postmarked not later than August 23, 2000.

I have reviewed all the information in the official participation file provided by the Regional office of FCS which includes The U. S. Department of Agriculture invE~stigatiorreport. I have also considered all information . submitted during aciministrativereviaw

Based on my study of the investigative documentation, I find that the program violatiions with which this firm is charged are supported by substantial credible evidence. These charges resulted from the clearly documented transactions in the store, reported in a formal USDA investigation. All transactions were carefully documented at the time of occurrence.    My study shows this investigative documentation to be clearly presentı3d with regard to all significant aspects of the food stamp transactions in the store.  I, thus, conclude that the administrative charges are an accurate presentation of the facts.

As requested, I have considered the eligibility of this firm for a  hardship civil money penalty in lieu of disqualification. That alternate sanction is appropriate only when disqualification would create a hardship to food stamp customers  because there are. no other authorized retail stores in the area sellin~Jas large a variety of staple food items with comparable prices.    It isrny decision that it v'!ouldnot be appropriate to substitute a hardship civil money penalty as the record shows there are two authorized stores offering staple food items of comparable variety   and price, within .3 mile of your firm.

It is my determination that a 6 month disqualification of GONZALEZ DELI-MEAT GROCERY is in accordance with Section 278.6(e)(5) of food stamp regulations.   I am, thus, sustaining the decision of the Regional Office to impose that sanction, which shall become effective 30 days after your receipt of my letter.

The option to request, Judicial review of this decision is outlined in Section 279.10 of Pro~Jram Regulations.   Such complaint, naming the United States as the defendant, is to be filed in the United States District Court for the district in which the appellant resides or is engaged in business, or in any court of record of the State having competent jurisdiction.   It must be filed within 30 days of your receipt of this letter.

Sincerely,

c;

PATRICK A. FHANK
Administrative Review Officer





**United States Department of Agriculture**

Food and Nutrition Service

New York City Field Office

201 Varick St RM 609 New York City, NY 10014

(212) 620-3691

Victorino Mendez
Mendez's Grocery
655 Courtlandt Avenue
Bronx, NY 10451

Dear Mr. Mendez:

Consideration has been given to the information and evidence available to us relating to our letter of charges dated 11/21/2003, to which you did not reply. We fin~ that the violations cited in our charge letter occurred at your firm.

We considereld your eligibility for a civil money penalty (CMP) according to the terms of section 278.6(i) of the FSP regulations. We have determined that you are not eligible for the CMP because you did not submit the required documentation.

Therefore your firm shall be permanently disqualified from the Food Stamp Program. This is in accordance with section 278.6(c) and 278.6(e)(1) of the FSP regulations.

This determination will be final unless you submit a written request for review to the Director, Administrative Review Staff, USDA, FNS, 3101 Park Center Drive, Room 608, Alexandria, Virginia 22302. Your request for review must be postmarked by midnight of the 10th calendar day after you receive this letter, in order to be considered timely. If the 10th day of the period for requesting review falls on a Saturday, Sunday or legal (Federal) holiday, a request for review will be timely "if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday. The rules governing your review rights are contained in section 278.8 and part 279 of the FSP regulations.

During this review process, you may not accept food stamp benefits until a decision is rendered. If the permanent disqualification of your firm is later reversed through administrativH or judicial review, USDA shall not be liable for the value of any sales lost during the period of disqualification you served (FSP regulations section 278.6(c)).

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determined under the FSP regulations or under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any applicable penal statutes.

Your authori:z:ation card, number 0982946, and all program materials must be returned to this office. Your Electronic Benefit Transfer (EBT) processor will be advised to disable your EBT connection. Your EBT machine should be returned to your EBT vendor. If you accept food stamp benefits after the effective date of disqualification, you will be subject to a severe monetary fine, per section 278.6(m) of the FSP reigulations, and possible prosecution under applicable penal statutes.

If you are an authorized vendor under the Special Supplemental Nutrition Program

for Women, In'fants, and Children (WIC), you may be disqualified from the WIC Program as a l'esult of your disqualification from the FSP. In accordance with current law governing both the FSP and the WIC Program, such a WIG Program disqualification is not subject to administrative or judicial review under the WIC Program.

In the event that you sell or transfer ownership of your store subsequent to your disqualification, you will be subject to and liable for a CMP as provided by FSP regulations sections 278.6(f)(2),(3) and (4). The amount of this sale or transfer CMP will be calculated based on FSP regulations 278.6(g).

