**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

FRANKLYN F. LUGO,                                  :

                               :

             Plaintiff,                    :      08 Civ. 2960 (RJS)
                               :      ECF Case

    -against-                                   :

                               :      Electronically Filed

THE UNITED STATES OF AMERICA,        :

                               :

             Defendant.                 :

                               :

-------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email: joseph.cordaro@usdoj.gov

JOSEPH N. CORDARO
Assistant United States Attorney
    —Of Counsel—

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ......................................................................................................... 2

I.   FNS'S DISQUALIFICATION OF PLAINTIFF'S STORE FROM
     THE PROGRAM WAS NOT ARBITRARY OR CAPRICIOUS ......................... 2

II.  PLAINTIFF IS NOT ENTITLED TO ADDITIONAL
     DISCOVERY CONCERNING PREVIOUS FNS CASES ................................. 5

CONCLUSION ...................................................................................................... 8

## TABLE OF AUTHORITIES

### CASES

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*
106 F.3d 11 (2d Cir. 1997) ................................................................................... 1

*Bergh v. Department of Transportation,*
794 F.2d 1575 (Fed. Cir. 1986) ........................................................................... 3

*Carey v. Crescenzi,*
923 F.2d 18 (2d Cir. 1991) ................................................................................... 5

*Distribuidora Dimsa S.A. v. Linea Aerea Del Cobre S.A.,*
768 F. Supp. 74 (S.D.N.Y. 1991) ......................................................................... 2

*Gibson v. Lorillard Tobacco Co.,*
No. 1:03-CV-2433-ENV-LB, 2007 WL 295601
(E.D.N.Y. Jan. 29, 2007) ..................................................................................... 7

*Lawrence v. United States,*
693 F.2d 274 (2d Cir. 1982) ....................................................................... 2, 6, 7

*Lugo v. United States,*
No. 08 Civ. 2960 (RJS) (S.D.N.Y. May 28, 2008) ........................................ 2, 5

*N.L.R.B. v. Sears, Roebuck & Co.,*
421 U.S. 132 (1975) ............................................................................................. 6

*Olson v. Paine, Webber, Jackson & Curtis, Inc.,*
806 F.2d 731 (7th Cir. 1986) ............................................................................... 2

*Slovacek v. United States,*
40 Fed. Cl. 828 (Fed. Cl. 1998) .......................................................................... 3

*Swift & Co. v. United States,*
276 U.S. 311 (1928) ............................................................................................. 3

*United States v. Hercules, Inc.,*
961 F.2d 796 (8th Cir. 1992) ............................................................................... 3

*Willy's Grocery v. United States,*
656 F.2d 24 (2d Cir. 1981) ............................................................................... 2, 5

## STATUTES

7 U.S.C. § 2021(a) ............................................................................................ 5

7 U.S.C. § 2023(a)(13) ...................................................................................... 1

28 U.S.C. § 516 ................................................................................................. 3

28 U.S.C. § 519 ................................................................................................. 3

## RULES

Fed. R. Civ. P. 17(a)(3) ..................................................................................... 1

Fed. R. Civ. P. 56 .............................................................................................. 1

Fed. R. Evid. 106 .............................................................................................. 8

## REGULATIONS

7 C.F.R. § 278.2(f) ............................................................................................ 4

7 C.F.R. § 278.6(a) ......................................................................................... 3, 4

7 C.F.R. § 278.6(e)(2) ....................................................................................... 6

7 C.F.R. § 278.6(e)(4) .............................................................................. *passim*

7 C.F.R. § 278.6(e)(5) ..................................................................................... 3, 4

7 C.F.R. § 278.6(e)(7) ....................................................................................... 4

7 C.F.R. § 278.6(f)(1) ........................................................................................ 5

7 C.F.R. § 279.7 ................................................................................................ 1

## OTHER AUTHORITES

FNS Handbook 318............................................................................................... 4, 8