Si usted tiene dificultad entendiendo esta carta debido a falta de conocimiento del idioma ingles, llame a nuestra oficina al numero: (212) 620-3691 inmediatamente. Nosotros le explicaremos o traduciremos el contenido.

Sincerely,

J.W. Alston
Officer-In-Cha.rge
Metro II
New York Federal Nutrition Proqram

Enclosures


United States
Department of
Agriculture

Food and
Nutrition
Service

3101 Park
Center Drive

Alexandria VA
22302.1500

## CERTIFIED MAIL RETURN RECEIPT REQUESTED

March 13, 2001

Dilcia Crispin
·CASTLE HILL BUSINESS SERVICES
1208 Castle Hill Avenue
Bronx, NY 10462

RE: Ms. Alejandrina Munoz, President
S8M SUPER.MARKET CORP
3856 Broadway
New York, NY 10032

Dear Sir:

This is in further response to your request for an administrative review of a 6 month disqualification from participating in the Food Stamp Program at your client's store.

I have considered the information submitted in support of your contention that the store should not be sanctioned, as proposed by the Regional office of the Food and Consumer Service (FCS). This includes the June 12 response to a charge letter of June 6, 2000.

The sanction determined by the Regional office resulted from an investigation which documented 4 unauthorized Food Stamp Electronic Benefit TranS9Gtions (EBT) of March 14, 20, 27 and April 3, 2000, involving the sale of 11 common ineligible items, and a $12.99 cooking pot, vJ.ithlid, at tl1e store.

-·/With a transniittal/charge letter of June 6, 2000 to the firm, the Regional office forwarded a copy of the investigation report, which describes each visit to the store, the items purchased and the conversation relevant to the sale.

Your letter of June 12,2000 indicated that the employee who committed the violations is no longer employed at SBM SUPERMARKET, and indicated apolo~~iesfor the problems created by that employee.

After consideration of this response, the R.egional office notified your client's store in a letter of November 9, 2000 it would be disqualified for 6



months as a consequence of the sale of ineligible items, on 4 occasions.

With the receipt of a November 18, 2000 letter requesting administrative review of this sanction, you were notified the store could continue participation in the program pending administrative review, and that written information in support of your position must be postmarked not later than December 20,2000 to be assured of consideration.

Your letter, requesting review reminded us the employee was terminated and asked for consideration of a hardship civil money penalty in lieu of disqualification.

I have reviewed all the information in the official participation file provided by the Regional, office of FCS which includes The U. S. Department of Agriculture investigation report. I have also considered all information submitted durin~-administrative review

Based on my study of the investigative documentation, I find that the program violations with whi.ch this firm is charged are supported by substantial credible evidence. These charges resulted from the clearly .documented transactions in the store, reported in a formal USDA investigation. All transactions were carefully documented at the time of occurrence. My study shows this investigative documentation to be clearly presente!d with regard to all significant aspects of the food stamp transactions in the store. I, thus, conclude that the administrative charges are an accurate presentation of the facts.

At your request, ·1have considered the eligibility of this firm for a hardship civil money penalty in lieu of disqualification. That alternate sanction is appropriate only when disqualification would **create a hardship to food stamp customers** because there are no other authorized retail stores in the area selling as large a variety of staple food items with comparable prices. It is my decision that **it would not be appropriate to substitute a hardship civil money** penalty. A computer search of grocery stores close to your c1.ient'sfirm indicates there are 20 grocery stores within .2 mile, including 4 stores at 3835, 3845, 3846 and 3871 Broadway. Additionally there is a C Town at 1016 St. Nicholas, which is shown to be .2 mile from the subject.

It is my detl3rmination that a 6 month disqualification of S8M SUPERMARKET is in accordance with Section 278.6(e)(5) of Food Stamp

Program regulations.    I am, thus, sustaining the decision of the Regional Office to impose! that sanction, which shall become effective 30 days after your receipt of my letter.

The option to request Judicial review of this decision is outlined in Section 279.10 of Program Regulations.    Such complaint, naming the United States as the df9fendant, is to be filed in the United States District Court for the district in which the appellant resides or is engaged in business, or in any court of record of the State having competent jurisdiction.    It must be filed within 30 days of your receipt of this letter.