Defendant, the United States of America (the "Government"), submits this reply memorandum of law in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Franklyn F. Lugo attempts to avoid the entry of summary judgment in favor of the Government by deflecting attention from two inescapable truths: (1) he is not entitled to a trial *de novo* because he has conceded violations of a regulation governing the Supplemental Nutrition Assistance Program ("Program") and (2) he is not entitled to discovery concerning the sanctions imposed by the United States Department of Agriculture, Food and Nutrition Service ("FNS") in previous cases because the Court already has issued an order precluding such discovery. As discussed in the Government's opening brief, the only question before the Court is whether FNS's imposition of a one-year disqualification on Plaintiff's store, the Ivana Grocery Store, was arbitrary and capricious. Because the disqualification comported with the Food and Nutrition Act, Program regulations, and the agency's internal guidelines, the Court should sustain the agency's decision. Accordingly, the Government's motion for summary judgment should be granted.[1]

---

[1]    A standing problem exists in this case. Only "the store" may obtain judicial review of FNS's final determination. 7 U.S.C. § 2023(a)(13); *see* 7 C.F.R. § 279.7 ("[A] *firm* aggrieved by the [agency] determination . . . may obtain judicial review . . . ." (emphasis added)). Pursuant to Fed. R. Civ. P. 17(a)(3), the caption may be amended to substitute the Ivana Grocery Store as the plaintiff. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.")

## ARGUMENT

### I.  FNS'S DISQUALIFICATION OF PLAINTIFF'S STORE FROM THE PROGRAM WAS NOT ARBITRARY OR CAPRICIOUS

Plaintiff renews his argument that he is entitled to a trial *de novo* on the severity of FNS's sanction, *see* Affirmation of Peter R. Shipman, dated Aug. 7, 2008, ¶¶ 3-10, even though the settled law in this district—and a prior ruling of this Court—is unambiguously to the contrary.  *See Lugo v. United States,* No. 08 Civ. 2960 (RJS), slip op. at 1 (S.D.N.Y. May 28, 2008) (compiling cases).  For the reasons indicated in the Government's opening brief, *see* Gov't Br. at 9-10, and as provided in the Court's order, the standard of review when the plaintiff challenges only the severity of his sanction is whether the agency acted in a manner that was arbitrary and capricious.  *See Lawrence v. United States,* 693 F.2d 274, 276 (2d Cir. 1982); *Willy's Grocery v. United States,* 656 F.2d 24, 26 (2d Cir. 1981); *Lugo,* slip. op. at 1. Plaintiff's entreaties aside, *see* Shipman Affirm. ¶ 8, this Court obviously cannot disregard the pronouncements of the Second Circuit.  *See, e.g., Distribuidora Dimsa S.A. v. Linea Aerea Del Cobre S.A.,* 768 F. Supp. 74, 77 (S.D.N.Y. 1991) ("A district court has no authority to reject a doctrine developed by a higher court unless subsequent events make it 'almost certain that the higher court would repudiate the doctrine if given a chance to do so.'") (quoting *Olson v. Paine, Webber, Jackson & Curtis, Inc.,* 806 F.2d 731, 734 (7th Cir. 1986)).

Plaintiff next argues that even if a trial *de novo* is not warranted, FNS acted arbitrarily and capriciously because the agency has settled *other* cases involving Program violations for civil money penalties, but seeks to enforce the one-year

disqualification of Plaintiff's store in *this* case.  *See* Shipman Affirm. ¶ 12-14,

Ex. A-K.  This argument is flawed because the authority to settle a litigation

involving Program violations rests with the Department of Justice, *see* 28 U.S.C.

§§ 516, 519; *United States v. Hercules, Inc.,* 961 F.2d 796, 798 (8th Cir. 1992) (citing

*Swift & Co. v. United States,* 276 U.S. 311, 331-32 (1928)), and "DOJ is not required

to give detailed reasons for its settlement decisions in each case."  *Slovacek v.*

*United States,* 40 Fed. Cl. 828, 833 (Fed. Cl. 1998) (citing *Bergh v. Dep't of Transp.,*