Sincerely,

6?~        c: Frank

PATRICK A. FR~NK
Administrative Heview Officer

Case 1:08-cv-02960-RJS    Document 16-5    Filed 08/22/2008    Page 12 of 23



ADMINISTRATIVE REVIEW DIVISION
FOOD & NUTRITION SERVICE, USDA
3101 PARK CENTER DRIVE, ROOM,
ALEXANDRIA, VIRGINIA 22302

Exhibit  **S**    /



United States
Department of
Agriculture

Food and
Nutrition
Service

Northeast Region

10 Causeway St.
Room 501
Boston, MA  02222

<u>CERTIFIED  MAIL  -  RETURN-  RECEIPT  REQUESTED</u>          JAM 1 4 200z

Anyolina  Valentin,  Owner
Anyolina  Grocery  &  Meat  Market
152  Nagle  Avenue
New York,  NY   10040

Dear  Retailer:

Your firm  hatSbeen  investigated   by U.S.  Department  of Agriculture
Investigators.   A  copy  of  the  report  is  enclosed.   The  name  of  the  person  or
persons  who  conducted  the  investigation   has  been  removed.   From  this
investigation   there  is  evidence   that  certain  violations  of  the  regulations
governing  the  Food  Stamp  Program  7 CFR  271-279  (hereinafter  referred  to as
the  regulations)  have  occurred  in your firm.

Based  on  the  transactions   which  occurred  during  this  investigation,   you  are
charged  with  food  stamp  benefits.

The  misuse  of  food  stamp  benefits  described  in  Exhibits  A  thru  G  was  in
violation  of Section  278.2(a)  of the  regulations.   Additionally,   Italia  Pichar,
manager's  wife,  was  identified  as  having  participated  in  the  violations
described   in Exhibits  A & B.

Because  of  the  seriousness  of  these  charges,  your  store  is  being  considered
for  disqualification  from  the  Food  Stamp  Program  or  the  imposition  of a civil
money  penalty  in lieu of disqualification.   Therefore,  we  encourage  you to give
us  the  benel1t  of any  information,  explanation,   or  evidence  you  have  regarding
these  chargE~s. To  ensure  consideration   of  your  resPRnse,  you  should
reply  within  10 days  of  the  date  you  receive  this  letter.   You  may  respond
either  in  writing  or in person.   If you  wish  to  reply  in writing,  please  send  your
reply  to  Angela  Mackey,  OIC,  Food  and  Nutrition  Service,  USDA,  201 Varick
Street,  Room  609,  New  York,  NY  10014.   If you  wish  to  reply  in person,'
please  telephone  the  OIC  at  (212)  620-3691  for  an  appointment.

We  will  fully  consider  your  reply  and  any  information  you  provide  before  we
make  a  decision  in this  matter.   However,  if we  do  not  hear  from  you  within  the
time  indicated,  we  will  make  a  decision  based  on  the  information   already
available  to us.

Anyolina  Grocery  & Meat  Market

We  have  enclosed  a copy of the  regulations  which  concern  retailers  and wholesalers.    Section  278.6(b)  sets  out your  right to reply to the charges,  and Sections  278.6(c)  through  (h)  spell out the  procedures  we  will follow  in making a decision  in this case.

Si usted  tiene  dificultad  entendiendo  esta carta  debido  a falta de conocimiento del ingles,  favor  de ponerse  en contacto  con esta oficina  immediatamente. Nosotros  le explicaremos  *y/o* traduciremos  el contenido.

Nombre  y direccion  de la oficina:

   Angela  Mackey,  OIC
   Food  & Nutrition  Service,  USDA
   201 Varick  Street,  Room  609
   New  York,  NY   10014
   TEL:  (212)  620-3691

Sincerely,

Thomas  W. Andresen,  Manager
Retail  Management  Unit
Food  Stamp  Program

Enclosure

Exhibit:  T

**Un.ted States
Department of
Agriculture**

Food and
Nutrition
Service

Northeast Region

10 Causeway St.
Room 501
Boston, MA 02222

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Jose V. Urena, Owner
Stop One GliOcery

~;~~x~~~~~~r~e~~72                    ~B.:)   1 0 20CJ

Dear Mr. UrEma:                              ')

Careful consideration has been given to the information and evidence
available to us relating to our letter of charges dated December 10,
2002, and to your attorney's reply of December 19, 2002, to that letter.

We find that the violations, as outlined in our above-cited charge letter
occurred at your store. These violations consisted of sales by 2 Clerks.
Three transactions occurred involving obviously ineligible items.

We have determined that assessment of a civil money penalty of .
$23,124 in liE~l0f a six-month period of disqualification from
participation inthe Food.StamP Program is an.appropriate.penalty for
these violati0il1s.1his  i$jnaGcordanc.~\Nith  Secti,on278:6..(f)ofthe
Food Stamp Program Regulation·s ...