794 F.2d 1575, 1577 (Fed. Cir. 1986)).

   In addition, Plaintiff is wrong to suggest that he cannot be disqualified

because the one-year disqualification provision, 7 C.F.R. § 278.6(e)(4), does not

explicitly mention his conduct.  *See* Shipman Affirm. ¶ 11.  FNS has discretion to

impose a disqualification for *any* violation of the Food and Nutrition Act or Program

regulations.  *See* 7 C.F.R. § 278.6(a) ("FNS may disqualify any authorized retail food

store . . . from further participation in the program if the firm fails to comply with

the Food Stamp Act of 1977, as amended, or this part.").  The least onerous

disqualification is a six-month disqualification for "violations *such as but not limited*

*to* the sale of common nonfood items due to carelessness or poor supervision by the

firm's ownership or management."  *Id.* § 278.6(e)(5) (emphasis added).  As Plaintiff

admitted to repeatedly accepting Program benefits for items bought on store credit,

FNS did not act arbitrarily or capriciously in determining that the violations did not

result from carelessness or poor supervision.

The next step up is a one-year disqualification for "violations *such as* the sale of common nonfood items in amounts normally found in a shopping basket . . . ." *Id.* § 278.6(e)(4) (emphasis added). This regulation is a "catch-all" provision, similar to section 278.6(e)(5), but without a "carelessness" or "poor supervision" component. Given Plaintiff's admissions, it was not arbitrary or capricious for FNS to impose a one-year disqualification based on the plain language of section 278.6(e)(4) alone.[2] The sanction also was consistent with Chapter 10 of FNS Handbook 318, which provides that the acceptance of Program benefits for items sold on store credit is a violation "as serious as the outright sale of common ineligible items." *See* Declaration of Joseph N. Cordaro, dated July 11, 2008, Ex. D § 1021(A)(5). While Plaintiff makes the unsupported argument that the disqualification was improper because FNS Handbook 318 was not disclosed to him, *see* Affidavit of Franklyn F. Lugo in Opposition, dated Aug. 7, 2008, ¶ 3, section 278.6(e)(4) in broad enough to encompass Plaintiff's conduct, and FNS may impose a disqualification for *any* violation of Program regulations. *See* 7 C.F.R. § 278.6(a).

Finally, FNS's decision not to impose a civil money penalty was not arbitrary or capricious. The agency determined that hardship to Program households was not an issue because several competing stores are located within one mile of Plaintiff's

---

[2]    While FNS may "[s]end the firm a warning letter if [the] violations are too limited to warrant a disqualification," 7 C.F.R. § 278.6(e)(7), the agency acted within its discretion to the extent it concluded that Plaintiff's repeated violations of 7 C.F.R. § 278.2(f) were not "limited" in nature.

store.  *See* A.R. at 6, 151-55; Cordaro Decl., Ex. E-H.[3]  Plaintiff mounts no serious

challenge to this determination, except for *ipse dixit* contentions that his store is

more convenient than the other stores, and that high numbers of indigents would

not have access to those stores.  *See* Lugo Aff. ¶¶ 5-6.  Of course, "bald assertion[s],

completely unsupported by evidence," cannot defeat a motion for summary

judgment.  *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir. 1991).  And assuming these

arguments had any merit, the decision to impose a civil money penalty is entirely

discretionary, *even if* the agency finds that the disqualification would cause

hardship to Program households.  *See* Gov't Br. at 13 (quoting 7 U.S.C. § 2021(a)

and 7 C.F.R. § 278.6(f)(1)).

   An agency's decision is not arbitrary or capricious unless it is "unwarranted

in law or without justification in fact."  *Willy's Grocery,* 656 F.2d at 26.  Plaintiff's

disqualification from the Program for one year comported with the applicable

regulations and FNS guidelines and thus was not arbitrary or capricious.  For these

reasons, and for the reasons indicated in the Government's opening brief, the Court

should not disturb the sanction.