We have elected to assess acivil'money penalty in lieu of
disqualification because your firm is selling a substantial variety of
staple food itl3ms, and the firm's disqualification would cause hardship.
to food stamp households in the residential building above the store.

You are hereby notified that Stop One Grocery under the ownership of
Jose V. Urena shall have 15days from receipt of this letter in which to
pay $23,.124 in a lump sum to the address list~d below. If you are
unable t0 pay the civil money penalty in one lump gum, contact john
Patton at 703-305-1458' ...

Please make your check or money order payable to USDA-FNS-HQ,
and mail it to:

USDA-FNS-HQ
P.O'. Box 953807
St. louis, MO 63195-3807

A firm which has been assessed a.civil money penalty must also submit
acoll,ateral bond or irrevocable letter of credit for its'continued, .'

Stop  On~  tSro'cery

participation.    You must present  a bond or letter  of credit  in the amount
of $3,854  to the OIC named  below  no later than  15 days  from your
receipt  of this  letter.  The collateral  bond  shall  be made  payable  to the
Food  and Nutrition  Service  and shall  meet  all requirements   listed in the
enclosure.

YOU  MUST  COMPLY  WITH  BOTH THE CIVIL  MONEY  PENAL TV
AND  THE  BONDING  REQUIREMENTS   AS A CONDITION  OF
REMAINING   IN THE  FOOD  STAMP  PROGRAM.

If you are an authorized  vendor  under the Special  Supplemental
Nutrition  Program  for Women,  Infants,  and Children  (WIC), you may be
disqualified  from the WIC Program  as a result  of your payment  ofthe
civil money  penalty.   In accordance  with current  laws governing  both
the Food  Stamp  Program  (FSP) and the WIC Program,  such a WIC
Program  disqualification  is not subject  to administrative   or judicial
review  under  the WIC Program.

Failure  to pay the civil money  penalty  or to comply  with the bond/letter
or credit  requirement  will result  in the disqualification   of your firm from
participation  iin the Food  Stamp  Program  for a period  of six months
effective  the close of business  of the 15th day following  your receipt  of
this letter.  If your firm is disqualified,   you may not accept  food benefits
after the close of business  of the 15th day following  your receipt  of this
letter.

Your authorization  card; number  3746011,  all unused  redemption
certificates,  and all posters,  forms, and other official  materials  relating to
the program  must be mailed to Angela  Mackey,  OIC, Food and Nutrition
Service,  USDA, 201 Varick  Street,  Room 609,  New York, NY 10014.
Tel: (212)  620-3691.

Financial  Inst~tutions  will be notified  not to accept  food stamp  benefits
from your firm after the third  banking  day following  the effective  date.
Any coupons  on hand at the close of business  on the effective  date
must be redeE3med within 3 banking  days after the effective  date.

YOUR  ELECTRONIC   BENEFIT  TRANSFER  (EBT) MACHINE  MUST
BE RETURNI:D  TO THE VENDOR.

This determination  will be final unless you submit  a timely  request  for
review to the Director,  Administrative   Review Staff, USDA, FNS, 3101
Park Center  Drive,  Room 608, Alexandria,  Virginia  22302.  Your
request  for rEwiew should  be sent by ce-rtified  mail and must be
postmarked  by midnight  of the 10th calendar  day after you receive

2

·Stop  O~  \3ro~ery

this notice, in order to be considered timely. If the 10th day of the period for requesting review falls on a Saturday, Sunday or legal (Federal) holiday, as specified in Section 279.5 of the regulations, a request for review will be timely if it is postmarked the next day which is not a Saturday, Sunday or legal (Federal) holiday.

If a timely r€lquest for review is made, no payment should be sent and administrative action will be held in abeyance, as provided in Section 278.8 of the regulations, until a decision on your request has been made by the Food Stamp Review Officer. This action is taken under . the authority of Section 278.6(a) of the regulations governing the Food Stamp Program. The rules governing your review rights are contained in Section 2"18.8 and Part 279 of the Food Stamp Program Regulations.

You may be disqualified from the WIG Program as a result of your disqualification from the FSP. In accordance with current laws governing both the FSP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under ... the WIC Program.

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determined under the regulations governing the Food Stamp Program or under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any applicable penal statutes.

In accordance with Section 278.6(f)(2)(3)(4) of the Food Stamp Regulations, in the event that you sell or transfer ownership of your firm, you will be subject to and liable for a civil money penalty in an amount to reflect that portion of your disqualification period that has not expired.