## II.    PLAINTIFF IS NOT ENTITLED TO ADDITIONAL DISCOVERY CONCERNING PREVIOUS FNS CASES

   Despite the Court's order denying Plaintiff's application for pre-motion

discovery, *see Lugo,* slip op. at 1-2, Plaintiff argues that summary judgment cannot

be granted because he is entitled to discovery on "all the cases for the past ten years

---

[3]    The Administrative Record ("A.R.") appears in the record at Exhibit A to the
       Cordaro Declaration.

in which the agency has imposed the discipline of civil monetary penalty (CMP) in

lieu of a one (or other) year disqualification, in addition to its case deliberation

notes, sheets, file folder jackets, etc." Shipman Affirm. ¶ 15. This argument is

based on a misconception of Second Circuit law, particularly *Lawrence v. United

States,* cited *supra.*[4]

In *Lawrence,* FNS imposed a one-year disqualification for the sale of

ineligible items, which the district court reduced to six months under the arbitrary

and capricious standard. *Lawrence*, 693 F.2d at 275-76. The Second Circuit held

the original disqualification permissible and reinstated it. *Id.* at 276. The issue

was whether the store's violations met the definition of the term "policy" in a

previous version of 7 C.F.R. § 278.6(e)(2), thereby triggering the one-year

disqualification. *See Lawrence,* 693 F.2d at 276. According to the applicable FNS

Instructions, the answer to this question turned on whether four sales of "ineligible

items" had occurred, which could include three sales of "major non-grocery type

ineligible items," such as alcohol. *Id.* at 277. While noting tension between the

wording of the regulation and the Instructions, the Circuit nevertheless deferred to

"the settled policy of the Department of Agriculture," finding that "however much

violence it may do to section 278.6(e)(2), it does not transgress the arbitrary and

---

[4]    In addition, such a broad request may be subject to an assertion of the
deliberative process privilege by the Government. This privilege covers
"documents reflecting advisory opinions, recommendations and deliberations
comprising part of a process by which governmental decisions and policies are
formulated." *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975)
(citation and internal quotation marks omitted).

capricious standard of *Willy's Grocery* . . . because the Department (1) wrote it down

and (2) uses it all the time and against everyone." *Id.*

   While *Lawrence* addressed whether cases involving store "policy" were

subject to the same *calculation* of violations during the administrative process,

Plaintiff reads *Lawrence* as standing for the proposition that cases involving

Program violations must come to the same *resolution*. *See* Shipman Affirm. ¶ 13

("[T]his is the first time in twenty five years involving this law firm in Federal

Court *de novo* reviews of disqualifications wherein the agency has *not* settled the

action or pre action by means of substitution of a civil money penalty (CMP) in lieu

of disqualification . . . ."). The Second Circuit said no such thing. As previously

stated, the decision to settle a litigation involving Program violations rests with the

Department of Justice, which is under no obligation to explain its settlement

decisions. *See supra* at 3. In addition, Plaintiff's own submissions demonstrate that

FNS repeatedly and consistently applies its regulations, including section

278.6(e)(4), when making sanction determinations. *See* Shipman Affirm., Ex. L-U.

Plaintiff is not entitled to discovery concerning the Government's decisions to settle

previous cases involving Program violations—much less ten years' worth—nor can

he claim that he is unfairly prejudiced by the Government's decision to defend this

litigation rather than settle it. *See Gibson v. Lorillard Tobacco Co.,* No. 1:03-CV-

2433-ENV-LB, 2007 WL 295601, at *2 (E.D.N.Y. Jan. 29, 2007) ("Just as plaintiff

has the right to bring this action, defendant has the right to defend itself.").[5]

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its

motion for summary judgment be granted, and that the Court enter an order

dismissing Plaintiff's complaint.

Dated:    New York, New York
          August 29, 2008


                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendant*

                                 By:    ____s/ Joseph N. Cordaro_____
                                        JOSEPH N. CORDARO
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2745
                                        Facsimile:  (212) 637-2686
                                        Email: joseph.cordaro@usdoj.gov

---

[5]    Plaintiff also is not entitled to production of the remainder of FNS Handbook
       318 under Fed. R. Evid. 106.  *See* Shipman Affirm. ¶ 16.  Consistent with the
       Court's May 28, 2008 Order, the Government submitted the *entire chapter* of
       the Handbook entitled "Final Determinations[,] Disqualifications and Fines,"
       *see* Cordaro Decl., Ex. D, even though only one section of the chapter
       explicitly refers to the violations and sanction at issue in this case.

8