Sincerely,
      Original Signed by:
      Thomas W. Andresen

Thomas W. Andresen, Manager
Retail Management Unit
Food Stamp Program

Enclosure: Bonding Instruction

cc: Ernest Codelia, Attorney  /

3

Exhibit U



United States
Department of
Agriculture

Food and
Nutrition
Service

3101 Park
Center Drive

Alexandria, VA
22302-1 500

<u>CERTIFIED</u> <u>MAIL</u> <u>RETURN</u> <u>RECEIPT</u> <u>REQUESTED</u>

December 20" 2002

Attorney Ernest Codelia
1967 Turnbull Avenue
Bronx, NY  10473

RE: Wilson Baez, President
1086 Superette Corp
1086 Boston Road
New York, NY  10456

Dear Sir:

I have completed an administrative review of the permanent disqualification from participating in the Food Stamp Program at your client's store.   During the review, I considered information supporting your contention the store  should not be sanctioned, as proposed'by the Food and Nutrition Service (FNS). My review has included USDA investig§.tive and administrative records from which the proposed sanction was determined, and your  May 24 response to the charge letter of May 8" 2002, as well.

The sanction determined by the Regional office resulted from an investigation, which documented   Food Stamp Benefit trafficking transactions at  subject store on October 17 and 19, 2001.

An investigator from the Departnient's Compliance Branch went to the store to determine if coupons were being exchanged for cash. During each of the two cited visits the shopper exchanged $40 in Food Stamp Benefits for $2:8 cash.  This totals  $80  in Benefits exchanged for $ 56 cash.

t' *U.*"

With a charge letter of May 8, 2002 the Regional office notified your client of all the investigative transactions at this store, (including the sale of ineligibles) and invited a response. Your correspondence of May 24 declares the firm fired an employee who was trafficking in Benefits and was also stealing cash from the firm.

After considering your response, the Regional office notified 1086 Superette Corp by letter of Au~ust 30, 2002 the store would be permanently disqualified as a consequence of two trafficking transactions at the store.

During administrative review you said: Your client has agreed to pay the Trafficking Civil Money Penalty of $40,000 if one is offered, and you asked for an expeditious response in review.

Based on my study of the investigative documentation, I find the violations with which the firm is charged are supported by substantial evidence. These charges resulted from documented transactions in the store, reported in a formal USDA investigation.

Section 278.6 (1)(i) of the program regulations calls for the imposition of a permanent disqualification when the evidence establishes that "Personnel of the firm have trafficked as defined in 271.2;"

Program Regulations at Section 278.6 (i) establish four criteria an appellant firm must meet to qualify as eligible for a CIVIL MONEY PENAL TV in place of permanent disqualification. Timely documentation was not submitted which would satisfy these criteria. I am, thus, sustaining the decision of the Regional office to deny a civil money penalty in lieu of permanent disqualification.

It is my dete!rmination that the permanent disqualification of 1086 Superette Corp is in accordance with Section 278.6(e)(1 )(i) of Food Stamp Program Regulations. I am sustaining the deciston of the Regional Office to impose that sanction.

The option to request judicial review of this decision is outlined in Section 279.10 of Program Regulations. Such complaint, naming the United States as the defendant, is to be filed in the United States District Court for the district in which the appellant resides or is engaged in business, or in any court of record of the State having competent jurisdiction. It must be filed within 30 days of your receipt of this letter.

Sincerely,

*C?~*    c  ~

PATRICK A. FRANK
Administrative Review Officer

08 Civ. 2960 (RJS)

UNITED STATES DEPARTMENT OF AGRICULTURE
SOUTHERN DISTRICT OF NEW YORK

FRANKLYN F. LUGO,

                                        Plaintiff,

        - against -

UNITED STATES OF AMERICA,

                                        Defendant.


                        AFFIDAVIT OF SERVICE


STATE OF NEW YORK)
COUNTY OF BRONX    ) ss.:

        NELLY ORTIZ, being duly sworn, say: I am not a party to the action, and over 18 years of age and resides at New York, New York.

        That on August 8, 2008, I served AFFIRMATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by mailing a copy to each of the following persons at the last known address set forth after each name below.

            U.S. Attorney for the Southern District of New York
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Attn.: Mr. 1. Cordaro, Esq.


Sworn to before me this
8*J    day of August 2008

1wkWd

NO      Y PUBLIC            .. ..

ERNEST CODEUA"A.
••••··••a;··•·—StataaIM-••·•.
i··~~·'Og·o'i¬

~~q;q

NELLY ORTIZ